UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MALIBU MEDIA, LLC,

    *Plaintiff*;

*vs.*

DAVID RICUPERO,

    *Defendant*.

No. 2:14-cv-000821

JUDGE ALGENON L. MARBLEY

MAGISTRATE JUDGE KEMP

**ANSWER & COUNTERCLAIM**

For his answer to the amended complaint filed Sep. 22, 2014 by plaintiff Malibu Media, LLC, defendant David Ricupero says that:

1. Defendant admits that the complaint purports to set forth an action for copyright infringement under the United States Copyright Act and seeks relief.

2. Defendant denies the allegations in Paragraph 2, and specifically denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant admits that Exhibit B to the Complaint purports to be a record of copyright registrations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies those allegations.

4. Defendant admits that the Court has jurisdiction over the subject matter of this action.



338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

5. Defendant admits that he resides in Ohio and that the Court has personal jurisdiction over this action. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies those allegations.

7. Defendant admits that venue is properly founded in this District. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9. Defendant admits that he is over the age of 18 and resides in this District.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies those allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of



HUBCITY LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

the allegations in Paragraph 16, and therefore denies those allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21. Defendant denies the allegation in Paragraph 21 that IPP downloaded from the Defendant one or more bits of each file listed on Exhibit A. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies those allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies those allegations.

23. Defendant admits that Exhibit B to the Complaint purports to be a record of hit dates, dates of first publication, registration dates, and registration numbers issued by the U.S. Copyright Office. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies those allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies those allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies those allegations.

26. Defendant denies the allegations in Paragraph 26.



HUBCITY
LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

— ANSWER & COUNTERCLAIM —

27. The allegations in Paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

28. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies those allegations.

29. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies those allegations.

30. In response to the allegations in Paragraphs 1-29, Defendant incorporates herein his above responses.

31. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies those allegations.

34. Defendant denies the allegations in Paragraph 34(A)-(D).

35. The allegations in Paragraph 35 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

36. Defendant requests a jury trial on all issues.

## PRAYER FOR RELIEF

37. Defendant denies that Plaintiff is entitled to any relief it seeks in its prayer for relief



HUBCITY LAWGROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

and request for judgment.

### AFFIRMATIVE DEFENSES

Without undertaking or otherwise shifting any applicable burden of proof, defendant David Ricupero asserts the following defenses. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(No Infringement)**

Defendant has not engaged in or contributed to any infringement of the copyrights alleged.

### THIRD AFFIRMATIVE DEFENSE
**(Misuse of Copyright)**

Plaintiff's claims are barred by the doctrine of misuse of copyright.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure to Join Indispensable Parties)**

Plaintiff has failed to join indispensable parties and notify the court of related matters.

### FIFTH AFFIRMATIVE DEFENSE
**(One Satisfaction Rule/Statutory Relief Not Available)**

The one-satisfaction rule operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury. Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 to the extent that plaintiff has already recovered for alleged



HUBCITY LAWGROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

— answer & counterclaim —

infringements in prior actions.

### SIXTH AFFIRMATIVE DEFENSE

(Invalidity or Unenforceability of Copyright)

Plaintiff's claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

### SEVENTH AFFIRMATIVE DEFENSE

**(Innocent Intent)**

Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

### EIGHTH AFFIRMATIVE DEFENSE

**(No Willful Infringement)**

Any infringement by Defendant was innocent and not willful.

### NINTH AFFIRMATIVE DEFENSE

**(Acquiescence)**

Plaintiff's claims are barred by the doctrine of acquiescence.

### TENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct.



HUBCITY
LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

### ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff is not entitled to equitable relief, as it is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties. Defendant has been personally injured by Plaintiff's said conduct, which continued at least through the time of filing of this action.

### TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Volitional Act)

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

To the extent Plaintiff suffered any damages attributable to Defendant, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Not Warranted)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening Causes)

Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages



HUBCITY LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

— answer & counterclaim —

sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

### COUNTERCLAIMS AGAINST MALIBU MEDIA, LLC

By way of counterclaim against Malibu Media, LLC, defendant and counterclaimant David Ricupero says that:

### THE PARTIES

38. Defendant is an individual residing in Ohio.

39. Plaintiff/Counter-defendant, Malibu Media, LLC, (*d/b/a* "X-Art.com") is a limited liability company organized and existing under the laws of the State of California, having its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015.

