UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---

MALIBU MEDIA, LLC,

        Plaintiff,

vs.

DAVID RICUPERO,

        Defendant.

Civil Case No.: 2:14-cv-00821-ALM-TPK

---

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIMS**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an order dismissing Defendant's counterclaims with prejudice, and in support states:

### I. INTRODUCTION

Defendant's counterclaims fail to state a plausible claim for relief and should, be dismissed. Defendant's First Counterclaim for Declaratory Judgment of Non-Infringement is repetitious and unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and enforceable and whether Defendant is liable for the alleged infringement. Sixth Circuit precedent makes clear that counterclaims that are merely answers or defenses are *not* independent pieces of litigation, and should be dismissed. Defendant's Second Counterclaim for Abuse of Process likewise fails to state a claim because Defendant cannot meet the elements for Abuse of Process as set forth by Ohio law. For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's

counterclaims.

II.    LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *In re Honda of Am. Mfg., Inc. ERISA Fees Litig.*, 2009 WL 3294828, at *1 (S.D. Ohio Oct. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005)).

III.    ARGUMENT

    A. Defendant's Counterclaims Fail to State a Claim for Relief

        1. **Defendant's First Counterclaim (Declaratory Judgment of Non-Infringement) Fails to State a Claim for Relief**

Defendant's First Counterclaim fails and should be dismissed because it is redundant and merely addresses the same issues already presented in the Complaint. The decision to grant a declaratory judgment is entirely within the Court's discretion. "'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *Bortz v. DeGolyer*, 904 F. Supp. 680, 685 (S.D. Ohio 1995) (quoting *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112,

2

(1962)). "There are two general principles or criteria for ascertaining whether a declaratory ruling is appropriate. A declaratory judgment is favored '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relationships in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' If neither of these goals can be accomplished, the court should decline to issue a declaratory judgment." *Id*. (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990) (abrogated on other grounds).

Further, "when a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose." *Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289 (6th Cir. 1987) (affirming the District Court's denial of a defendant's motion for leave to amend its answer to add a redundant counterclaim). *See also e.g., John Evans Sons, Inc. v. Majik-Ironers, Inc.,* 95 F.R.D. 186, 190 (E.D. Pa. 1982) (if a counterclaim merely restates the controversy set forth in the complaint it may be stricken as redundant); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find him or her not liable and validate either the denial of liability or affirmative defenses already pleaded. In this regard

Defendant's first counterclaim does nothing to clarify and settle the legal relationships in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Defendant's counterclaim is a mere mirror-image of the allegations in Plaintiff's complaint and accordingly, it should be dismissed.

Further, a valid counterclaim "is not directed at the allegations of the complaint but rather is an independent claim for relief." *Weakley Cnty. Bd. of Educ. v. H. M.,* 2009 WL 3064885, at *6 (W.D. Tenn. 2009). Defendant's counterclaim does not contain an independent claim for relief. Indeed, Defendant's counterclaim adds nothing to the pleadings already put before this Court since he seeks only a declaration that he did not infringe Plaintiff's works and requests"[t]hat Plaintiff take nothing by the complaint and that the same be dismissed with prejudice." Counterclaim, p. 15, ¶¶ A, B. As stated above, both of these goals will be accomplished should Defendant prevail at trial. Defendant's mere denials of liability provide no basis for an independent action and accordingly, his first counterclaim should be dismissed.

### 2. Defendant's Second Counterclaim (Abuse of Process) Fails to State a Claim for Relief

Defendant's Second Affirmative Defense likewise fails to state a claim for relief. "To establish a claim for abuse of process under Ohio law, a plaintiff must allege the following: '(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.'" *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St.3d 294, 626 N.E.2d 115, 116 (1994). "'[I]n order to show the process was perverted to accomplish an ulterior purpose, [plaintiffs] must show both an act committed during the process that was not proper in the normal context of the proceeding and the [defendants']

4

ulterior motive.'" *Beamer v. NETCO Inc.*, 411 F. Supp. 2d 882, 890 (S.D. Ohio 2005).

