UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---------------------------------------------------------------X
                                             :
MALIBU MEDIA, LLC,                :
                                             : Civil Case No.: 2:14-cv-00821-ALM-TPK
                Plaintiff,              :
                                             :
              vs.                       :
                                             :
DAVID RICUPERO,                  :
                                             :
                Defendant.            :
                                             :
---------------------------------------------------------------X

**PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES**

      Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f), hereby files its Motion to Strike Defendant's Affirmative Defenses, and in support states:

**I.    INTRODUCTION**

      Defendant's Answer and Counterclaim to Plaintiff's Amended Complaint was filed October 20, 2014 and asserts fifteen (15) affirmative defenses against Plaintiff's Amended Complaint.  Defendant's Fourth and Fifth Affirmative Defenses cannot succeed under any circumstances.  Accordingly, they should be stricken.  First, Plaintiff has not failed to join an indispensable party.  Under well-settled interpretations of Fed. R. Civ. P. 19 there are no other parties required to be joined as a matter of law.  Next, Defendant's Fifth Affirmative Defense misconstrues the Copyright Act.  Statutory damages are awardable per infringement per case. Any recovery of statutory damages Plaintiff may have obtained in other cases against other defendants does not bar Plaintiff from recovering statutory damages in this case against this

Defendant.  For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant the subject Motion.

## II. LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "With respect to affirmative defenses, a motion to strike is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" *U.S.S.E.C. v. Thorn*, 2002 WL 31412440, at *2 (S.D. Ohio 2002) (*quoting Ameriwood Industries Int'l Corp. v. Arthur Andersen & Co.,* 961 F .Supp. 1078, 1083 (W.D.Mich.1997)).  "Further, the motion is proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Id.*  Motions to strike should be granted as to those defenses "so legally insufficient that it is beyond cavil that defendants could not prevail on them." *United States v. Pretty Products, Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (*quoting United States v. Kramer,* 757 F.Supp. 397, 410 (D.N.J.1991)).  Granting a motion to strike is also proper where "the pleading to be stricken has no possible relation to the controversy." *Joe Hand Promotions, Inc. v. Havens*, 2013 WL 3876176, at *1 (S.D. Ohio 2013) (*quoting Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953) and *Morrow v. South,* 540 F.Supp. 1104, 1111 (S.D.Ohio 1982)).

## III. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

### A. Defendant's Fourth Affirmative Defense (Failure to Join Indispensable Parties) Should be Stricken

For his Fourth Affirmative Defense, Defendant asserts that "Plaintiff has failed to join indispensable parties and notify the court of related matters."  Affirmative Defenses ("Aff. Def."), CM/ECF 7, at p. 5.  Defendant's Fourth Affirmative Defense should be stricken because

Plaintiff has not failed to join an indispensable party and Defendant fails to identify or allege who the purported indispensable party that Plaintiff has failed to join might be. *See e.g. Joe Hand Promotions, Inc. v. Havens*, 2013 WL 3876176, at *3 (S.D. Ohio 2013) (striking affirmative defense, holding "Defendant fails to identify any alleged indispensable party and utterly fails to explain why any such party cannot be joined . . . Under these circumstances . . . the *Motion to Strike* is meritorious."). *See also e.g. Hammer v. Peninsula Poultry Equip. Co., Inc.,* 2013 WL 97398, at *7 (D. Md. 2013) (same, holding "this particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined.") Here, Defendant clearly failed to plead such information.

Further, there are no additional parties required to be joined as a matter of law. Under Fed. R. Civ. P. 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)     in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B)     that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>        (i)     as a practical matter impair or impede the person's ability to protect the interest; or
>
>        (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* Here there are no persons required to be joined according to Rule 19 because "[t]o prevail against [Defendant], Malibu needs to prove that [he] downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to 'accord complete

relief' whether or not" other unknown individuals are present. *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at 84 (D. Colo. 2013) (same).

