IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Malibu Media, LLC,                :

      Plaintiff,           :

    v.                           :     Case No. 2:14-cv-821

                               :

John Doe,                         :     Magistrate Judge Kemp

      Defendant.           :

## OPINION AND ORDER

This matter is before the Court on Malibu Media's motion to dismiss Defendant's counterclaims.  The motion is fully briefed. For the following reasons, Plaintiff's motion to dismiss (Doc. 9) will be granted.

I.

This case involves a claim of copyright infringement by means of BitTorrent file sharing technology.  In its amended complaint, Malibu alleges that defendant David Ricupero used BitTorrent technology illegally to obtain and distribute Malibu's copyrighted movies.  This allegation is based on evidence that an individual accessed and shared these copyrighted movies using Mr. Ricupero's IP address.  Malibu has identified twenty-six movies that are at issue in this case.  See Exhibits A and B to the Amended Complaint.

In his answer (Doc. 7), Mr. Ricupero asserts two counterclaims: (1) a request for a declaratory judgment that he did not infringe the copyrights; and (2) a claim for abuse of process.  In support of his declaratory judgment counterclaim, Mr. Ricupero alleges that an IP address is insufficient to identify an infringer.  The abuse of process claim is based on

allegations that Malibu brought the lawsuit to extract money from Mr. Ricupero and publicly humiliate him.

II.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim or counterclaim for failure to state a claim upon which relief can be granted.  To present a valid claim, a complaint must include direct or inferential allegations for all material elements required for recovery under a viable legal theory.  Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).  When evaluating a claim, the Court must accept the factual allegations as true, construe them in favor of the proponent, and determine whether the factual allegations present a plausible claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III.

In his first counterclaim, Mr. Ricupero requests a declaratory judgment that he is not an infringer. Malibu argues that such relief would be repetitions because it is a mirror-image to its copyright infringement claim and the issues raised in the counterclaim will necessarily be resolved upon adjudication of the infringement claim.  Mr. Ricupero contends that the requested declaratory judgment is an independent form of relief, and he further argues that he has requested declarations that the copyrights are invalid, that he had an implied license, and that Malibu has already recovered the maximum amount of statutory damages.

A counterclaim can be stricken as redundant when "there is

-2-

complete identity of factual and legal issues between the complaint and the counterclaim." Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust, 674 F. Supp. 2d 562, 566 (D. Del. 2009)(where the court did not find the counterclaim redundant because the counterclaims involve new facts and issues of law). When a defendant counterclaims for "declaratory judgment of non-infringement[, it] is no more than a restatement of Defendant's general denial of liability. This is not a pleading that complies with [minimum pleading requirements]." Malibu Media, LLC v. Does 1, 13, 14 and 16, 2013 WL 1702549, *10 (E.D. Pa. Mar. 6, 2013)(internal quotations omitted); see also Malibu Media, LLC v. Doe, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014). But if a defendant counterclaims for a judgment declaring that a copyright is invalid, the counterclaim is not redundant because adjudication of only plaintiff's copyright infringement claim could leave the defendant in fear of future actions. Riding Films, Inc. v. White, 2014 WL 3900236, at *3 (S.D. Ohio Aug. 11, 2014).

Here, Mr. Ricupero has labeled his first counterclaim "Declaratory Judgment of Non-Infringement." It states only that he "is entitled to a declaratory judgment … that he has not infringed the copyrighted works" (Doc. 7, ¶ 70). This counterclaim is a mirror-image of Malibu's claim that Mr. Ricupero infringed Malibu's copyright. The other matters which, according to Mr. Ricupero, go beyond the limits of the infringement claim, simply do not exist in his declaratory judgment counterclaim. Thus, the motion to dismiss (or strike) that counterclaim has merit.

IV.

In his second counterclaim, Mr. Ricupero asserts a claim for

-3-

abuse of process.  Malibu moves to dismiss this counterclaim, arguing that the counterclaim does not plead all the necessary elements to support such a claim under Ohio law.  The focus of the parties' argument is whether a desire to settle a claim is the kind of "ulterior motive" that can support a claim for abuse of process.

Under Ohio law, a claim for abuse of process must allege: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Hahn v. Star Bank, 190 F.3d 708, 718 (6th Cir. 1999) (citing Yaklevich v. Kemp, Schaeffer & Rowe Co., 68 Ohio St.3d 294, 626 N.E.2d 115, 116 (1994)).  To prove the second prong of the analysis, the party claiming abuse of process "must show both an act committed during the process that was not proper in the normal context of the proceeding and the [non-moving party's] ulterior motive." Beamer v. NETCO Inc., 411 F. Supp. 2d 882, 890 (S.D. Ohio 2005) (citing Wolfe v. Little, 2001 WL 427408, *3, 2001 Ohio App. LEXIS 1902 *7 (Ohio 2nd App.2001)).  Furthermore, "there is no liability [for abuse of process] where [a party] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Id., (citing Yaklevich, 626 N.E.2d at 188).

Here, the parties focus on the second prong of the analysis: whether Malibu brought the proceeding to accomplish an ulterior purpose.  In his counterclaim, Mr. Ricupero alleges that Malibu brought the claim to humiliate him and extract money from him. But he pleads no facts to support either assertion.  Furthermore, even if Malibu brought the lawsuit with the intention of settling

-4-

the case short of litigating it to conclusion, that purpose is not an ulterior motive because many claims are settled.  A successful copyright lawsuit would result in money damages, so seeking a settlement by filing a complaint does not qualify as an ulterior motive, especially when the defendant admits that the "legal proceeding has been set in motion in proper form and with probable cause." (Doc. 12 at 7-8). Further, the counterclaim does not identify any act committed during the process that was improper in the normal context of the proceeding, which is a necessary showing under Ohio law.

V.

For the reasons stated above, the motion to dismiss Defendant's counterclaims (Doc. 9) is **GRANTED**.  The Court strikes the counterclaim for declaratory relief as redundant and dismisses the abuse of process counterclaim for failure to state a claim upon which relief can be granted.

/s/ Terence P. Kemp
United States Magistrate Judge