UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-821 |
| vs. | ) |
| DAVID RICUPERO, | ) |
| Defendant. | ) |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE EXPERT REPORTS**

Casting aside the unsubstantiated aspersions directed toward the undersigned,[1] Plaintiff's Reply makes several unfounded assertions of fact and law.

**1. Plaintiff's Partial Report is Neither Timely Nor Compliant with Fed.R.Civ.P. 26.**

Plaintiff avers that "on February 23, 2015, Plaintiff timely served its Expert Witness List and Partial Report on Defendant." Doc. 28, p. 4. Plaintiff further contends:

> *Plaintiff's Partial Expert Report complies with Fed. R. Civ. P. 26.* Plaintiff only seeks to extend the expert report deadline to include results from the expert examination of Defendant's hard drives – hard drives which have yet to be produced despite Plaintiff's timely service of its discovery requests.

*Id.*, n. 1 (emphasis added).

To the contrary, Fed.R.Civ.P. 26 makes no allowance for "partial reports." However, substantive case law does exist addressing incomplete reports and their failure to comply with the Rule. Fed.R.Civ.P. 26(a)(2)(B); *Jeffries v. Ctr. Life Ins. Co.*, No. 02-cv-351, 2004 U.S. Dist. LEXIS 30769, *3-4 (S.D. Ohio Jan. 28, 2004) (holding an incomplete expert report should be stricken under Rule 37(c)(1)). See also *Anderson v. Caldwell County Sheriff's Office*, No. 09-cv-423, 2011 U.S. Dist. LEXIS 63103, *5-6 (W.D.N.C. June 13, 2011) (citing *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (D. Md. 1997) ("Pursuant to Rule 37(a)(4), an incomplete disclosure under Rule 26(a)(2)(B) is

---

[1] See e.g. *Gueye v. U.C. Health,* No. 13-cv-673, 2014 U.S. Dist. LEXIS 141834, *15 (S.D. Ohio Oct. 6, 2014) (striking *pro se* pleadings filed "without a basis in fact and law and which contain little but invective against … the opposing party, and opposing counsel. He has attacked the integrity, professionalism, and competence of opposing counsel."); *Kim v. United States Dep't of Labor*, No. 06-cv-683, 2007 U.S. Dist. LEXIS 99100, *3 (W.D. Mich. Dec. 12, 2007) ("Furthermore, plaintiff's brief disparages defendants' counsel, e.g., that "counsel intentionally lied and told half truth [sic] in court." Amended Brief at 4. The court has warned plaintiff that he must cease making such unfounded accusations in his court filings.").

treated as a failure to disclose.")); *Hernandez v. Creative Concepts*, No. 10-cv-02132, 2013 U.S. Dist. LEXIS 13350, *24 (D. Nev. Jan. 30, 2013) ("The court has the discretion to fashion an appropriate sanction for plaintiffs' incomplete expert report."); *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) ("If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, 'the degree and severity of which are within the discretion of the trial judge.'"); *Pineda v. City & County of San Francisco*, 280 F.R.D. 517, 522 (N.D. Cal. 2012) (precluding expert testimony under Rule 37(c)(1) for failure to timely comply with Rule 26(a)(2)(B)); *Guidry v. Ga. Gulf Lake Charles LLC*, 479 Fed. App'x. 642, 643 (5th Cir. 2012) (same); *Harmon v. Ga. Gulf Lake Charles LLC,* 476 Fed. App'x. 31 (5th Cir. 2012) (same); *Bennion v. United States*, No. 04-cv-614, 2006 U.S. Dist. LEXIS 92201, *18 (D. Idaho Dec. 18, 2006); *Yeti By Molly Ltd v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir. 2001)).

Indeed, given the volume of extensions[2] for expert reports the Plaintiff has sought in other matters, its unfamiliarity with Fed.R.Civ.P. 26(a)(2)(B) is dubious. A partial list of expert report extensions sought by Plaintiff includes:

*Malibu Media v. Butler*, No. 13-cv-02707 (D. Colo. 2013)
    b) Doc. 38 (Aug. 11, 2014)

*Malibu Media v. Farler,* No. 13-cv-00071 (N.D. Ind. 2013)
    a) Doc. 21 (Dec. 12, 2013)

*Malibu Media v. Doe*, No.13-cv-11458 (E.D. Mich. 2013)
    a) Doc. 23 (April, 8, 2014)
    b) Doc. 25 (June 3, 2014)

*Malibu Media v. Ramierez,* No. 13-cv-00981 (D. Colo. 2013)
    a) Doc. 30 (Jan. 3, 2014)
    b) Doc. 33 (Jan. 31, 2014)
    c) Doc. 39 (Feb. 28, 2014)

