UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                              :
                                                                : Civil Case No.: 2:14-cv-00821-ALM-TPK
           Plaintiff,                                     :
                                                                :
        vs.                                              :
                                                                :
DAVID RICUPERO,                                                 :
                                                                :
           Defendant.                                     :
                                                                :
---------------------------------------------------------------X

**PLAINTIFF'S MOTION TO COMPEL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an order compelling Defendant to: (a) Provide complete responses to Plaintiff's Interrogatory Nos. 7, 8, and 9; (b) Produce all documents responsive to Plaintiff's Request for Production Nos. 2, 6, 8, and 12; and (c) Produce forensically sound images of Defendant's computer devices, tablets, and external storage devices (collectively, "hard drives") in response to Plaintiff's Request for Production No. 1, and in support files the following memorandum.

**I.    INTRODUCTION**

On January 2, 2015, Plaintiff served Defendant with its First Set of Interrogatories and Requests for Production.  On January 30, 2015, Defendant responded to Plaintiff's discovery. *See* Defendant's Discovery Responses, attached hereto as Exhibit A.  Defendant's responses to Interrogatory Nos. 7, 8, and 9, and Request for Production Nos. 1, 2, 6, 8, and 12 are all wholly deficient.  Specifically, in response to Plaintiff's First Set of Interrogatories and Requests for

1

Production, Defendant: (a) fails to produce a single document; (b) refuses to provide the identities of those individuals with access to his internet; and (c) demands entry of an unreasonably restrictive protective order prior to producing Defendant's hard drives. These actions are unreasonably delaying and frustrating discovery and increasing litigation costs.

Plaintiff made diligent and good-faith efforts to obtain complete responses, responsive documents, and Defendant's hard drives – all of which are well documented in e-mails. *See* Plaintiff's Letter to Defendant Outlining Discovery Deficiencies, attached hereto as Composite Exhibit B; *See also* Emails Between Undersigned and Defense Counsel, attached hereto as Composite Exhibit C. Since February 2015, undersigned has: (1) limited the scope of various discovery requests; (2) inquired about documents which Defendant has yet to produce; (3) explained the hard drive imaging process to defense counsel; (4) agreed to cover the cost of hard drive imaging; (5) retained a computer professional in Ohio to create forensically sound images of Defendant's hard drives; (6) provided reasonable language limiting the scope of Plaintiff's forensic examination; and (7) agreed to accept a privilege log of computer files which Plaintiff's expert would not examine. However, defense counsel is now manufacturing new obstacles to further delay production.

The full extent of defense counsel's delay tactics is displayed in his most recent proposed protective order, wherein he demands entry of an *unreasonable and highly improper* protective order. *See* Defendant's Proposed Protective Order, attached hereto as Exhibit D. Specifically, in violation of Fed. R. Civ. P. 26 (b)(4)(B)-(C), Defendant demands Plaintiff's pay its Expert, Patrick Paige ("Mr. Paige"), to produce a Draft Expert Report *for Defendant* (rather than for Plaintiff), and a document which will contain privileged communication between Plaintiff and its Expert. Defendant further demands that Defendant be the only party privy to the Draft Expert

2

Report until all issues regarding privilege are resolved. And, if the parties cannot resolve a privilege dispute Plaintiff may file a Motion to Compel Production of its Draft Expert's Report. A protective order with such language is unreasonable, unsupported by any case law, and violates the Federal Rules of Civil Procedure. Consequently, the parties have been unable to agree on a protective order.

To date, Defendant has not produced a single responsive document to Plaintiff's discovery requests. Defendant's failures have prejudiced Plaintiff by unduly delaying its ability to advance this litigation, conduct depositions and prepare for trial. Indeed, Plaintiff had no choice but to file a Motion for Extension of Time Within Which To Serve Expert Witness Reports [CM/ECF 25] which will likely effect other future case management deadlines.

