**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**

|  |  |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID RICUPERO, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cv-00821-ALM-TPK |

**PROTECTIVE ORDER GOVERNING INSPECTION OF THE HARD DRIVE OF DEFENDANT'S LAPTOP**

The Court hereby ORDERS as follows:

1. **EXPERT DESIGNATION.**

   a. Plaintiff has designated Patrick Paige as its third-party computer forensic expert (the "Expert") to examine the contents the mirror image ("Inspection Copy") of the hard drive of Defendant's MacBook Pro laptop.

   b. The Expert, as well as any assistants assigned to assist him in connection with this matter, shall execute Confidentiality Agreements agreeing to abide by the terms of this Order. The Expert and his assistants will maintain any information acquired in the course of their work on this project in the strictest confidence.

   c. Only the Expert and his assistants assigned to this project are authorized to inspect, or otherwise handle the mirror image generated. No employee of the Plaintiff, or its counsel, will inspect or otherwise handle the mirror image produced or electronic files derived therefrom. Further, the Expert and his assistants shall not disclose any results of the hard drive examination to the Plaintiff, its employees, or its counsel. Rather, disclosure shall be made only to the Defendant or in compliance with Court order, as described below.

2. **HARD DRIVE INSPECTION.**

   a. Defendant has made an imaged copy his laptop available to the Expert.

   b. The Defendant may submit to the Expert and the Plaintiffs' counsel a privilege log (the "Privilege Log"), consistent with the Federal Rules of Civil Procedure, designating any files on the hard drive (including the full file path) as either attorney-client privileged or attorney work product. Nothing in this Paragraph shall be interpreted as preventing the Plaintiff from seeking an Order compelling the disclosure of any items identified on the Privilege Log in accordance with Rules 26 and 37 of the Federal Rules of Civil Procedure.

    c. Unless authorized by the Court, the Expert shall not open or examine the contents of any of the files identified on the Privilege Log on the Inspection Copy. The Expert will maintain the Inspection Copy until sixty (60) days after the conclusion of all litigation in connection with this matter (including any appeals), at which point it shall be returned to the Defendant.

    d. The Expert shall examine the Inspection Copy for BitTorrent file-sharing software and any electronic records generated by such software. He shall also examine the Inspection Copy for only those digital movie files as identified by the file hashes on Exhibit A to Plaintiff's Amended Complaint, as well as any metadata associated with such files. The Expert shall not examine any files or stored data unrelated to the digital movie files in Exhibit A. Under no circumstances shall he examine files or stored data belonging to the following categories: e-mails, word-processing documents, .pdf documents, spreadsheet documents, image files, video files, app-building software and related files or saved web-pages. Finally, the Expert may review any data indicating that the hard drive has been "wiped" or erased since the initiation of the litigation.

    e. Based upon the examination of the Inspection Copy, the Expert shall produce a report (the "Report") which describes:

        i. The digital movie files identified in Exhibit A found on the hard drive and any evidence of file-sharing related to said files;

        ii. As appropriate, any evidence that the computer's hard drive has been "wiped" or erased since the initiation of this litigation; and

        iii. The methods that the Expert used to identify and analyze the electronic files and data reported in (a) and (b).

In addition, complete copies of all guidance and direction related to the Inspection that the Expert receives from the Plaintiff or its counsel shall be attached as an appendix to the Report.

**4. DISCLOSURE.**

    a. The Expert's Report shall initially be produced only to the Defendant's counsel. Within five (5) business days of his receipt of the Expert's Report, Defendant's counsel may submit to Plaintiff's counsel any objections to the Report based upon privilege. If there is no privilege dispute between the parties relating to the Report, or the parties otherwise reach an agreement allowing such disclosure, the Defendant shall promptly disclose the Report to the Plaintiff.

    b. In the event that the parties cannot resolve any dispute relating to the disclosure of the Report to the Plaintiff, the Plaintiff may file with the Court a Motion to Compel the Production of the Expert's Report. Separately, if the Plaintiff seeks an electronic copy of any items identified in the Report, they must file a Motion to Compel with the Court, explaining their need for the production of the files under Fed. R. Civ. P. Rules 26 and 37.

    c. In connection with any such Motion to Compel, the Court may require the Defendant to submit the Expert's Report *in camera*.

**SO ORDERED.**

Dated: February ____, 2015

_____

United States Magistrate Judge