UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID RICUPERO,<br><br>        Defendant. | Case No.: 2:14-cv-00821-ALM-TPK |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c)(1)(B)**

Defendant requests a Protective Order pursuant to Rule 26(c)(1)(B) precluding Plaintiff from deposing nonparty witnesses who were not timely disclosed to Defendant in this case, specifically, Justin Milburn, Kasi Hickman, Kirk Denton and Ryan Houk (collectively "Deponents").

### I. ARGUMENT

Plaintiff should not be permitted to elicit testimony from Milburn, Hickman, Denton or Houk because Plaintiff failed to timely disclose these witnesses, failed to make them reasonably available to Defendant for deposition, and failed to provide adequate information regarding why each is relevant to any issue before the Court.

**A.  None of the Purported Witnesses were Timely Disclosed.**

The Rules provide that Plaintiff should be precluded from deposing or offering any testimony at trial from witnesses that Plaintiff failed to adequately disclose in discovery. Fed.R.Civ.P. 26(a), (e)(2) and 37(c)(1); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (recognizing that Rule 37(c)(1) "mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified"); *Morgan v. Del Global Tech., Corp.*, No. 05-cv-123, 2007 U.S. Dist. LEXIS 84638, *25 (S.D. Ohio Oct. 29, 2007) (excluding evidence not produced pursuant to Rule 37(c)). Pursuant to Rule 26, Plaintiff was required to disclose, and supplement its disclosure of, "individuals likely to have discoverable information—along with the subjects

of that information—that [it] may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A), (e); Doc. 11. It did not.

Rule 37(c) gives the initial disclosure requirement its bite, providing, "If a party fails to … identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that … witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." "Rule 37 has no bad faith requirement." *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). Where a party fails to disclose information in violation of Rule 37(c)(1), preclusion of all evidence related to that violation is "automatic and mandatory" unless that party can demonstrate that their failure to disclose was harmless or substantially justified. *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) (followed by the Sixth Circuit in, *e.g., Roberts*, 325 F.3d at 782; *Bowe v. Consolidated Rail Corp.*, No. 99-cv-4091, 2000 U.S. App. LEXIS 24866, *6 (6th Cir. Sept. 19, 2000); *Vance v. U.S.*, No. 98-5488, 1999 U.S. App. LEXIS 14943, *9 (6th Cir. June 25, 1999)). Accordingly, unless Plaintiff can demonstrate that its failure to disclose the four witnesses was harmless or substantially justified—which it can not—the Court should preclude Plaintiff from sandbagging Defendant with their testimony.[1]

**B. Plaintiff Did Not Confer with Defendant Prior to Scheduling the Depositions.**

Pursuant to Fed.R.Civ.P. 30(b)(1), "[a] party desiring to take the deposition of any person … shall give reasonable notice in writing to every other party to the action."

Although there is no formal requirement that one party must consult the other prior to issuing a notice of deposition "there is simply no excuse to fail to communicate with opposing counsel regarding the deposition schedule, particularly given the time constraints." *Universal Health Group v. Allstate Ins. Co.*, 703 F.3d 953, 955 (6th Cir. Mich. 2013). Here, Defendant was not consulted with respect to a mutually convenient date and time for the depositions. Undersigned contacted Plaintiff's counsel on March 31, 2015, after receiving the deposition notices. At which point, Plaintiff was informed:

> Defendant's counsel was not consulted prior to scheduling the depositions. I am not available April 10 as I will be traveling for depositions in another matter. I will then

---

[1] At this point, all Defendant knows is that the Deponents are his neighbors, whom he's never met. No other information has been provided by the Plaintiff.

>be on vacation from April 19-28. Likewise, co-counsel will be on vacation April 8-20, then starting a 3 week trial.
>
>Please voluntarily withdraw the notices and provide alternative dates. Also, if the Plaintiff insists on moving ahead with the depositions I will need dates for the Plaintiff's witnesses that I have identified, have repeatedly asked for and have yet to receive.

*See* Exhibit A.

When no response was forthcoming from the Plaintiff, Defendant inquired again on April 2, 2015. Plaintiff responded on April 3, 2015 that the depositions would continue as scheduled. Had Plaintiff consulted with Defendant, mutually agreeable deposition dates could have been set; the depositions could have been resolved prior to the discovery cut-off; and this motion needn't have been submitted to the Court.

**C.  Defendant Was Not Given Reasonable Notice of the Depositions.**

Plaintiff noticed these depositions just days before discovery is set to end. The Deponents were all disclosed as nonparty witnesses for the first time on March 31, 2015—almost 9 months after this case began; more than 4 months since Plaintiff's discovery schedule was approved; and 2 weeks before discovery is to end. There is no "good cause" for taking last-minute depositions of witnesses Plaintiff could have readily ascertained by consulting the phonebook at any point since it learned the Defendant's identity. *See Sithon Maritime Co. v. Holiday Mansion,* No. 96-cv-2262, 1999 U.S. Dist. LEXIS 1466 (D. Kan. Feb. 8, 1999) (plaintiff's motion for a protective order was granted and defendant was not permitted to take noticed depositions because defendant failed to exercise due diligence in obtaining depositions.); *Bank One, N.A. v. Echo Acceptance Corp.*, 2008 U.S. Dist. LEXIS 36046, *12 (S.D. Ohio Apr. 11, 2008) (failed to disclose their identities until March 24, 2008, only three weeks before trial); *Kovacic v. Tyco Valves & Controls, LP*, 433 Fed. App'x. 376, 379 (6th Cir. Ohio 2011) (determining that conducting a deposition one week before trial would be "unfair").

More so, Plaintiff's notices fall outside the 14 day minimum required by the Rule.

>(A)  Deposition Taken on Short Notice. A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B).

Fed.R.Civ.P. 32(a)(5)(A). Because this precondition of a 14 day minimum is not satisfied in this instance, any testimony elicited at the depositions would be inadmissible. Thus, a protective order prohibiting the depositions, but saving both sides time and costs, is in order. *Cardinal Fastener & Specialty Co. v. Progress Bank*, 67 Fed. App'x. 343, 346 (6th Cir. 2003) (attached as Exhibit B).

## II. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court: 1) enter a Protective Order, pursuant to Rule 26(c)(1)(B) prohibiting the proposed depositions; and 2) award Defendant his expenses and fees in preparing this Motion and all other just and proper relief.

Dated: April 3, 2015

Respectfully submitted,

*/s/ Jason E. Sweet*
_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: 617-250-8619
Fax: 617-250-8883
Email: jsweet@boothsweet.com
*Pro Hac Vice Appearance*