**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | Case No.: 2:14-cv-00821-ALM-TPK ) |
| DAVID RICUPERO, | ) ) |
| Defendant. | ) ) |

**MOTION FOR PROTECTIVE ORDER PROHIBITING THE DEPOSITION OF THE DEFENDANT PURSUANT TO FED.R.CIV.P. 26(c)(1)(B)**

Defendant requests a Protective Order pursuant to Rule 26(c)(1)(B) precluding Plaintiff from deposing the Defendant for lack of reasonable notice.

**I. RELEVANT FACTS**

On March 30, 2015 at 10:38 PM, Plaintiff sent the undersigned an email unilaterally noticing the depositions of several, and until that moment, previously unrevealed witnesses. The email also requested the availability of the Defendant for deposition, "preferably the morning of 4/10/15."

On March 31, 2015 at 12:53 PM, undersigned notified the Plaintiff that he would be traveling for depositions in another matter on that date and unable to attend the noticed depositions.[1] It follows then, that the Defendant would likewise not be available on April 10, 2015. Undersigned also requested the notices be voluntarily withdrawn and a new mutually agreeable date be set. *See*, Ex. A.

On April 2, 2015 at 9:33 AM, after receiving no response from the Plaintiff, undersigned once again inquired if the parties were to confer on mutually agreeable dates. *See*, Ex. B.

That afternoon at 12:41 PM, Plaintiff responded stating the noticed depositions would continue as scheduled. No inquiry was made into Defendant's availability to be deposed. *See*, Ex. C.

That same evening at 10:41 PM, Plaintiff emailed its notice of deposition for the Defendant to the undersigned. *See*, Ex. D. To wit, Plaintiff's counsel stated:

> I have not heard back from you regarding a deposition date and time for Defendant, so I had to unilaterally schedule it. However, I am open to changing the date if you can provide me with a reasonable date and time.

---

[1] Undersigned will be in Minneapolis, MN conducting depositions from April 6, 2015 through April 10, 2015.

The date noticed for the Defendant's deposition, April 15, 2015, is coincidentally the only date the Plaintiff is available to be deposed. *See*, Ex. C.

To be clear, Plaintiff never sought to confer on the dates for any of the depositions nor ever requested dates the Defendant would be available. More so, there is no scenario in which the Defendant's deposition, or any deposition at this point, would not be prohibited by Fed.R.Civ.P. 32(a)(5)(A) or Fed.R.Civ.P. 30(b).

## II. ARGUMENT

At this point, there are only 11 days left until the discovery deadline. Again, this is a discovery timeline which Plaintiff requested, and which allotted less than four months for factual discovery between the December 3, 2014 Rule 26(f) conference and the April 15, 2015 discovery deadline. *See* Doc. 27 pp. 1-3. Plaintiff's continuing failure to pursue discovery promptly, does not justify its belated attempt to depose the Defendant and belies any attempt on its part in a good faith effort to resolve the issue without this Court's intervention. *See e.g. Gueye v. Univ. of Cincinnati*, No. C-1-5-81, 2006 U.S. Dist. LEXIS 83900 (S.D. Ohio Nov. 16, 2006).

**A.  Defendant Was Not Given Reasonable Notice Pursuant to Fed.R.Civ.P. 30(b).**

With respect to notice, Rule 30 provides,

> "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs."

Fed. R. Civ. P. 30(b)(1).

The reasonableness of notice, in turn, depends upon the particular circumstances of each case. *See Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985). Additionally, counsel is entitled, when possible, to a date which does not conflict with other obligations and to an opportunity to prepare for the deposition. An opportunity to attend alone does not make the notice reasonable. *C & F Packing Co., Inc. v. Doskocil Companies, Inc.*, 126 F.R.D. 662, 678-680 (N.D. Ill. 1989).

The Defendant's deposition, aside from his hard drive, is the only discovery Plaintiff has suggested as central to its claims. Yet again, Plaintiff has waited until within a week of the end of discovery to secure information that he should have known all along was essential to his case.

2

Plaintiff's counsel makes no attempt to justify this delay. Nothing unexpected had occurred to interfere with counsel's ability to engage in discovery nor could have been addressed before now.

> Thus, ten business days' notice would seem reasonable. But, just as negligence in the air does not exist, neither does reasonableness: the analysis is necessarily case-specific and fact-intensive.
>
> What would be reasonable even in a late stage of a relatively simple case with few lawyers may take on a very different cast where, as here, the case is exceedingly complex, the depositions are to occur virtually hours before the discovery cut-off, and it was obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices.

