**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

```
-----------------------------------------------------------------X
                                              :
MALIBU MEDIA, LLC,                            :
                                              : Civil Case No.: 2:14-cv-00821-ALM-TPK
          Plaintiff,                          :
                                              :
                                              :
              vs.                             :
                                              :
DAVID RICUPERO,                               :
                                              :
                   Defendant.                 :
                                              :
-----------------------------------------------------------------X
```

**PLAINTIFF'S MOTION TO STRIKE A PORTION OF DEFENDANT'S MOTION FOR LEAVE UNDER LOCAL RULE 7.2(a)(2) TO FILE SUR-REPLY [CM/ECF 30]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), pursuant to the court's inherent authority hereby moves for entry of an order striking a false, scandalous and inadmissible statement about Plaintiff's expert, Patrick Paige, from Defendant's Motion for Leave Under Local Rule 7.2(a)(2) to File Sur-Reply [CM/ECF 30], and files this memorandum in support.

**I.      INTRODUCTION**

Defense Counsel falsely asserts that "Plaintiff's proffered forensic expert, Patrick Paige, is a convicted felon, raising serious confidentiality concerns for the Defendant and his clients." Motion, CM/ECF 30-1, at p. 3.  Mr. Paige has *never* been convicted of a felony.  Mr. Paige spent the better part of his 22 year career as a police officer protecting America's children from pedophiles trading videos over the internet depicting young children being raped.  In our minds, he is a national hero.  Indubitably, he deserves respect.

Opposing counsel did not contact undersigned prior to falsely accusing Mr. Paige.  Any reasonable lawyer would have done so prior to making such a blatantly offensive accusation.

Had that happened here, undersigned would have told opposing counsel that his accusation was false.  Opposing counsel's failure was no accident.  Opposing counsel almost certainly knew his accusation is false.  Regardless, e-mail correspondence preceding this Motion makes clear, that at best, the accusation was recklessly asserted.  This Court should strike the offensive language from Defendant's Motion and at least warn Defense Counsel that further false accusations in this litigation will result in the imposition of sanctions.

## II.     FACTS

Patrick Paige is a highly decorated and nationally respected computer forensic investigator.  He has conducted forensic computer examinations for state and federal law enforcement agencies including the FBI, U.S. Customs and Border Protection, U.S. Secret Service, and the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  CM/ECF 2-3, at ¶ 4. He has taught over 375 hours of courses in computer forensics and his students include law enforcement personnel from sheriff's offices, FBI agents, ATF agents, agents from the CIA, and individuals from other branches of government and the private sector.  *Id.* at ¶¶ 9-10.  Mr. Paige is the recipient of the following awards and commendations:  Deputy of the Year, 1991; Deputy of the Month, June 1997; Outstanding Law Enforcement Officer of the Year from the United States Justice Department, 2002; U.S. Customs Service Unit Commendation Citation Award, 2003; Detective of the Month, December 2005; Outstanding Law Enforcement Officer of the Year from the United States Justice Department, 2007; Letter of Commendation from the FBI, 2008. *Id.* at ¶ 12.  Further, he has assisted in investigating and prosecuting hundreds of offenders in child pornography cases. *Id.* at ¶¶ 15-24.

Despite the foregoing, Defense counsel attempts to smear Mr. Paige by calling him a convicted felon.  He is not.  Patrick Paige has *never* been convicted of a felony.  *See* Declaration

of Patrick Paige, attached hereto as Exhibit A.  Mr. Paige's 2011 arrest was expunged.  *Id.* at ¶ 3.
He has no criminal record.  *Id.* at ¶ 4.  He takes no medicine that would affect his ability to
perform the services requested of him in connection with this lawsuit.  *Id.* at ¶ 5.  Mr. Paige takes
his business, Computer Forensics, LLC, and livelihood extremely seriously and would never do
anything to jeopardize them.  *Id.* at ¶ 6.  Mr. Paige's reputation is his most valuable asset.  *Id.* at
¶ 7.  He adheres to the utmost levels of professionalism and has never been accused by anyone of
professional misconduct.  *Id.* at ¶ 8.  Defense Counsel's false accusation is both unfounded and
*extremely* offensive.  *Id.* at ¶ 9.

