**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:14-cv-00821-ALM-TPK |
| v. | ) |
| | ) |
| DAVID RICUPERO, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO EXCLUDE DEPOSITION TESTIMONY AND FOR AN
ORDER TO SHOW CAUSE WHY PLAINTIFF AND ITS COUNSEL SHOULD NOT BE
HELD IN CONTEMPT**

This was a discovery timeline which Plaintiff requested, and which allotted less than four months for factual discovery between the December 3, 2014 Rule 26(f) conference and the April 15, 2015 discovery deadline. *See* Doc. 27 pp. 1-3. Plaintiff's failure to pursue discovery promptly, does not justify its violation of the pending protective orders and belies any attempt on its part in a good faith effort to resolve the issue without this Court's intervention. *See e.g. Gueye v. Univ. of Cincinnati*, No. C-1-5-81, 2006 U.S. Dist. LEXIS 83900 (S.D. Ohio Nov. 16, 2006).

**I. RELEVANT FACTS & PROCEDURAL HISTORY**

On March 31, 2015, undersigned emailed Plaintiff's counsel after receiving deposition notices for previously undisclosed nonparties, Justin Milburn, Kasi Hickman, Kirk Denton and Ryan Houk (collectively "Deponents"), to be held April 10, 2015. Defendant objected to the depositions in part because undersigned was not consulted prior to scheduling the depositions; and was traveling for depositions in another matter that day. *See* Doc. 39-2. Undersigned further requested a mutually agreed upon date if allowed to make a telephonic appearance. *Id.*

On April 2, 2015, after receiving no response from Plaintiff's counsel, undersigned inquired again if a mutually agreed upon date could not be set. *See* Ex. A.

On April 3, 2015, Plaintiff's counsel stated that the depositions would continue as scheduled. *Id.* That same day, undersigned filed for a protective order pursuant to Rule 26(c)(1)(B) precluding Plaintiff from deposing the Deponents pending a ruling from this Court. *See* Doc. 39.

On April 7, 2015, Plaintiff's counsel noticed a change in time for the deposition of Kirk Denton. That same day, undersigned emailed Plaintiff's counsel, informing him:

> Again, until the Court rules on the protective orders, the depos cannot move forward.
> If the depos are held Friday before a decision is made, I will file for sanctions.

*See* Ex. A.

On April 10, 2015, undersigned again contacted Plaintiff's counsel, inquiring if the depositions would be canceled in light of the pending protective order. *Id*.

On April 13, 2015, undersigned confirmed with Veritext, the court reporting service, that the depositions had indeed been held.

## II. STANDARD OF REVIEW

In order to hold a party in contempt, there must be a showing by clear and convincing evidence that 1) the party has violated a definite and specific court order requiring the party to perform a particular act or to refrain from performing a particular act; and 2) and the party had knowledge of the court order. *Electrical Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv.*, 340 F.3d 373, 379 (6th Cir. 2003); *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987); *Grace v. Center for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir.1996); Fed.R.Civ.P. 37 (violations of discovery rules are punishable as a contempt). Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is "irrelevant to the validity of [a] contempt finding." *In re Jaques v. Reiss Steamship Co.*, 761 F.2d 302, 306 (6th Cir. 1985).

Once a *prima facie* violation is shown, the burden shifts to the respondent to either rebut the showing or to establish a defense such as inability to comply. *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996); *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505-06 (8th Cir. 2000). To prove inability to comply, "a defendant must show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex,* 74 F.3d at 720; (quoting *Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983)). This burden cannot be met by evidence that a respondent has made itself incapable of compliance since a "self-induced" impossibility is not a valid defense. *Chicago Truck Drivers*, 207 F.3d at 505-06; *Central States Pension Fund v. Wintz Properties,* 155 F.3d 868, 875 (7th Cir. 1998).

A motion for an order to show cause may be filed if a party believes that another party is not complying with an order of the court. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No.

C-3-06-371, 2008 U.S. Dist. LEXIS 57825, *10 (S.D. Ohio July 29, 2008) (*citing Reynolds v. G.M. Roberts* 207 F.3d 1288, 1298 (11th Cir. 2000)). If the motion states a case of non-compliance, the court may order the non-moving party to show cause as to why he or she should not be held in contempt and may schedule a hearing for that purpose. *Reynolds*, 207 F.3d at 1298. The sanction for civil contempt may be intended either to compensate for the injuries resulting from the noncompliance or to coerce future compliance. *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991); *Medpace, Inc. v. Biothera, Inc.*, No. 12-cv-179-TSB, 2014 U.S. Dist. LEXIS 165127, *4 (S.D. Ohio Nov. 25, 2014).[1]

### III. ARGUMENT

Defendant filed a motion with this Court for a protective order on April 3, 2015, after twice trying to confer with the Plaintiff on acceptable dates, and that the motion was pending when the deposition took place. *See* Doc. 39. For the reasons set forth in said motion, and in emails to the Plaintiff, the April 10 depositions were not to be held pending a ruling from the Court.[2] More so, the Rules preclude the use of the depositions against the Defendant—their only purpose at this point in the litigation was to inform Defendant's neighbors that he is being sued for downloading pornography.

There is no disputing that the Plaintiff intentionally violated the pending protective order. Such behavior undermines the authority of the court and the attorney may be sanctioned accordingly.

Plaintiff's violations went to the very heart of the protective order: 1) the perceived need to protect the privacy of the *alleged* Defendant; and 2) preserving the legal rights of the Defendant to participate in said depositions. In this case, Defendant's interest in these needs has been severely prejudiced despite any assertions otherwise.

An appropriate sanction must therefore must be imposed here, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 643 (1976).

---

[1] See also *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949); *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, No. 83-cv-3534, 1987 U.S. Dist. LEXIS 16918, *66-67 (N.D. Ohio Feb. 4, 1987); *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *Glover v. Johnson,* 199 F.3d 310, 313 (6th Cir. 1999).

[2] In the two matters undersigned has with the Plaintiff, it has demonstrated a knack for violating protective orders. See e.g., *Malibu Media v. Doe*, No. 14-cv-00493, Doc. 27 (S.D. Ohio March 16, 2015) (attached as Ex. B).

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court issue an Order precluding Plaintiff from using the April 10 depositions against the Defendant.

Defendant further requests that the Court enter a show cause order as to why Plaintiff and its counsel should not be sanctioned for their violation; and that the sanctions include an award of attorney's fees in drafting this motion, in addition to whatever non-monetary sanctions the Court deems appropriate.

Dated: April 16, 2015

Respectfully submitted,

*/s/ Jason E. Sweet*

_____
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: 617-250-8619
Fax: 617-250-8883
Email: jsweet@boothsweet.com
*Pro Hac Vice Appearance*

## CERTIFICATE OF SERVICE

I hereby certify that on this April 16, 2015 I filed the foregoing document and my supporting affidavit through the Court's CM/ECF system, which will serve the documents on all counsel of record who have consented to electronic service.

*/s/ Jason E. Sweet*