UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---------------------------------------------------------------X
                                                               :
MALIBU MEDIA, LLC,                                             :
                                                               :
                                                               : Civil Case No.: 2:14-cv-00821-ALM-TPK
                          Plaintiff,                           :
                                                               :
                                                               :
            vs.                                                :
                                                               :
                                                               :
DAVID RICUPERO,                                                :
                                                               :
                                                               :
                          Defendant.                           :
                                                               :
---------------------------------------------------------------X

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P.26(c)(1)(B) [CM/ECF 39]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby responds in opposition to Defendant's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)(B) ("Defendant's Motion") and files the following memorandum in support.

**I.    INTRODUCTION**

Defendant's stonewalling of discovery and his failure to produce any documents or provide Plaintiff with obviously relevant information to Defendant's own defense has prejudiced Plaintiff's ability to litigate this case. Specifically, Defendant claims that his internet was unsecured during the period of recorded infringement. However, in response to Plaintiff's discovery, Defendant refuses to provide identifying information of *any* third-parties who had access to his internet. Defendant's actions make clear his intention to frustrate discovery and prevent Plaintiff from uncovering the identities of third-party individuals. Defendant's delays cannot possibly constitute 'good cause' to grant Defendant's Motion. Indeed, Plaintiff is only seeking discovery related to a defense that Defendant set forth. Further, Defendant could and

1

should have conducted basic discovery into his "unsecured wifi" defense.  Instead, Defendant asks this Court to preclude discovery into obviously relevant evidence regarding his own defense.  Defendant should not be rewarded for his delay tactics.  For the foregoing reasons, as explained more fully below, unless this Court will prohibit Defendant from pointing the finger at someone else as a defense, it should deny Defendant's Motion.

## II.     LEGAL STANDARD

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible … if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"The party seeking a protective order under Rule 26 bears the burden of demonstrating the 'good cause' required to support issuing such an order." *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001), *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987).

## III.    ARGUMENT

### A.  Defendant Fails To Establish Good Cause For A Protective Order

Defendant does not establish good cause for his requested relief.  The two arguments he raises are not compelling.

#### i.    Defendant Knew About His Neighbors And Rule 26 Is Not Offended

First, Defendant argues that because Plaintiff did not timely disclose Ryan Houk, Kirck

2

Denton, Kasi Hickman, and Justin Milburn ("Defendant's Neighbors") in Plaintiff's 26(a) disclosures, Plaintiff is therefore precluded from deposing them.  Defendant is wrong, and he fails to establish the requisite good cause to warrant entry of a protective order.  While Defendant is technically correct that Plaintiff did not identify Defendant's Neighbors by name in its January 2, 2015 26(a) disclosures, this is explained by the fact that, at that time, Plaintiff had not yet ascertained the identities of Defendant's Neighbors.  Nothing in Rule 26(a) requires a party to disclose the identities of individuals not yet known to it.  Plaintiff complied with Rule 26(a) by listing Defendant's Neighbors as parties possessing "information regarding their own internet accounts and whether they were authorized, had access to, or used the Defendant's internet to infringe Plaintiff's copyrights via BitTorrent."  *See* Plaintiff's 26(a) Disclosures, attached hereto as Exhibit "A."

That Rule 26(a) has not been violated is obvious since Defendant knew Defendant's Neighbors identities, but chose to hide that information from Plaintiff.  On January 2, 2015, Plaintiff served an interrogatory upon Defendant, asking him to identify his neighbors and each person to whom Defendant provided access to his internet.  *See* CM/ECF 36-1.  Defendant stonewalled with the following inadequate response: "during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router." *Id.*  Even if Defendant did not know the individuals that were residing in his building during the period of recorded infringement—which does not seem to be the case—Defendant, not Plaintiff, was in the best position to determine his neighbor's identities.  Defendant either refused to perform a good faith investigation on this issue, or otherwise wrongfully concealed this information from Plaintiff.  He stonewalled and

3

flatly refused to provide the names of those individuals.[1]

Unless this Court prohibits Defendant from implicating his neighbors as a defense, Plaintiff needs the highly relevant Neighbors' testimony regarding their potential use of Defendant's internet. And especially since it is Defendant himself who has put his Neighbors' testimony at issue by raising their possible infringement as a defense, Defendant cannot rely on his noncooperation in discovery as a basis to exclude or forbid their testimony. *See R.H. Stearns Co. v. United States*, 291 U.S. 54, 61–62, 54 S.Ct. 325, 78 L.Ed. 647 (1934) ("He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned."); *see also Abrahamsen v. Trans-State Exp., Inc.,* 92 F.3d 425, 428-29 (6th Cir. 1996) ("Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.").

This is particularly true where, as here, Defendant was in an even better position than Plaintiff to identify his neighbors. Because Defendant *knew* of these witnesses and himself alleged that his neighbors had access to his unsecured internet, Defendant could have conducted discovery on same. This further established that Defendant does not have the requisite good cause to obtain a protective order. *See Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008) (where defendant argued that discovery would be prejudicial because defendant had no prior notice of the information sought, the court denied defendant's motion for entry of a protective order, holding that "[d]efendant [provided] no

---

[1] Defendant also refused to identify his roommates, forcing Plaintiff to issue a subpoena *duces tecum* on Defendant's landlord. Through proceeding in this round-about way, Plaintiff recently obtained the names of Defendant's roommates, and has moved to extend discovery so that it may now depose them.

specific facts demonstrating a serious injury … and the court is unpersuaded that Defendant was somehow prevented from conducting this same discovery earlier in time.")

To the extent Defendant tries to fault Plaintiff for not supplementing its Rule 26 disclosures, that overly technical argument is wholly without merit because "there is no duty to supplement a Rule 26 disclosure if the information has been otherwise made known to the parties in writing *or during the discovery process*, as when a witness not previously disclosed is identified during the taking of a deposition." *Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (emphasis added).  Indeed, where, as here, the targeted depositions have already occurred, Rule 26 does not establish good cause for a protective order.  *See United States v. Roberts*, 830 F. Supp. 2d 372, 387 (M.D. Tenn. 2011) ("While Rule 26(a) seeks to prevent 'ambush at trial' … those concerns can become moot when a deposition is actually taken." *United States v. Roberts*, 830 F. Supp. 2d 372, 387 (M.D. Tenn. 2011).  This notwithstanding, Plaintiff now supplements its 26(a) disclosures in what is attached hereto as Exhibit "B."

### ii. Defendant's Conferral Argument Is Not Compelling Because Defendant Himself Refused To Cooperate

In a last ditch effort, Defendant asks the Court to enter a protective order on the basis that Plaintiff did not adequately confer prior to scheduling the Neighbor Depositions.  That argument misses the mark because Plaintiff *expressly* advised undersigned that it would "gladly continue the [neighbor] depositions to a mutually agreeable date." *See* Parties Email Exchanges, attached hereto as Composite Exhibit "C."  Defendant did not respond with alternate dates.  Clearly, Plaintiff exhibited willingness to confer and accommodate defense counsel's schedule.  Stated differently, any initial non-conferral by Plaintiff was perpetuated and exacerbated by Defendant's attorney's own noncooperation.  Since Defendant's attorney refused to cooperate with the scheduling, and because the discovery deadline was fast approaching, Plaintiff

proceeded with the Neighbor Depositions so as to adequately prepare for dispositive motion practice and trial.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)(B).

Dated: April 17, 2015

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

/s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Yousef Faroniya*