UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

---

MALIBU MEDIA, LLC,

        Plaintiff,

vs.

DAVID RICUPERO,

        Defendant.

Case No. 2:14-cv-00821-ALM-TPK

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER PROHIBITING HIS DEPOSITION [CM/ECF 41]**

Plaintiff Malibu Media, LLC ("Plaintiff") files its response in opposition to Defendant's Motion for Protective Order, and files the following memorandum.

## I. INTRODUCTION

A review of the case docket plainly reflects that, throughout these proceedings, Defendant David Ricupero ("Defendant") and his attorney have continued to employ delay tactics. Their ongoing failures to adequately respond to discovery or produce *any* responsive documents have precluded Plaintiff from pushing this case forward in a timely fashion. After Plaintiff obtained information from third parties that Defendant wrongfully withheld, Plaintiff requested Defendant's availability for a deposition. Defendant refused to advise of his availability, so Plaintiff unilaterally scheduled a date, offering to reschedule the deposition to another time if Defendant indicated his availability. Defendant refused, did not appear at the deposition, and now files a motion asking the Court to protect him from being deposed. Defendant's request is equitably and legally unsupportable. It should be denied.

1

## II. FACTS

Plaintiff sued Defendant for unlawfully downloading and distributing twenty six (26) of Plaintiff's copyrighted movies. *See* CM/ECF 5. Defendant denied wrongdoing. Specifically, although a self-admitted BitTorrent user, Defendant claimed his wireless internet was open, and suggested one of his roommates or neighbors infringed. Plaintiff served Defendant with interrogatories and requests for production to corroborate his defense. *See* CM/ECF 36. Since Plaintiff would only have one opportunity to depose Defendant, it waited to receive Defendant's discovery prior to taking his deposition. Unfortunately, Defendant stonewalled for months—he failed to produce a *single* document or his hard drive, and even refused to identify the individuals with access to his internet. *See id.*

After undersigned's good faith efforts to secure relevant discovery proved futile, Plaintiff filed a motion to compel, *see id.*, and e-mailed Defendant's attorney to request available dates for Defendant's deposition. *See* CM/ECF 41-1. Plaintiff proposed April 10, 2015. *Id.* Defendant's attorney indicated that he was unavailable on that date and from April 19-28. *Id.* He declined to provide suitable dates. *Id.* Undersigned thus unilaterally scheduled the deposition for April 15, 2015, advising Defendant's attorney: "*I have not heard back from you regarding a deposition date and time for Defendant, so I had to unilaterally schedule it. However, I am open to changing the date if you can provide me with a reasonable date and time.*" CM/ECF 41-4.

Defendant's attorney again did not discuss his availability or offer alternative dates. He simply instructed Defendant to not show up for the subpoenaed deposition. Although it has every right to do so, Plaintiff is not currently seeking sanctions for Defendant's delay tactics and bad faith stonewalling, nor is Plaintiff requesting reimbursement for its lost costs in attending the

2

deposition. Instead, Plaintiff simply seeks to reschedule Defendant's deposition, and has moved to extend discovery.

Amazingly, Defendant now moves for a protective order. Defendant's motion contains inconsistent and intentionally misrepresented facts[1] and is legally unsupportable. For the reasons that follow, it should be denied.

### III.  LEGAL STANDARD

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…[.]" Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action…[r]elevant information need not be admissible … if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

"The party seeking a protective order under Rule 26 bears the burden of demonstrating the 'good cause' required to support issuing such an order." *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001), *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987).

---

[1] The Court should take note of Defendant's constant bad faith gamesmanship throughout these proceedings. Focusing on the subject motion, Defendant falsely informs the Court that "Plaintiff never … requested dates the Defendant would be available [for a deposition]." CM/ECF 41 at p. 2. Yet, one page earlier, Defendant candidly conceded that on March 30, 2015, Plaintiff sent an email that "requested the availability of the Defendant for deposition." *Id.* at p. 1. That Plaintiff attempted to obtain available dates for Defendant's deposition is also reflected in Defendant's exhibits. Defendant additionally falsely accuses Plaintiff of "continu[ally] fail[ing] to pursue discovery" and Defendant misleads the Court by suggesting "[t]he Defendant's deposition, aside from his hard drive, is the only discovery Plaintiff has suggested as central." *Id.* at p. 2. These claims are incredibly disingenuous and demonstrably false. Plaintiff has gone to great lengths to obtain discovery from Defendant. Defendant's attorney has repeatedly raised boilerplate objections, filed baseless motions, and has generally withheld nearly all discovery, presumably to increase litigation costs and deprive Plaintiff from trying this case on the merits. *See generally* CM/ECF 36.

3

## IV.  ARGUMENT

Defendant does not establish good cause for his motion.