### JURISDICTION & VENUE

40. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the U.S. Constitution, and arise out of common facts, transactions, or occurrences as provided under Rules 13 and 20 of the Federal Rules of Civil Procedure.

41. This Court has personal jurisdiction over Plaintiff. Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

42. Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.



HUBCITY LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

## GENERAL BACKGROUND FOR ALL COUNTERCLAIMS

43. Plaintiff has made a business model out of pornographic copyright infringement litigation. Plaintiff has filed in excess 2,000 lawsuits nationwide, against thousands of defendants, all of which allege the infringement of various pornographic copyrights via BitTorrent.

44. Throughout 2012, Plaintiff's practice was to join as many defendants as possible into a single case. In such cases, Plaintiff alleged that all of the defendants involved in downloading a given file were jointly and severally liable for the resulting infringement.

45. Plaintiff has previously acknowledged that an IP address alone is insufficient to identify an infringer, and other courts have ruled an IP address alone is insufficient to bring a claim for infringement.

46. Some of the films/copyrights at issue in the present litigation have been the subject of litigation in other actions brought by the Plaintiff.

47. Plaintiff's law firm is Lipscomb, Eisenberg & Baker, of Miami, Florida. Lipscomb, Eisenberg & Baker drafts the pleadings and steers the litigation of Plaintiff's lawsuits, using local counsel to file and appear at hearings.

48. Using that model, Plaintiff systematically sues defendants for infringement, and then seeks settlements.

49. The average settlement demand from the Plaintiff is $20,000 per defendant.

50. Ample evidence exists that Plaintiff has already concluded hundreds if not thousands of "settlements" with various defendants across the country, many for the exact same copyrights at issue here.

51. As a whole, it is likely that Plaintiff has reached the statutory maximum for many of the copyrights it accuses Defendant of infringing.



HUBCITY
LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

— answer & counterclaim —

52. Plaintiff produces and/or distributes pornographic movies, available through the X-Art.com website. The movies feature young-looking people, some of whom are marketed as "teens," engaged in actual, graphic sexual intercourse.

53. Plaintiff's movies, including the titles at issue in this lawsuit, are subject to the detailed record-keeping requirements of 18 U.S.C. § 2257 a law designed to prevent child pornography by ensuring that porn producers keep and maintain records confirming that performers engaging in sexual conduct are at least 18 years old. Violation of § 2257 is a crime, punishable as a felony.

54. In order to comply with § 2257 requirements, most of the smaller porn producers use professional, third-party custodians of records.

55. Per the legal notice on the X-Art.com website as of November, 2013, Plaintiff, does not utilize a professional, third-party custodian of records. Rather, the custodian of records is identified as "B. Field, 409 W. Olympic Blvd., Suite 501, Los Angeles, CA 90015." Brigham Field is the Plaintiff's founder.

56. Many of the performers in Plaintiff's copyrighted works are young females, some of whom are marketed as "teens," and a substantial number of whom hail from former-Soviet-block countries, such as the Czech Republic, Slovakia, Russia, Hungary, and Romania — countries with much less stringent, and often ignored, record keeping requirements.

57. On the basis of Paragraphs 15-19 above, it is possible the § 2257 records for certain of the pornographic movies at issue in the Complaint may be incomplete, deficient, or fabricated.

58. Plaintiff's technical expert is IPP Limited ("IPP"). IPP operates under a number of aliases including Guardaley and Anti-Piracy Management Company.



338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

— answer & counterclaim —

59. IPP is responsible for and collecting the computer forensic evidence that serves as the basis for this suit.

60. IPP, operating as Guardaley, was found by a German court to be initially seeding its clients' content onto BitTorrent. If true here as well, and assuming Defendant did download (which he did not) this would constitute an implied license.

61. IPP, operating as Anti-Piracy Management Company, is currently under scrutiny in another matter because it has been unwilling or unable to produce forensic evidence.