Here, Defendant's counterclaim fails to allege that the proceeding was perverted to accomplish an ulterior purpose for which it was not designed. Defendant has pointed to no action by Plaintiff that was not proper in the normal context of the proceeding. The only actions taken by Plaintiff in this case to date were: (1) filing a complaint against a Doe Defendant for infringement of twenty-six (26) of its copyrighted audiovisual works; (2) seeking leave to obtain early discovery in order to identify the Doe Defendant; (3) subpoenaing Defendant's ISP to obtain his identity pursuant to this Court's Order authorizing Plaintiff to do so; (4) filing an Amended Complaint against the Defendant and serving him. None of these actions are improper in the normal context of the proceeding. Indeed, "'[t]here is no liability [for abuse of process] where the [party] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.'" *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999) (quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St.3d 294, 626 N.E.2d 115, 116 (1994)). Plaintiff has not perverted any process and has no bad intentions; it merely filed a copyright infringement lawsuit to protect its copyrights and seek some redress for Defendant's multiple infringements.

To the extent Defendant alleges that Plaintiff's ulterior purpose is to use this litigation as a means to extort money, Defendant's allegations are conclusory and not supported by any plausible facts. *See* Answer and Counterclaim, pp. 12-14. Defendant states, without any conceivable basis, that Plaintiff has attempted to "extract money from the Defendant by leveraging the lawsuit as a form of public disparagement and humiliation." Answer and Counterclaim ¶ 73. Yet, Defendant has not and cannot point to any evidence of abuse or harassment in this case. Plaintiff has never contacted Defendant or offered him a settlement.

5

Moreover, Defendant's allegations are further undermined by the fact that Plaintiff's policy is to never oppose a Defendant's request to proceed anonymously.  Defendant's allegations that Plaintiff leverages lawsuits "as a form of public disparagement" are not only conclusory, but they are simply not true.  Answer and Counterclaim, ¶ 73.  If Defendant wished to remain anonymous, he could have requested to do so.  Indeed, he can still file a motion to do so and Plaintiff will not object.

Contrary to Defendant's baseless assertions, numerous courts throughout the country have expressly found that Plaintiff does not engage in improper litigation tactics.  For example, after concluding trial with Plaintiff, the Honorable Judge Baylson found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). Similarly, the Honorable Judge Hegarty of the District of Colorado stated: "the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. 2013).  Other courts have also opined that the criticism Plaintiff receives is unwarranted.  "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013).  *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright

owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).

Defendant's counterclaim is nothing more than a conclusory and "formulaic recitation of [the] cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). The allegations have not "raise[d] a right to relief above the speculative level." *Id.* Accordingly, Defendant's counterclaim for Abuse of Process must be dismissed.

### 3. Allegations Regarding 18 U.S.C. § 2257 Are Irrelevant to Defendant's Counterclaims

Defendant incorrectly and frivolously alleges through a series of conclusory allegations that "it is possible the § 2257 records for certain of the pornographic movies at issue in the Complaint in this action may be incomplete, deficient, or fabricated." Counterclaim, at ¶ 57. Defendant's allegations are false and have no bearing on either of his two counterclaims.

18 U.S.C. § 2257 is a statute that requires the creation and maintenance of "individually identifiable records pertaining to every performer" portrayed in a visual depiction of sexually explicit conduct that is "produced in whole or in part with materials which have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce." 18 U.S.C. § 2257 (a)(1), (2). Even if Plaintiff failed to keep accurate records in compliance with the statute – which it has not – this fact would not support either of Defendant's counterclaims. Compliance with the record keeping requirements of § 2257 is not a condition precedent to enforcing Plaintiff's copyrights. Indeed, the Copyright Act does not mention § 2257 records and places no restrictions on the

7

content of copyrightable material.[1]  Accordingly, Defendant's false allegations are irrelevant.