Although Defendant failed to identify the alleged indispensable parties, to the extent Defendant's affirmative defense is aimed at other alleged infringers who took part in the BitTorrent swarms, "Defendant's belief that 'other alleged infringers have not, and must, be joined in this lawsuit is debunked by the well-settled interpretations of Rule 19(a).'" *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. 2013). Other "unnamed swarm members need not be joined as parties." *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). BitTorrent Peers, as joint tortfeasors, are not necessary parties under Rule 19. *Id.*, ("joint tortfeasors are neither necessary parties under Rule 19(a) nor indispensible parties under Rule 19(b).") To explain, "copyright [infringement] is a strict liability tort." 5 Patry on Copyright § 17:167. *See also e.g. Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ("Copyright infringement is a . . . tort"). Here, Plaintiff alleged Defendant directly infringed Plaintiff's copyrights by: (a) downloading a complete copy of Plaintiff's works from other peers via BitTorrent; and (b) distributing pieces of Plaintiff's works to other peers (as evidenced by its distribution of pieces to IPP, Plaintiff's investigator.) If Plaintiff proves its case, Defendant is individually liable for this direct infringement.

It is well settled, black letter, tort law, that joint tortfeasors are *not* necessary parties. *See Temple v. Synthes Corp.*, Ltd. 498 U.S. 5, 6 (1990) ("It has long been the law that it is not

necessary for all joint tortfeasors to be named in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that 'a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.' 28 U.S.C.App., p. 595.") This rule has been applied in copyright cases. *See e.g., Interscope Records v. Duty* 2006 WL 988086, *2 (D. AZ 2006) ("Duty also argues that the alleged infringement would not have been possible without the use of Kazaa [a peer to peer file sharing service], and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. . . .," citing, *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7-8, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F.Supp.2d 1131, 1142 (N.D.Okla.2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability. A tortfeasor considered to have 'joint and several' liability is simply a permissive party to an action against another with like liability. Because a co-tortfeasor is simply allowable but not necessary for a copyright violation, they are by nature also not indispensable parties.")

Because Plaintiff has not failed to join an indispensable party, Defendant's Fourth Affirmative Defense fails as a matter of law and should be stricken.

**B. Defendant's Fifth Affirmative Defense (One Satisfaction Rule/Statutory Relief Not Available) is Legally Insufficient**

Defendant's Fifth Affirmative Defense fails as a matter of law and accordingly should be stricken. For his Fifth Affirmative Defense, Defendant argues that, "Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 to the extent that [P]laintiff has already recovered for alleged infringements in prior actions." Aff. Def., pp. 5-6. Defendant's Fifth Affirmative Defense misconstrues the law.

17 U.S.C. § 504(c) states that there are maximum statutory damages per work, per case:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages <u>for all infringements involved in the action, with respect to any one work</u>, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . as the court considers just.

*Id.* Defendant's argument "severely misreads the statute. Because Plaintiff has not received any award for actual damages in this action, 17 U.S.C. § 504(c)(1) does not bar Plaintiff from pursuing its claim for statutory damages." *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *2 (D. Colo. Apr. 5, 2013) *report and recommendation adopted*, 2013 WL 2115236 (D. Colo. 2013) (striking affirmative defense). This "action" has not gone to trial. Obviously, therefore, Plaintiff has not been "award[ed]" any statutory damages. Any recovery that Plaintiff may have obtained against other defendants in other cases does not bar Plaintiff from recovering against this Defendant in this case. To hold to the contrary would mean essentially that a copyright holder could only sue for the infringement of its work one time against one infringer and would have no recourse against other subsequent infringers if it received an award of statutory damages in the first case. Clearly such result is not supported by the Copyright Act. Defendant is individually liable for his infringement in this case and Plaintiff is entitled to pursue its claims against him. Accordingly, Defendant's Fifth Affirmative Defense cannot succeed under any circumstances and should be stricken.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

/s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Yousef Faroniya*

7