*Malibu Media v. Doe*, No. 13-cv-03171 (D. Colo. 2013)
    a) Doc. 28 (Oct. 21, 2014)
    b) Doc. 31 (Nov. 3, 2014)
    c) Doc. 33 (Nov. 24, 2014)
    d) Doc. 36 (Dec. 26, 2014)
    e) Doc. 39 (Feb. 2, 2015)

---

[2] Plaintiff has established a lengthy history of filing extensions, whether for expert reports, responding to motions— or effectuating service. *See e.g.* Order to Show Cause, *Malibu Media v. Doe*, 14-cv-493, Doc. 27 (S.D. Ohio March 16, 2015).

*Malibu Media v. Dreev*, No. 13-cv-01959 (M.D. Fla. 2013)
    a) Doc. 37 (Jan. 29, 2015)
*Malibu Media v. Perlewitz*, No. 13-cv-01105 (E.D. Wisc. 2013)
    a) Doc. 19 (July 1, 2014)
*Malibu Media v. Tashiro*, No.13-cv-00205 (S.D. Ind. 2013)
    a) Doc. 69 (Feb. 6, 2014)

**2. Plaintiff's Reply Fails to Address the Propriety of its Request.**

Even if a proper request for Defendant's hard drive had been made, Plaintiff continues to not state a basis for unfettered access to the hard drive. Plaintiff was repeatedly informed Defendant is an application developer and his hard drive contains numerous confidential client files as well as files unrelated to Plaintiff's claims. *See e.g.* Doc. 27-3. Nonetheless, Plaintiff sought "production of Defendant's hard drive as a whole and in its entirety." [*id.*] despite notice that such access required some discrepancy in Defendant's discovery responses [*id.*].

> "[T]o gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."

*Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. 06-cv-899, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007). *See also, John B. v. Goetz*, 531 F.3d 448, 459-60 (6th 2008).

> "Generally, courts are reluctant to compel forensic imaging, largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive … When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging."

*Bennett v. Martin*, 186 Ohio App. 3d 412, 424-427 (Ohio App. Ct. Nov. 24, 2009).

Plaintiff's Reply still has identified no such discrepancies to warrant such access. More so, Plaintiff's proffered forensic expert, Patrick Paige, is a convicted felon,[3] raising serious confidentiality concerns for the Defendant and his clients. *Goetz*, 531 F.3d at 457-58 ("[T]he mere imaging of the media, in and of itself, raises privacy and confidentiality concerns. Duplication, by its very nature, increases the risk of improper exposure, whether purposeful or inadvertent. … This duplication implicates significant privacy and confidentiality interests-regardless of whether the

---

[3] http://articles.sun-sentinel.com/2011-03-09/news/fl-pbso-drug-detective-20110309_1_hydrocodone-pills-detective-sheriff-s-office

3

imaged media are initially held under seal-and these interests cannot be fully protected *ex post*. For these reasons, the second mandamus factor weighs in favor of granting the writ.").

Indeed, the principal issue in this case centers instead on concerns for Defendant's privacy, especially where "the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." *Balboa Threadworks, Inc. v. Stucky*, No. 05-cv-1157, 2006 U.S. Dist. LEXIS 29265, *3 (D. Kan. Mar. 24, 2006). *See also* Exhibit A (order addressing Plaintiff's investigative tactics).

**3.  Plaintiff Identifies No Violations of Fed.R.Civ.P. 26 for Defendant's Protective Orders.**

Plaintiff takes umbrage to the protective orders proposed by the Defendant, identifying language it terms "unreasonable, unsupported by any case law, and violates the Federal Rules of Civil Procedure"; "clear violations of Fed. R. Civ. P. 26 (b)(4)(B)-(C)"; and "self-serving, unnecessary, and these demands alone demonstrate Defense counsel's delay tactics." *See* Doc. 28, p. 5.

Defendant's first draft [Doc. 28-3] was premised upon an order entered in *Capitol Records, Inc. v. Alaujan*—a case cited by the Plaintiff in its "letter of deficiencies" to the Defendant. *See* Doc. 28-2, p. 2; *Capitol Records, Inc. v. Alaujan*, No. 03-cv-11661, 2009 U.S. Dist. LEXIS 110626 (D. Mass. May 6, 2009) (attached as Exhibit B).