Accordingly, Plaintiff respectfully requests this Court enter an order compelling Defendant to: (a) Provide complete responses to Plaintiff's Request for Production Nos. 2, 6, 8, and 12, and Interrogatory Nos. 7, 8, and 9; and (b) Produce forensic images of his hard drives to Plaintiff. Further, if the Court deems necessary, Plaintiff requests entry of a protective order in the form attached hereto as Exhibit A. For the foregoing reasons, as explained more fully below, this Court should grant the subject Motion.

II.     LEGAL STANDARD

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible … if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rule 37(a)(4) states that an "incomplete disclosure, answer, or response must be treated as a failure to disclose,

answer, or respond." If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. *See* Fed. R. Civ. P. 37(a)(3)(B). A party seeking discovery may move for an order compelling production if a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. *See* Fed. R. Civ. P. 37(a)(3).

Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must grant this payment when the movant has made an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

### III. ARGUMENT

#### A. **Defendant's Responses to Plaintiff's Interrogatories are Woefully Deficient**

1. Defendant Unreasonably Refuses to Provide Plaintiff With Any Information About Individuals in His Home Who Had Access to His Internet

Plaintiff's Interrogatory Nos. 7, 8 and 9 seeks the identities (name, age, and relationship to Defendant) of individuals to which Defendant provided internet access.

> **Plaintiff's Interrogatory No. 7**: Identify each person who you provided with access to your wireless router(s) or modem(s) during the last two years, and state the duration during which each such person had access to your wireless router(s) or modem(s).
> **Defendant's Response**: Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an

4

unknown number of people during that period would have had access to the router.

**Plaintiff's Interrogatory No. 8**: For each person identified above, state his or her age or approximate age, describe his or her relationship to you, and state whether or not he or she used a password to connect to your wireless router or modem.
**Defendant's Response**: Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router.

**Plaintiff's Interrogatory No. 9**: Identify each person who was residing in or routinely visiting your home from March 24, 2013 through May 20, 2014 (the "Period of Recorded Infringement"), and state whether each such person had access to your Computer Device(s), wireless router(s) or modem(s).
**Defendant's Response**: Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router.

Defendant unreasonably argues that because his router was unsecured during the period of recorded infringement, Plaintiff's request is overly broad and burdensome. Through a conferral letter, Plaintiff made clear that it sought specific information regarding the individuals who Defendant's *explicitly* granted access to his internet; namely, the individuals residing in his home. Defendant refused to provide any information and maintained his objections. Defendant's refusal is an alarming bad faith attempt to delay discovery of relevant information. Plaintiff knows and has *irrefutable evidence* that an individual using Defendant's IP address infringed its works. And, Defendant claims that he is not the infringer. To refute Defendant's denial, Plaintiff must discover the identities of individuals with access to Defendant's internet.

5

Therefore, the identity of every individual granted access to Defendant's internet is relevant, and discoverable in light of Defendant's denials. Accordingly, this Court should compel Defendant to provide complete responses to Plaintiff's Interrogatory Nos. 7, 8 and 9.

### B. Defendant's Responses to Plaintiff's Requests for Production are Deficient

1. Defendant Failed To Provide a Single Document In Response to Plaintiff's Requests for Production

Plaintiff's Request for Production Nos. 2, 6, and 12, seek documents evidencing: (a) Defendant's Computer Devices purchases within the last two years; (b) communication between Defendant and his ISP including contracts, agreements, usage statements, bills, payments, notices of alleged copyright infringement, and Digital Millennium Copyright Act notices ("Copyright Alert Notices"); and (c) property ownership or rental agreements of Defendant's home or residence.

> **Plaintiff's Request for Production No. 2**: All documents referring, relating to or comprising records associated with the purchase of a Computer Device within the last four years.
> **Defendant's Response**: Defendant objects to this Request to the extent that it is overly burdensome and vague in that it seeks documents associated with events prior to the period of alleged infringement (i.e., "the last four years"), which Plaintiff defines as "March 24, 2013 through May 20, 2014" nor to reasonably be in the Defendant's possession, custody or control. Subject to and without waiving these objections, Defendant will provide responsive, nonprivileged documents in his possession, custody or control.
>
> **Plaintiff's Request for Production No. 6**: All documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, notices of alleged copyright infringement, and Digital Millennium Copyright Act notices.
> **Defendant's Response**: Defendant objects to this Request to the extent that it is overly burdensome and vague in that it does not identify a time period for which the documents are sought nor to reasonably be in the Defendant's possession, custody or control. Defendant further objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, nonprivileged documents in his possession, custody or control.