*In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005).[2]

Even though this action has been pending over nine months, Plaintiff waited to schedule the deposition of the Defendant until the last week of the discovery period. *Coventry Health Care, Inc. v. Caremark, Inc.*, No. 09-cv-1009, 2011 U.S. Dist. LEXIS 4201,*7 (M.D. Tenn. Jan. 14, 2011); *Paasewe v. Anjana Samadder, M.D., Inc.*, No. 04-cv-724-JDH-TPK, 2006 U.S. Dist. LEXIS 7369, *18-19 (S.D. Ohio Feb. 27, 2006).

There can be no "good cause" for taking the last-minute deposition of the Defendant. *See Sithon Maritime Co. v. Holiday Mansion,* No. 96-cv-2262, 1999 U.S. Dist. LEXIS 1466 (D. Kan. Feb. 8, 1999) (plaintiff's motion for a protective order was granted and defendant was not permitted to take noticed depositions because defendant failed to exercise due diligence in obtaining depositions.); *Bank One, N.A. v. Echo Acceptance Corp.*, 2008 U.S. Dist. LEXIS 36046, *12 (S.D. Ohio Apr. 11, 2008) (failed to disclose their identities until March 24, 2008, only three weeks before trial); *Kovacic v. Tyco Valves & Controls, LP*, 433 Fed. App'x. 376, 379 (6th Cir. Ohio 2011) (determining that conducting a deposition one week before trial would be "unfair"); *Winters v. McFaul*, No. 89-cv-3159, 1990 U.S. App. LEXIS 10037, *9 (6th Cir. Ohio 1990) ("Because the failure to depose the witnesses is due to defense counsel's negligence, the district court committed no error in granting the protective order.")

**B. Any Deposition Between Now and the Discovery Deadline is Inadmissible Pursuant to Fed.R.Civ.P. 32(a)(5)(A).**

---

[2] *See also Nieman v. Grange Mut. Ins. Co.,* No. 11-cv-3404, 2012 U.S. Dist. LEXIS 160753, *6 (C.D. Ill. Nov. 9, 2012) (seven business days is not reasonable notice to prepare a witness to testify); *Amaker v. Fisher,* No. 07-cv-0279, 2009 U.S. Dist. LEXIS 119795, *3 (W.D.N.Y. Dec. 23, 2009) (setting reasonable notice "at least 30 days in advance of the deposition, pursuant to Fed.R.Civ.P. 30(b)(1)".

Plaintiff noticed the Defendant's deposition 11 days before discovery is set to end. Thus it falls outside the 14 day minimum required by Rule 32.

(A) Deposition Taken on Short Notice. A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B).

Fed.R.Civ.P. 32(a)(5)(A).

Because this precondition of a 14 day minimum is not satisfied in this instance, any testimony elicited at the deposition would be inadmissible. Therefore, a protective order prohibiting the deposition is in order as it would serve no purpose. *Cardinal Fastener & Specialty Co. v. Progress Bank*, 67 Fed. App'x. 343, 346 (6th Cir. 2003). *See also, Smith v. Stephens,* No. 10-cv-13763, 2012 U.S. Dist. LEXIS 35631, *20 n.9 (E.D. Mich. Mar. 16, 2012) (holding the use of plaintiff's deposition transcript in the case was subject to the constraints of Fed.R.Civ.P. 32(a)(5)(A)).

### III. CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court: 1) enter a Protective Order, pursuant to Rule 26(c)(1)(B) prohibiting the proposed deposition; and 2) award Defendant his expenses and fees in preparing this Motion and all other just and proper relief.

Dated: April 4, 2015

Respectfully submitted,

*/s/ Jason E. Sweet*

_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: 617-250-8619
Fax: 617-250-8883
Email: jsweet@boothsweet.com
*Pro Hac Vice Appearance*

### CERTIFICATE OF SERVICE

I hereby certify that on this April 4, 2015 I filed the foregoing document and my supporting affidavit through the Court's CM/ECF system, which will serve the documents on all counsel of record who have consented to electronic service.

*/s/ Jason E. Sweet*

### GOOD FAITH CERTIFICATION

      I hereby certify, pursuant to Fed.R.Civ.P. 26(c)(1), that I have in good faith attempted to confer on March 31, 2015 and April 2, 2015 with the Plaintiff in an effort to resolve the dispute without court action.

      */s/ Jason E. Sweet*