### III.    LEGAL STANDARD

This court "may use [its] inherent power to sanction a party who 'has acted in bad faith,
vexatiously, wantonly, or for oppressive reasons.'"  *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292,
298 (6th Cir. 2001) (citation omitted).  The Court's inherent power includes the ability to strike
documents or portions of documents from the record.  "[T]rial courts make use of their inherent
power to control their dockets, when determining whether to strike documents or portions of
documents."  *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010)
(*citing Anthony v. BTR Auto. Sealing Sys.,* 339 F.3d 506, 516 (6th Cir.2003)).  *See also N. Am.
Specialty Ins. Co. v. Nat'l Fire & Marine Ins. Co.*, 2013 WL 1332205, at *5 (D. Nev. 2013) ("a
district court has the inherent power to strike a party's submissions . . . "); *Ready Transp., Inc. v.
AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("a district court can . . . strik[e] documents
from the docket to address litigation conduct that does not warrant outright dismissal.").  The
court's inherent power to strike "redundant, immaterial, impertinent, or scandalous material from
a record" is not subject to the limitation in Fed. R. Civ. P. 12(f) that such material can only be
stricken from a "pleading".  *Winslett v. Kentucky Dep't of Educ.*, 1995 WL 387124, at *6 (E.D.

Ky. Feb. 6, 1995) (denying motion to strike but holding "[a]lthough plaintiff's argument correctly reads the letter of Rule 12(f) [permitting the court to strike only a 'pleading'], the court does not believe that its inherent authority to strike redundant, immaterial, impertinent, or scandalous material from a record is so limited.")

## IV.    ARGUMENT

### A.  Defendant's False Accusation Should be Stricken

This Court should strike Defendant's accusation that "Plaintiff's proffered forensic expert, Patrick Paige, is a convicted felon, raising serious confidentiality concerns for the Defendant and his clients[,]" from the record.[1]  Motion, CM/ECF 30-1, at p. 3.  Statements that cast "a cruelly derogatory light on a party or other person" or which "unnecessarily reflect[] on the moral character of an individual" are scandalous and subject to being stricken.  *Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005) (striking offensive insinuations *sua sponte* pursuant to Rule 12(f), citing 2 MOORE'S FEDERAL PRACTICE § 12.37[3] at 12–97; and *In re 2TheMart.com Inc. Securities Litigation,* 114 F.Supp.2d 955, 965 (C.D.Cal.2000)).  Allegations and accusations that are devoid of factual basis are also subject to being stricken.  *See e.g. Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992) (upholding district court's decision to strike pursuant to Rule 12(f)).  *See also e.g. Thompson v. Hartford Life And Acc. Ins. Co.*, 270 F.R.D. 277, 279 (W.D. Ky. 2010) ("relevant precedent further indicates that striking scandalous or impertinent portions of a pleading under Rule 12(f) is more appropriate where the claim is either outrageous, offensive, or devoid of a basis in fact.")

Here Defendant's blatantly false accusation casts Mr. Paige in a cruelly derogatory light and is entirely devoid of factual basis.  Defendant's false and offensive accusation should not be

---

[1] The link that Defense Counsel erroneously includes to "support" his false assertion should also be stricken.  *See* FN 3.

permitted to remain on the public record and the Court should disregard it for purposes of this litigation.