### A. Although Now Moot, Defendant Would Not Have Been Entitled To A Protective Order Regarding His April 15, 2015 Deposition

On March 30, 2015, Defendant was asked for his availability to be deposed. On April 3, 2015, after Defendant failed to indicate his availability, Plaintiff unilaterally scheduled his deposition for April 15, 2015. Plaintiff expressly advised Defendant it would willingly reschedule the deposition if April 15, 2015 was unworkable, but Defendant declined to respond or offer alternative dates. Since Defendant did not identify any other date to be deposed, the April 15, 2015 deposition naturally proceeded as scheduled. Plaintiff was (and is) willing to reschedule the April 15, 2015 deposition. Although Defendant files a motion for a protective order expressing willingness "to confer on mutually agreeable dates" to reschedule his deposition, no such efforts have been made. *See* CM/ECF 41 at p. 1. Indeed, Defendant could have avoided incurring the time and expense of filing the subject motion by simply working with Plaintiff at rescheduling a workable date. Under the circumstances, Defendant's unnecessarily-filed motion for a protective order regarding his April 15, 2015 deposition is entirely moot. Nevertheless, Defendant would not have been entitled to that relief.

#### i.  The April 15, 2015 Deposition Date Did Not Offend Rule 30(b)

Defendant first argues that he did not have reasonable notice of his April 15, 2015 deposition within the meaning of Rule 30(b). *See* CM/ECF 41 at p. 2. Although "a party who wants to depose a person … must give reasonable written notice," Fed. R. Civ. P. 30(b)(1), the rule "does not require any particular number of days, so that reasonableness may depend on the particular circumstances." *Hart v. U.S.*, 772 F.2d 285, 286 (6th Cir. 1985). Defendant does not explain why thirteen days' notice was insufficient. In context, it was. Plaintiff set the deposition

4

for April 15, 2015 and *expressly* offered to work with Defendant to reset same if the April 15, 2015 date were unworkable. Defendant and his attorney refused to indicate their deposition availability, and Defendant's motion for a protective order concedes this point. Since Defendant failed to cooperate, he cannot now argue that the April 15, 2015 date was unreasonable under Rule 30(b). Defendant's own case law instructs that Defendant has no "basis to complain [because] he who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (citing *R.H. Stearns Co. v. U.S.*, 291 U.S. 54, 61–62 (1934)).

Defendant alternatively argues that Rule 30(b)(1) is offended since "counsel is entitled, when possible, to a date which does not conflict with other obligations and to an opportunity to prepare for the deposition." CM/ECF 41 at p. 2. This argument fails because Defendant's attorney's refusal to discuss his affirmative availability made it impossible to reschedule the deposition for a more workable date. If Defendant or his attorney believed that the April 15, 2015 date was unreasonable or unworkable, they had an obligation to not only communicate this to Plaintiff but to also cooperate towards rescheduling the date. Quite obviously, this is not a case in which the Court should exercise its discretion to find a Rule 30(b)(1) violation.

      ii. **Defendant Did Not Appear For His April 15, 2015 Deposition, So Rule 32(a)(5)(A) Is Not Implicated**

Defendant next argues that a protective order prohibiting his April 15, 2015 deposition is necessary because the deposition testimony would be inadmissible at trial pursuant to Rule 32(a) and would consequently "serve no purpose." CM/ECF 41 at p. 4. This argument is incoherent. Even assuming Defendant is correct that his April 15, 2015 deposition testimony would have been inadmissible at trial even for impeachment purposes, that inadmissibility would in no way render the testimony purposeless. To the contrary, Plaintiff could have absolutely relied upon

5

Defendant's April 15, 2015 deposition testimony for purposes of motion practice, and the dispositive motion deadline in this case is still a month away. *See, e.g., Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir. 1992) (holding that deposition testimony may be usable at the summary judgment stage, even if not usable at trial under Rule 32(a)(5)(A)). Defendant's reliance on Rule 32(a) is misguided. Moreover, Defendant does not provide any legal analysis as to why Plaintiff's inability to rely on the testimony at trial warrants depriving Plaintiff from obtaining this discovery. As Defendant's attorney surely knows, parties are allowed to obtain discovery that is relevant, and relevancy has a far more lenient standard than admissibility.

### B. Defendant Offers No Substantive Argument For Why He Should Be Shielded From Submitting To A Future Deposition

It would appear that Defendant's motion for a protective order is likewise intended to seek an order shielding him from *any* future depositions. As a preliminary note, this request is inconsistent with Defendant's representation that he agrees to "confer on mutually agreeable dates" to arrange for his re-scheduled deposition. *See* CM/ECF 41 at p. 1. This aside, Defendant's request to be shielded from a deposition is without any merit. It is axiomatic that a plaintiff has an affirmative right to depose a defendant.