62. On the basis of Paragraphs 21 to 24 above, IPP may be responsible for initially seeding Plaintiff's content and the purported evidence that serves as the basis for this suit may not exist.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

63. Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

64. There is an actual and justiciable controversy between the parties regarding alleged direct copyright infringements.

65. Internet service providers assign numerical Internet Protocol ("IP") addresses to, among other things, the routers used by Internet subscribers to access the network.

66. An IP address does not identify the computer connecting to the router assigned that IP address. Nor does it identify the person using that computer, router or Internet connection.

67. Plaintiff's allegation that a given IP address was used for infringing acts is not sufficient to support claims of infringement against the Defendant.

68. Plaintiff has previously acknowledged that an IP address alone is insufficient to identi-



HUBCITY
LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

fy an infringer.

69. Defendant has not infringed Plaintiff's alleged copyrights listed in Exhibit B. Plaintiff cannot knowingly claim otherwise.

70. Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyrighted works.

## SECOND COUNTERCLAIM
### (Abuse of Process)

71. Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

72. Plaintiff made knowing misrepresentations in its summons filed against Defendant. Plaintiff pleaded claims for copyright infringement despite knowing that an IP address alone is insufficient to identify an infringer. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were likely unavailable.

73. In filing its complaint, Plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose in an attempt to obtain a result not intended by law, to wit: 1) to extract money from the Defendant by leveraging the lawsuit as a form of public disparagement and humiliation; and 2) monetary damage relative to the expense of defending this frivolous action.

74. Plaintiff completed service on the Defendant September 30, 2014.

75. Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

76. Plaintiff intentionally failed to disclose and concealed pertinent and material infor-



HUBCITY LAWGROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

mation regarding Plaintiff's knowledge of the falsity of certain claims and the ulterior or illegitimate purpose for which the complaints and summons were employed.

77. Specifically, Plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

    a. Plaintiff was not a party to the assignment, and had no standing to bring any claims;

    b. Plaintiff instituted the original action without any genuine intent to proceed against the Defendant herein, but rather as a vehicle to obtain discovery of the identity and contact information of Defendant and others;

    c. Plaintiff knows it has no basis for naming the Defendant as the infringer, yet continues to assert the claims against him;

    d. Plaintiff assert its claims in order to influence the conduct of the Defendant in ways that are not related to the merits of its claims;

    e. Plaintiff used the completed service to publicly shame the Defendant; and

    f. Plaintiff intends the current action to hang as a sword over Defendant's head, to extort unwarranted payments to settle claims not supportable as a matter of law.

78. Plaintiff's service of process facilitated these ulterior purposes.

79. As a direct and proximate result of the Plaintiff's conduct, Defendant has been forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

80. Plaintiff's actions were performed knowingly, intentionally and maliciously, by reason of which Defendant is entitled to an award of compensatory and punitive damages in amounts not presently known, but to be proven at trial.



HUBCITY
LAW GROUP
338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

## PRAYER FOR RELIEF

WHEREFORE counterclaimant David Ricupero respectfully demands judgment against Malibu Media, LLC as follows:

A. That Plaintiff take nothing by the complaint and that the same be dismissed with prejudice;

B. Declaring that Defendant/Counterclaimant is not liable for directly infringing Plaintiff's copyright;

C. That Plaintiff has misused its copyrights and that they should be invalidated;

D. Awarding Defendant/Counterclaimant his costs and reasonable attorneys' fees incurred this action;

E. Awarding Defendant/Counterclaimant all damages that he has sustained as a consequence of Malibu's acts complained of herein; and

F. Granting such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant/counterclaimant David Ricupero demands a trial by jury as to all issues so triable.



338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com

20-Oct-2014

Respectfully submitted,

By: _____
Joseph A. Bahgat (0082116)
BAHGAT & BAHGAT LLC
338 South High Street
Columbus OH 43215
877 721 9027 phone/fax
joe@hubcitylawgroup.com

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge MA 02139

(617) 250-8619
jsweet@boothsweet.com
*Pro Hac Vice Appearance to be filed*

*Attorneys for Defendant/Counterclaimant*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed using the CM/ECF system, and that the following counsel of record were served with notice of the same:

Yousef M. Faroniya  yfaroniya@gmail.com
*Attorney for Plaintiff*



_____
JOSEPH A. BAHGAT



338 South High Street
Columbus OH 43215
877 721 9027
www.hubcitylawgroup.com