### 4. IPP Has Never Seeded Plaintiff's Movies and Defendant's Allegations Regarding Same Do Not Support His Counterclaims

Based upon unclear and incomplete information pertaining to a different company[2], Defendant attempts to allege that "IPP . . . may be responsible for initially seeding Plaintiff's content onto BitTorrent in the first place." Answer and Counterclaim, ¶¶ 58-62.  Again, Defendants allegations are false speculation that do not support either of his counterclaims.  The allegations are also belied by documents already filed in this case.  *See* Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference, CM/ECF 2-4, at ¶ 13 ("At no point did IPP distribute any of Plaintiff's copyrighted works.  INTERNATIONAL IPTRACKER is designed in such a way to prevent any distribution of copyrighted content."); *see also* Declaration of Collette Field in Support of Plaintiff's Motion for Leave to Take Discovery Prior to a Rule 26(f) Conference, CM/ECF 2-1, "We have never authorized anyone to put our works on a torrent website."  In light of the foregoing, Defendant has not alleged sufficient factual matter to nudge his claims across the line from conceivable to plausible, and accordingly the Court must dismiss Defendant's counterclaims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007).

---

[1] Courts have universally held that adult content is copyrightable. *See Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F. 2d 852 (5th Cir. 1979) (emphasizing that pornography is copyrightable and that owners of the copyrights covering pornographic works should be afforded the same rights under the Copyright Act as anyone else.); 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.17 (2008) ("no works are excluded from copyright by reason of their content."); *Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973) (same); *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) (same).  Neither the Copyright Act nor § 2257 makes maintaining these records a requirement for obtaining a valid copyright.  To the contrary, Plaintiff obtains copyrights without having to submit these records to the Copyright Office.  The two Acts are entirely independent of each other and serve different functions.  Indeed, the penalty for failing to comply with § 2257 would not be the loss of a copyright but rather, criminal punishment as prescribed by the statute.

[2] Defendant's allegations are based upon allegations made by a defendant in a different case.  In that very case, the judge found, as a matter of fact, that Guardaley did not seed the works and was incapable of seeding.

### B. Defendant Lacks Standing to Argue for the Invalidation of Plaintiff's Copyrights

Defendant argues "[t]hat Plaintiff has misused its copyrights and that they should be invalidated" because "Plaintiff was not a party to the assignment, and has no standing to bring any claims." Answer and Counterclaim, ¶ 77, p. 14. Defendant's request for the Court to invalidate Plaintiff's copyrights is improper and fails on numerous grounds. Significantly, none of the copyrights at issue in this lawsuit have been assigned. The works at issue were created pursuant to work made for hire agreements for Malibu Media, LLC. As such, Plaintiff owns the copyrights outright. Since none of the copyrights were assigned, Defendant's frivolous argument fails.

Regardless, even if there were issues with assignments—which there are not—Defendant, as a third party infringer, lacks standing to challenge any of Plaintiff's assignments. Thus, the Court must deny Defendant's request to invalidate Plaintiff's copyrights. When there is no dispute between the parties transferring copyrights, "the cases are legion holding that a third-party infringer lacks standing to invoke § 204." *Rottlund Co., Inc. v. Pinnacle Corp.*, 2004 WL 1879983 (D. Minn. 2004) (citing a list of cases holding the same.)

Courts throughout the Sixth Circuit have held numerous times that a third party infringer lacks standing to challenge Plaintiff's assignment agreements. "A certificate of copyright registration is prima facie evidence of ownership of a valid copyright… Defendants may not rebut this presumption. Numerous courts have held that when there is no dispute between the author of a copyright and a transferee, third-party infringers cannot rely on 17 U.S.C. § 204(a) to escape suit." *Design Basics, L.L.C. v. DeShano Companies, Inc.*, 2012 WL 4321313 (E.D. Mich. 2012) (internal citations omitted). "In this case, in which the copyright holder appears to have no dispute with its licensee on this matter, it would be anomalous to permit a third party infringer to

9

invoke this provision against the licensee." *Great S. Homes, Inc. v. Johnson & Thompson Realtors*, 797 F. Supp. 609, 611 (M.D. Tenn. 1992).

Here, because there are no assignments, there is no dispute as to the copyright owner. Indeed, Defendant's allegations do not even describe how Plaintiff's copyrights could be invalid. Accordingly, this Court should deny Defendant's requested relief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaims with prejudice.

DATED: November 10, 2014.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electrically filed using the CM/ECF system, and that the following counsel of record were served with notice of the same: Joseph A. Bahgat, joe@hubcitylawgroup.com and Jason E. Sweet jsweet@boothsweet.com.

By:   /s/ *Yousef M. Faroniya*