To wit, Plaintiff contests the following language:

"Second Proposed Protective Order demands that Plaintiff's pay its Expert, Patrick Paige ("Mr. Paige"), to produce a Draft Expert Report *for Defendant* (rather than for Plaintiff), along with the production of privileged communication between Plaintiff and its Expert. *Id*." [4]

"Defendant further demanded that Defendant be the only party privy to the Draft Expert Report until all issues regarding privilege are resolved."

*See* Doc. 28, p. 5.

In response, Defendant cites to *Easton Sports, Inc*.

Plaintiffs shall select and pay an expert who will inspect the computers in question to create a 'mirror image' or 'snap shot' the hard drives. …

The expert shall then use his or her expertise to recover from the 'mirror image' of the hard drive of each computer, and to provide in any reasonably convenient form to

---

[4] Although Plaintiff inserts an "*Id.*" herein, Defendant is unable to find any language in the protective order that called for "production of privileged communication between Plaintiff and its Expert" nor does Plaintiff cite any.

> Defendants' counsel, all available word processing documents, electronic mail messages, PowerPoint or similar presentations, spreadsheets, and other files.
>
> After receiving these records from the expert, Defendants' counsel shall then have to review these records for privilege and responsiveness to Plaintiff's discovery requests, and shall then supplement Defendants' response to discovery requests as appropriate.

*Easton Sports, Inc. v. Warrior Lacrosse, Inc.*, No. 05-cv-72031, 2005 U.S. Dist. LEXIS 37051, *3 (S.D. Mich. Sept. 14, 2005) (attached as Exhibit C). *See also,* Exhibit B, pp.13-16.

Defendant's counsel therefore takes solace in knowing that at least two federal judges share in his "deep[ly] rooted misunderstanding" of how "a proper forensic analysis of a computer hard drive is conducted" when drafting protective orders. *See* Doc. 28, p. 3.

**4. Plaintiff Makes a Pass at Diligence and is Rebuffed.**

Any contention by the Plaintiff that it "(2) agreed to pay the cost of imaging; (3) advised that it has retained a local expert to create the images; (3) and agreed to accept a privilege log of files which its expert will agree to not examine" is belied by the fact it did so 11 days after the February 23, 2015 deadline had passed and Defendant had filed his Opposition to the requested extension. *See* Doc. 28-4, p. 9 (Plaintiff's email dated March 6 at 7:00 PM); Doc. 27.[5]

## CONCLUSION

Perhaps the most succinct rationale as to why the Plaintiff's request for an extension be denied can be found in *Gibbs Patrick Farms*:

> Setting aside Plaintiff/Third Party Plaintiffs' excuses about *why* they did so or how the failure was harmless, it is clear they failed to comply with the dictates of the Federal Rules of Civil Procedure and this Court's own express direction. That direction came not only in the form of a Scheduling/Discovery Order prepared by the parties and signed by the Court, but also in a letter written by the Court to counsel. In that letter, the Court stated,
>
> I am serious about the deadlines in the Rules 16/26 Order as well as those under the Federal Rules and Local Rules. I do not wish to restrict the amount of time you have to do anything under any rule, but you should not assume that you can wait until a deadline has passed to seek extensions or other relief. If you reasonably need more time to do anything please feel free to contact me by motion or letter, but in any event prior to the time the relief is needed.
>
> (Letter of July 26, 2006 from the Court at 1-2.)

---

[5] More so, Defendant is perplexed as to why Plaintiff would even agree to terms it characterizes as "unreasonable, unsupported by any case law, and violates the Federal Rules of Civil Procedure"; "clear violations of Fed. R. Civ. P. 26 (b)(4)(B)-(C)"; and "self-serving, unnecessary, and these demands alone demonstrate Defense counsel's delay tactics." *Supra*, p.4.

> It is impossible for the Court to hypothesize now about how it might have ruled, had it been asked for an extension for Plaintiff/Third Party Plaintiffs to submit Jones's complete report. Irregardless, Plaintiff/Third Party Plaintiffs made no such inquiry, either by way of formal motion or informal request. Having failed to do so, they must live with the inevitable and forewarned consequences.

*Gibbs Patrick Farms, Inc. v. Syngenta Seeds, Inc.*, No. 06-cv-48, 2007 U.S. Dist. LEXIS 34416, *4-5 (M.D. Ga. May 10, 2007).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 19, 2015 | */s/ Jason E. Sweet* |
|  | Jason E. Sweet<br>BBO# 668596<br>Booth Sweet LLP<br>32R Essex Street<br>Cambridge, MA 02139<br>T: 617.250.8619<br>F: 617.250.8883<br>jsweet@boothsweet.com<br>*Pro Hac to be filed* |

### CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ Jason E. Sweet