6

> **Plaintiff's Request for Production No. 12**: Any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement.
> **Defendant's Response**: Defendant objects to this Request to the extent that it is overly burdensome and vague in that it does not identify a time period for which the documents are sought nor to reasonably be in the Defendant's possession, custody or control. Defendant also notes some of the requested documents are publicly available from the Registry of Deeds. Defendant further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, nonprivileged documents in his possession, custody or control.

Plaintiff served all the foregoing requests over two months ago. And, Defendant *agreed* to produce responsive documents. To date, Defendant has failed to produce a single responsive document nor has he provided any reasonable justification for this delay. Accordingly, this Court should compel production of responsive documents to Plaintiff's Request for Production Nos. 2, 6, and 12.

Plaintiff's Request for Production No. 8 requests a complete copy of any file hosting service account.

> **Plaintiff's Request for Production No. 8**: A complete copy of all of the files contained within any file hosting service account which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such file hosting service, including the contract, and all statements of account and usage. For purposes of your answer, "file hosting service" should be interpreted to mean any cloud storage service, online file storage provider, or cyber locker which allows users to upload files which could then be accessed over the internet from a different computer device. Examples of these types of services include by are not limited to Google Drive, DropBox, MediaFire, RapidShare, ShareFile, SkyDrive, and Box.
> **Defendant's Response**: Defendant objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. *See e.g., Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery

7

rules and protect respondent with respect to preservation of his records."). Defendant further objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege.

Defendant argues that Plaintiff's request seeks irrelevant information and that Plaintiff has failed to state a basis to access Defendant's storage folders[1]. Defendant's argument completely overlooks basic common technology which allows users to store and access data on a web-based file hosting service. Just like computer hard drives, file hosting service accounts (such as Google Drive, DropBox, MediaFire, RapidShare, ShareFile, SkyDrive, and Box) are capable of storing *massive* amounts of data. Indeed, Google Drive *alone* provides 15GB of free storage. 15GB can store as many as one hundred and fifty (150) Malibu Media copyrighted works. Accordingly, the above records are relevant and discoverable.

### C. This Court Should Compel Production of Defendant's Relevant Hard Drives

1. Defendant's Hard Drives Are Relevant And Discoverable Under Fed. R. Civ. P. 26(b)

Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute Plaintiff's copyrighted works. And, Plaintiff's knows with absolute certainty that a BitTorrent client and torrent files are located on Defendant's hard drives[2]. Request for Production No. 1 seeks a forensically sound copy of the hard drive for each of the computer devices[3] in Defendant's house, apartment, or dwelling in the past four years[4].

---

[1] Defendant's reliance on *Scotts Co. LLC v. Liberty Mut. Ins. Co.* is off point. *See infra* Section C.
[2] Defendant and his attorney have already admitted that uTorrent (the exact BitTorrent client used to infringe Plaintiff's works) is installed on Defendant's computer.
[3] Defendant's responses make clear that Defendant has only disclosed *his* hard drives, and that he will not produce devices in the possession, custody, or control of third parties. Specifically, Defendant attempts to distinguish his computers from computers owned by *other* individuals in his home. Defendant's position is asserted in bad faith. Plaintiff's request seeks *all* computers, and Defendant has possession, custody, and control of all of them. At a minimum, Defendant should provide Plaintiff with an inventory of all devices in his home along with their respective owners.
[4] While conferring with Defense counsel, Plaintiff agreed to limit the scope of the request to computer devices in Defendant's house, apartment, or dwelling in the past *two* years.