### B. Defense Counsel Violated Rule 11 and Breached His Duty of Candor Under Ohio Rule of Professional Conduct 3.3(a)

Fed. R. Civ. P. 11 states that "[b]y presenting to the court a . . . written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass . . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for investigation or discovery . . . ." Fed. R. Civ. P. 11(b). Since Plaintiff did not want to allow Defendant's accusation to remain on the record for longer than 21 days, Plaintiff has not served Defendant with a Rule 11 motion and therefore cannot formally request Rule 11 sanctions against Defendant.[2] Regardless, the violation is clear and sanctions can be issued pursuant to this Court's inherent authority. Defense counsel's false accusation has no evidentiary support. Indeed, the article cited by Defendant to support his misrepresentation does _not_ say that Mr. Paige is a convicted felon. *See* CM/ECF 30-1, p. 3. Defense Counsel failed to comply with Rule 11 by conducting "an inquiry reasonable under the circumstances" *before* filing his Motion.

In an e-mail to undersigned Defense Counsel stated "_I suspect, but do not know_, that he was arrested, he was forced from the Sheriff's office . . . [and] that he either: (i) was never charged and the arrest was expunged; or (ii) he was convicted of a misdemeanor, and that was sealed. _I can only speculate though_." *See* E-mails attached as Exhibit B, (emphasis added).

---

[2] Pursuant to Fed. R. Civ. P. 11(c)(2), Plaintiff would have had to have drafted the Rule 11 Motion, served it on Defense Counsel, and allowed him 21 days to withdraw or correct the assertion before filing the motion.

Defense counsel's response admits that his accusation was at best, recklessly made.  He falsely accused Mr. Paige with the obvious intent of disparaging him and persuading the Court he is untrustworthy.

Defendant's false representation also violates Rule 3.3 of the Ohio Rules of Professional Conduct.  "A lawyer shall not *knowingly . . . make a false statement* of fact or law to a tribunal *or fail to correct a false statement* of material fact or law previously made to the tribunal by the lawyer[.]"  *Id.* (Emphasis added).  "[T]he lawyer must not allow the tribunal to be misled by false statements of law or fact that the lawyer knows to be false."  *Id.* at Comment [2].  Defense Counsel very likely knew that his assertion was untrue at the time it was made and at best showed a reckless disregard for the truth or falsity of the statement.  Additionally, after being advised that his accusation was false, he made no attempt to correct it – and indeed opposes striking it – in violation of Rule 3.3.

To further explain, undersigned e-mailed Defense counsel, expressly informed him that Mr. Paige has never been convicted of a felony, and requested that he consent to having the false assertion stricken.  *See* Exhibit B.  Defense counsel, despite acknowledging that his assertion was false, incredibly would not agree to strike it.  This violates Rule 3.3 requiring a lawyer to correct the record.  If Plaintiff had not raised the matter through this Motion, he would have knowingly continued to allow this Court to consider his false statement of fact.  This is repugnant.  Indeed, Defense Counsel's whole course of conduct in this regard demonstrates a gross lapse of judgment, obvious ethical violations, and has been terribly unfair to Plaintiff and Mr. Paige.

Defense counsel informed undersigned he "will consent to a clarification, but for [Mr. Paige] to claim total innocence would be disingenuous."  *See* Exhibit B.  Aside from the fact that

Mr. Paige's arrest was expunged and that claiming total innocence from Defendant's false accusation would _not_ be disingenuous, Defense Counsel's intent is clear.  Defense Counsel knows this Motion is coming.  His desire for "clarification" evinces a conscious plan to further launch an impermissible character attack on Mr. Paige.  If he now does so, the Court should use all of its power to impose the most severe permitted sanctions.

Evidence of Mr. Paige's expunged arrest is inadmissible for any purpose in this litigation. "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." *Michelson v. United States*, 335 U.S. 469, 482, 69 S. Ct. 213, 222, 93 L. Ed. 168 (1948).  Indeed, Federal Rule of Evidence 609(a) states that a witness's character for truthfulness may be attacked by "evidence of a criminal conviction" only in certain enumerated circumstances.  *Id.*  Since Mr. Paige was never convicted, his character for truthfulness *cannot* be attacked by evidence of his expunged arrest.  *See e.g. Johnson v. Baker*, 2009 WL 3486006, at *5 (W.D. Ky. 2009) (evidence of drug and alcohol use which did not result in a criminal conviction is "inadmissible under Rule 609(a)(1)."). *See also* Fed. R. Evid. 608(b) ("[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."); Fed. R. Evid. 404(b) ("[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.") Defense Counsel's consent to "clarify" the record with impermissible evidence is a disingenuous offer intended to further his scheme of defaming Mr. Paige in violation of the Rules of Evidence.