Defendant first argues that he is entitled to this relief pursuant to Rules 30(b) and 32(a)(5)(A). Defendant does not meaningfully discuss these points, and his arguments are illogical. As articulated *supra*, Rule 30(b) is merely concerned with ensuring that parties are given reasonable notice of a scheduled deposition. Since Defendant's deposition has not yet been rescheduled, it is absurd to prematurely argue that he will not have reasonable notice of same. When Defendant finally confers with Plaintiff to reschedule his deposition, as he suggests he is willing to do, the parties will surely arrange a date consistent with the mandates of Rule

30(b).  Nor may Defendant rely on Rule 32(a)(5)(A).  That rule merely sets forth the conditions under which a deposition may be used against a party.

Defendant also argues that he should be protected from having to sit for a deposition because Plaintiff waited too long to schedule same.  This is nonsense because it was Defendant's own ongoing refusals to comply with his discovery obligations—and general bad faith failure to cooperate in discovery—that caused this delay.  Plaintiff is only allowed to depose Defendant once as a matter of right.  Defendant's attorney certainly understood that once Defendant complied with his discovery obligations, Plaintiff would seek to depose Defendant to question him about his discovery.  Plaintiff made timely, repeated, diligent, and good-faith efforts to obtain complete and responsive discovery.  *See generally* CM/ECF 36.  Defendant's attorney intentionally obstructed these efforts by adopting needless delay tactics and raising baseless objections.  *See id.*  To this day, Defendant has failed to produce a *single* document and has declined to provide *any* information to corroborate his defenses.  That he now seeks to rely on his discovery failures to ask the Court to protect him from submitting to a deposition only further illustrates Defendant's unreasonable noncooperation.

Defendant's discovery violations needlessly delayed these proceedings and forced Plaintiff to issue third party subpoenas to obtain the information Defendant wrongfully withholds.[2]  Once Plaintiff obtained some of this information and since the discovery cut-off was fast approaching, Plaintiff promptly sought to schedule Defendant's deposition, and moved to extend discovery.  It is patently obvious that the delays in this case have been caused by Defendant's uncooperativeness and ongoing discovery failures.  Defendant's argument that Plaintiff has failed to pursue discovery with due diligence is demonstrably false and should fall

---

[2] Plaintiff served a subpoena *duces tecum* on Defendant's landlord to obtain Defendant's lease agreement.  This proved productive, as Plaintiff finally learned the identities of third-party individuals who resided in Defendant's home during the period of recorded infringement.

on deaf ears. Case law instructs that in light of Defendant's unclean hands, Plaintiff has established good cause for seeking to depose Defendant when it did and for moving to extend discovery  By equal measure, case law instructs that Defendant has not established good cause for evading his obligations in this litigation (including the obligation that he submit to a deposition). *See generally* CM/ECF 47; *see also Felkins v. City of Lakewood*, 2012 WL 3846830, at *1 (D. Colo. 2012) ("The court finds that Defendant should not be foreclosed from conducting discovery into an issue as significant as reasonable accommodations because of Plaintiff's shortcomings and delays in providing relevant discovery."); *E.E.O.C. v. Taco Bell Corp.*, 575 F. Supp. 2d 884, 890 (W.D. Tenn. 2008) ("[T]he EEOC has demonstrated diligence in finding the identity of the Aggrieved Party and because any prejudice to Taco Bell stems primarily from its own delay and actions, the Court finds good cause for the modification of the scheduling order"); *Sulfuric Acid*, 231 F.R.D. at 327 ("He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned").

Respectfully, allowing Defendant to use his own discovery violations to hide from being deposed would frustrate basic notions of fairness and the entire purpose of our judicial system, which is designed to resolve cases on the merits. *See U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958) (noting that the overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the issues are resolved based on a full and accurate understanding of the true facts and embody a fair and just result); *Brown v. Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2014 WL 2987051, *16 (S.D. Ohio July 1, 2014); *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428-29 (6th Cir. 1996) ("Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to

promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case.")

V.      **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court (1) deny Defendant's Motion; (2) instruct Defendant and his attorney to cooperate in these proceedings so that this case may be decided on its merits; and (3) grant Plaintiff any additional and further relief deemed appropriate.

Respectfully submitted,

**YMF, INC.: The Law Office of Yousef M. Faroniya**

 /s/ *Yousef M. Faroniya*
Yousef M Faroniya
84 S. 4th St.
Columbus, Ohio 43215
Tel.: (614) 360-1855
Fax: (614) 859-5016
E-mail: yousef@ymfincorporated.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

 /s/ *Yousef M. Faroniya*