> **Plaintiff's Request for Production No. 1**: A forensically sound copy (a clone) of the hard drive for each Computer Device in your house, apartment or dwelling in the past four years.
>
> **Defendant's Response**: Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and vague insofar as it requests a copy of the hard drive for "each Computer Device in your house, apartment or dwelling in the past four years." Defendant further objects to this Request to the extent that it seeks documents 1) not in Defendant's possession, custody, or control (i.e., "each Computer Device in your house, apartment or dwelling"); and 2) prior to the period of alleged infringement, which Plaintiff defines as "March 24, 2013 through May 20, 2014." Defendant also objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. See e.g., *Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."). Lastly, Defendant objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege.

"[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive under a protective order).

Defendant's reliance on *Scotts Co. LLC v. Liberty Mut. Ins. Co.* is off point. In *Scotts Co. LLC*, the Court held that a party cannot look at a hard drive unless a recipient of the Requests for Production fails to produce the requested information. Here, Defendant has denied committing the infringement. Defendants who deny infringement delete the evidence. Plaintiff has no delusions that Defendant will hand over a smoking gun. And, "[a] party cannot, by his own self-serving statements, deny the other party access to potentially relevant information." *Frees, Inc. v. McMillian, No.*, 2007 WL 184889, at *2 (W.D. La. Jan. 22, 2007) aff'd, 2007 WL 1308388

(W.D. La. May 1, 2007) (allowing granting a plaintiff motion to compel production of defendants computer).

Further, "[t]he Court has the authority under Fed.R.Civ.P. 34 and 26(b) to order mirror-imaging of a party's hard drive." *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977, at *2 (D. Mass. May 6, 2009). Specifically, courts "have granted permission to obtain mirror images of the computer equipment which may contain electronic data related to the alleged violation." *See Balboa Threadworks, Inc. v. Stucky*, 2006 WL 763668 (D.Kan.2006) (imaging permitted where alleged infringement "occurred through the use of computers to download copyrighted material"); *Piccone v. Town of Webster*, 2010 WL 3516581 at *8 (W.D.N.Y. 2010) ("Thus, courts have permitted imaging of hard drives where the use of the computer or its files forms the basis of the plaintiff's claims against the defendant."); *Dassault Systemes, S.A. v. Childress*, 2012 WL 993959 at *2 (E.D. Mich., 2012) ("[I]nspection of a computer's contents is frequently permitted in cases involving copyright infringement.").

2. <u>The Hard Drives Are Necessary to Proceed With the Case</u>

Without production of Defendant's hard drives, Plaintiff's expert cannot submit a complete expert report. And, any deposition of Defendant would likely have to be reconvened because the information gleamed from Defendant's computers will be the subject of deposition questions. Therefore, judicial economy supports waiting to depose Defendant until after production and examination of Defendant's hard drives.

Accordingly, Defendant's failure to produce his hard drives has prejudiced Plaintiff and unduly delayed Plaintiff's ability to advance the litigation, conduct depositions, and prepare for trial.

3. <u>Plaintiff Attempted To Negotiate A Protective Order In Good Faith</u>

In response to Plaintiff's request for production of Defendant's hard drives, Defendant asserted numerous objections. On February 5, 2015, undersigned sent defense counsel a letter discussing Plaintiff's position on Defendant's objections. *See* Exhibit B. Undersigned further requested that defense counsel send a proposed protective order in order to begin coordinating hard drive production. On February 10, 2015, the parties conferred via telephone and subsequently began negotiating a protective order. Plaintiff has bent over backwards to accommodate Defendant's request for a protective order. *See infra*, Pp. 2. Defendant is being unreasonable. Defense counsel's unreasonable demands are outlined in his most recent proposed protective order attached hereto as Exhibit D.

D. **<u>Defendant's Proposed Protective Order is Unreasonable and Entry Thereof Would Violate the Federal Rules of Civil Procedure</u>**

As part of Defendant's proposed protective order, Defendant demands that Plaintiff: (1) pay its Expert, Patrick Paige ("Mr. Paige"), to create and produce a Draft Expert Report *<u>for Defendant</u>* (rather than for Plaintiff); and (2) produce privileged communication between Plaintiff and its Expert. Defendant further suggests that Defendant be the only party privy to the *Draft* Expert Report until all issues regarding privilege are resolved. And, if the parties cannot resolve a privilege dispute Plaintiff may file a Motion to Compel Production of the Draft Expert Report. These demands are unreasonable and violate the Federal Rules of Civil Procedure.