## C. The Court Should at Least Warn Defense Counsel That Further Misrepresentations Will Result in Sanctions

Defense counsel's failure to conduct a reasonable inquiry into the facts, assertion of a false fact, and his subsequent failure to correct it is sanctionable. Indeed, in *Akron Bar Assn. v. Groner*, 2012-Ohio-222, ¶ 25, 131 Ohio St. 3d 194, 963 N.E.2d 149, 154, the Supreme Court of Ohio sanctioned an attorney by suspending her license to practice for six (6) months for "what can only be described as reckless and sloppy conduct that resulted in [the attorney's] filing false and misleading statements[.]" *Id.* at 198. In *Groner*, the attorney was found to have violated numerous rules of professional conduct, including Rule 3.3, by preparing an objection to the appointment of an administrator in probate court which falsely asserted that the proposed administrator "had filed for bankruptcy and had a felony record." *Id.* at 195. Groner had utilized a service that provides background reports on individuals and obtained a 16 page report that disclosed that someone with the same name as the proposed administrator had been convicted of a felony. *Id.* Groner did not verify the information she obtained and subsequently filed objections in probate court alleging the administrator had a felony record and therefore could not serve as administrator. *Id.* After speaking with opposing counsel Groner conceded that she "began to suspect that the information she had submitted . . . was not correct[,]" and took remedial action. *Id.* at 196. Despite her remedial action, "there was clear and convincing evidence that Groner had no basis in fact or law for the false assertions and misleading arguments that she had made in a pleading, in violation of Prof. Cond. R. 3.1 and 3.3(a)(1) and (3)." *Id.* The Supreme Court of Ohio found that "Groner exercised poor judgment and recklessly prepared objections using information she hastily obtained and inadequately reviewed. In doing so, she made false statements in a pleading and attached a document that, if believed, would mislead the court." *Id.* at 198. The Court specifically condemned Groner's "reckless and

sloppy conduct," but because of her affirmative steps to remedy her false statement, the Supreme Court of Ohio stayed the six (6) month suspension "on the condition that she commit no further misconduct." *Id.* at 199.  Significantly, Defense Counsel has taken no such similar steps to correct the record.

The factual circumstances in the instant case are more egregious.  Defense Counsel did not rely on a professional background report.  Instead, he merely relied on one online article about Mr. Paige's arrest.  The article says nothing about him being convicted.  Nevertheless, he represented to the Court that he was convicted of a felony.

Opposing counsel also spoke with other active BitTorrent defense counsel.  He admits that they provided him with no evidence of a conviction.  The BitTorrent defense bar tracks all of Malibu Media's cases.  Accordingly, they likely told him that his accusation was false.  Plaintiff strongly suspects Defense Counsel *knowingly* made this false accusation.  Regardless, and again, at best, it was recklessly made.  No remedial action has been taken by him to date.

This Court should at least warn Defense Counsel that future such violations will be sanctioned.  Respectfully, based upon the gravity of his misconduct additional sanctions and referring him to the bar would also be appropriate under these facts.

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court enter an order:

(A) granting the subject Motion to Strike;

(B) striking: "Plaintiff's proffered forensic expert, Patrick Paige, is a convicted felon, raising serious confidentiality concerns for the Defendant and his clients[,]" and footnote 3 containing the link to the article from Defendant's Motion (CM/ECF 30-1, at p.3);

(C) at least warning Defendant that further failures to properly investigate facts will result in severe sanctions; and

(D) awarding Plaintiff all other and further relief this Court deems just and proper.

DATED: April 10, 2015.


Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ Yousef M. Faroniya
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/*Yousef Faroniya*