1. <u>Mr. Paige's Draft Expert Report is Not Discoverable Pursuant to Fed. R. Civ. P. 26(b)(4)(B)</u>

Defendant's proposed protective order instructs Plaintiff's Expert, Patrick Paige ("Mr. Paige") to "not disclose any results of the hard drive examination to the Plaintiff, its employees, or its counsel. Rather, disclosure shall be made only to the Defendant[.]" *See* Exhibit D. In

11

short, Defendant demands that Mr. Paige create a Draft Expert Report exclusively for Defendant.[5] This is an absurd request which is obviously inconsistent with Fed. R. Civ. P. 26(b)(4)(B).

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), Plaintiff's must provide its completed Expert Report to Defendant by the Court ordered deadline. However, the Federal Rules make clear that "drafts of any [expert] report or disclosure required under Rule 26(a)(2), regardless of the form" are not discoverable pursuant to Fed. R. Civ. P 26(b)(3)(A) and (B). *See* Fed. R. Civ. P. 26(b)(4)(B). Indeed, "[d]rafts are protected because … the drafting process ordinarily entails communications between the expert and counsel and usually involves feedback from counsel, a process which is likely to include revelation of attorney work product." *Wenk v. O'Reilly*, 2014 WL 1121920, at *4 (S.D. Ohio 2014).

Patrick Paige was retained by Plaintiff to provide expert testimony in this case regarding examination of Defendant's computer hard drive images. Upon receipt of Defendant's hard drive images Mr. Paige and Plaintiff's attorneys communicate regularly discussing the theory of the case, opinions on Defendant's discovery responses, and overall mental impressions and legal strategies. This consistent communication along with any evidence discovered on the hard drives together form the basis of Mr. Paige's Draft Expert Report. A Draft Expert Report is work product because the drafting process inherently contains Plaintiff's counsel's legal strategies and mental impressions. Thereafter, Mr. Paige and Plaintiff's attorneys work together to finalize the Expert Report and ensure that it complies with Fed. R. Civ. P. 26(a)(2)(B). Once the Expert Report is completed, Plaintiff produces it to defense counsel. The Court should note

---

[5] As written, Defendant's proposed language is so vague, that it may possibly be seeking an end run around the work product privilege altogether and thereby demanding that Plaintiff be prohibited from engaging in any creation of work product, development of trial strategy, and building its case against Defendant with the assistance of its own Expert Witness. Because this suggestion is so preposterous and contrary to the American court system frame work, Plaintiff will assume that Defendant is seeking a Draft Expert Report.

that, at any time prior to producing its Expert Report, Plaintiff is free to implement any legal strategy it chooses, including foregoing the option of calling Mr. Paige as a witness and refraining from using his Expert Report altogether.

Defendant ineffectively attempts to rationalize his Draft Expert Report demand under the premise that Defendant must first review the report for privileged information – a contention easily refuted in light of Plaintiff's stipulation to not examine files listed on Defendant's privilege log. And, Defendant has yet to produce any privilege log. Perhaps even more disturbing is Defendant's demand that Plaintiff file a Motion to Compel Production of the Draft Expert's Report if the parties cannot resolve a privilege dispute. *See* Exhibit D. Respectfully, Defendant's demand is self-serving and laughable. Plaintiff <u>refuses</u> to file a Motion to Compel Production of a <u>protected</u>, <u>draft</u> Expert Report, for which it paid its own expert to create. Indeed, such a document should <u>never</u> be in Defendant's possession in the first place.

    2. <u>Communications Between Plaintiff's Attorneys and Patrick Paige are Privileged and Protected by Fed. R. Civ. P. 26(b)(4)(C)</u>

As Plaintiff's Expert Witness, Mr. Paige regularly communicates with Plaintiff's attorneys to discuss the results of hard drive examination and how those results shape the theory of the case and future legal strategies. Defendant's proposed protective order instructs Plaintiff to produce "complete copies of all guidance and direction related to the Inspection that the Expert receives from the Plaintiff or its counsel[.]" *See* Exhibit D. Defendant's protective order instructs Plaintiff to produce privileged attorney-expert communication. In fact, the Federal Rules make crystal clear that "communications between [a] party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)" are privileged. Fed. R. Civ. P. 26(b)(4)(C). The only exceptions are the expert's compensation, facts the attorney provides which the expert considers in forming his opinion, and assumptions the attorney provided which the expert relied

13

on in forming his opinion.  And, all of the foregoing will be included in Plaintiff's final Expert Report.  Further, Plaintiff's proposed protective order explicitly states the permitted scope of the examination.  Any other information Defendant seeks clearly falls outside the confines of the Federal Rules and should not be entertained by this Court.

      E. **Plaintiff's Proposed Protective Order is Reasonable**

To be clear, Plaintiff does not oppose entry of a reasonable protective order allowing Plaintiff to conduct a thorough examination of the hard drives while protecting Defendant's privileged and confidential information.  As such, Plaintiff seeks entry of a protective order in the form attached hereto as Exhibit E.  Plaintiff's proposed protective order permits:  (1) imaging of Defendant hard drives; (2) creation of a privilege log of files which Plaintiff's Expert will not examine; (3) examination of the imaged hard drives for evidence of its copyrighted works, BitTorrent use, and spoliation or suppression of evidence; and (4) Plaintiff to contest any items on Defendant's privilege log.

      F. **Plaintiff Is Entitled to Its Reasonable Attorney Fees and Costs Incurred Pursuant to Fed. R. Civ. P. 37(a)(5)(A)**

Plaintiff has made a repeated good faith attempts to obtain production of documents responsive to Plaintiff's discovery requests.  Indeed, between January and March of 2015 undersigned contacted defense counsel through various e-mails and telephone conferences in an effort to resolve the foregoing issues.  To date, Plaintiff's counsel has sent defense counsel e-mails inquiring about production of Defendant's hard drives, explaining the imaging process, and proposing a reasonable protective order in an effort to accommodate Defendant.  Despite Plaintiff's attempts, Defendant has not demonstrated any reasonable justification for his failure to produce responsive documents or provide complete responses to discovery.

14

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion…to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions are where: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, none of the foregoing exceptions are applicable. Accordingly, Plaintiff is entitled to its reasonable expenses incurred in connection with bringing the instant motion.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel and award Plaintiff its attorney's fees and expenses incurred pursuant to Fed. R. Civ. P. 37(a)(5)(A).

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A) Granting Plaintiff's Motion to Compel;

(B) Compelling Defendant to serve upon counsel for Plaintiff, within two (2) days of the entry of its Order, complete responses to Plaintiff's Request for Production Nos. 1, 2, 6, 8, and 12, and Interrogatory Nos. 7, 8, and 9;;

(C) Compelling Defendant to serve upon counsel for Plaintiff, within two (2) days of the entry of its Order, forensically sound images of Defendant's hard drives;

(D) Awarding Plaintiff its reasonable attorney's fees and expenses pursuant to Fed. R. Civ. P. 37;

(E) Holding that Defendant's failure to comply with the Court's Order Compelling production of the foregoing shall result in the entry of a Default Judgment in Plaintiff's favor; and

(F) Granting such other and further relief as this Court deems just and proper.

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1), hereby certifies that on February 5, 17, 18, 23, March 5, and March 6,  undersigned attempted to confer with defense counsel through various e-mails and phone calls in a good faith effort to resolve the issues raised in this Motion.  However, the parties have reached an impasse.  Therefore, the issues raised in this motion remain unresolved.  To date, undersigned has not received: (a) complete responses to Plaintiff's Interrogatory Nos. 7, 8, and 9; (b) documents responsive to Plaintiff's Request for Production Nos. 2, 6, 8, and 12; and (c) forensically sound images of Defendant's computer devices, tablets, and external storage devices (collectively, "hard drives") in response to Plaintiff's Request for Production No. 1.

Dated:  April 1, 2015

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: ⎯⎯/s/*Yousef Faroniya*