# EXHIBIT A

**From:** jsweet@boothsweet.com
**Subject:** Reply to Objections; SOH83 2:14-cv-00821-ALM-TPK
**Date:** February 12, 2015 at 4:10 PM
**To:** Yousef Faroniya  yousef@ymfincorporated.com
**Bcc:** Jason Sweet  jsweet@boothsweet.com

Yousef

As we discussed Tuesday, please find Defendant's replies attached below.

Jason



Reply to Objections.pdf

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883
www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments.

BOOTH SWEET LLP

**BOOTH SWEET LLP**

32R Essex Street  Cambridge, MA 02139
T: 617.250.8602  |  F: 617.250.8883  |  www.boothsweet.com

February 12, 2015

Via PDF E-Mail

Yousef M. Faroniya
YMF Inc.
84 S. 4th St.
Columbus, Ohio 43215
(614) 961-6606
yousef@YMFincorporated.com

Re:   Plaintiff's Objections to Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Documents; *Malibu Media, LLC v. David Ricupero*; No. 2:14-cv-00821-ALM-TPK (S.D. Ohio)

Atty. Faroniya:

This letter is being written in response to, and in supplement of, our phone conversation on February 10, 2015.

___

I.   **Extension of Discovery Deadlines.**

As an initial matter, the email dated February 5, 2015, wherein Plaintiff attached its objections, also requested the Defendant consent to an extension of the expert deadline (currently set for February 21, 2015) as Plaintiff "do[es] not have Defendant's hard drives and our expert's examination of these devices will take at least four weeks."

As the Defendant stated in an email dated February 6, 2015 and again during the phone call, he will not consent to an extension for the following reasons:

1. This is a discovery schedule which the Plaintiff drafted, filed and consented to before the Court. Defendant assumes Plaintiff's expert in this matter is Patrick Paige, who is identified as its forensic expert in the more the 3,500 cases which Plaintiff has filed. If Mr. Paige is unavailable, or more likely overburdened, it is the Plaintiff's onus to hire another expert in order to comply with the discovery schedule it drafted.

2. It remains unclear why four weeks are required. As identified in the response to Interrogatory No. 4, what's at issue is a single hard drive. At most only two weeks would be required.

3. Plaintiff knew Defendant's identity as early as September 22, 2014, but made no discovery demands of him until January 5, 2015. More to the point, when the undersigned asked when and how the Defendant should make his hard drive available for imaging, Plaintiff's counsel responded "that's a good question" and stated there was no procedure currently in place to examine Defendant's hard drive. This is baffling, given:

    a. Plaintiff is requesting to extend the discovery deadline to do something it apparently had no intention to timely do to begin with.

    b. Plaintiff contends in its objections, Defendant's "computer itself is at the heart of the litigation." It is "an instrumentality of the alleged copyright infringement." Which begs the question, if Plaintiff has no plans to examine Defendant's hard drive how does it expect to prove its claims?

___

## II. Control of Documents.

Second, in its discovery requests Plaintiff seeks to extend property law to include documents and devices otherwise considered outside the possession, custody or control of the Defendant.

    3. If not expressly stated, "control" means in your possession, custody, or control and *includes documents and things in the possession, custody or control of any other person in your house, apartment or dwelling*.

See e.g., *Plaintiff's Request for Production of Documents*, Schedule A, Definitions.

To wit, most of Plaintiff's requests (*i.e.,* Req. No. 1 "*each* Computer Device in your house, apartment or dwelling; Req. No.5 "*any* Computer Device in your house") make demands for documents and devices outside of the Defendant's possession, hence the repeat objection.

___

## III. Defendant's Reply to Plaintiff's Objections over Requests to Produce.

**REQUEST NO. 1:** A forensically sound copy (a clone) of the hard drive for each Computer Device in your house, apartment or dwelling in the past four years.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and vague insofar as it requests a copy of the hard drive for "*each* Computer Device in your house, apartment or dwelling *in the past four years*." Defendant further objects to this Request to the extent that it seeks documents 1) not in Defendant's possession, custody, or control (*i.e.,* "*each* Computer Device in your house, apartment or dwelling"); and 2) prior to the period of alleged infringement, which Plaintiff defines as "March 24, 2013 through May 20, 2014." Defendant also objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. *See e.g., Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."). Lastly, Defendant objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks a forensically sound copy (a clone) of the hard drive for each Computer Device in Defendant's house, apartment or dwelling in the past four years. Defendant objected claiming that the request is overly broad, unduly burdensome, vague, not in Defendant's possession, irrelevant, attorney-client privilege and protected from disclosure by the work product doctrine. Plaintiff will agree to limit the time frame to the last two years. The period of

recorded infringement began in April 2013.[1] Therefore, computer devices used within the last two year is reasonable. Plaintiff is unable to address Defendant's objections regarding possession of these computer devices because Defendant failed to explain this objection in detail. What exactly is no longer in Defendant's possession and why? Further, Defendant's computer devices are absolutely relevant. In fact, "where the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (emphasis added) (allowing Plaintiff to examine Defendant's hard drive under a protective order). Indeed, "inspection of a computer's contents is frequently permitted in cases involving copyright infringement." *Dassault Systemes, S.A. v. Childress*, 2012 WL 993959 at *2 (E.D. Mich., 2012). "Thus, courts have permitted imaging of hard drives where the use of the computer or its files forms the basis of the plaintiff's claims against the defendant." *Piccone v. Town of Webster*, 2010 WL 3516581 at *8 (W.D.N.Y. 2010). Further, as distinguishable from other civil matters, Plaintiff is not just seeking the production of documents merely contained within a computer. Instead, Plaintiff seeks production of Defendant's hard drive as a whole and in its entirety, because the hard drive *itself* is the actual physical evidence – the instrument used to commit the tort. Simply put, Defendant's hard drive is not just the storage device (or filing cabinet) in which relevant documents reside. It is also the physical evidence that can establish infringement. In fact, the computer professional creating the forensically sound images is instructed to take photographs of the hard drives and report any exterior damage. Indeed, in a criminal proceeding, the hard drive itself (not just its contents), would be physical evidence. Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute its copyrighted works. Because BitTorrent clients and torrent files may be located on computer hard drives, external storage devices, and video game consoles, a complete copy of each is relevant and discoverable. Lastly, regarding Defendant's attorney-client privilege and work product objections, Plaintiff believes that a suitable protective order can extinguish this concern. And other courts around the country have agreed an entered a protective order to protect any attorney-client and work-product privileged documents. Please provide undersigned with a suitable protective order so that we can agree to its entry.

**DEFENDANT'S REPLY:**
First, contrary to established property law, as noted above, Plaintiff seeks to include devices owned by others which, by definition, are outside Defendant's possession, custody or control.

Second, Plaintiff fails to state a basis for access to Defendant's entire hard drive. Defendant is an application developer and his hard drive contains numerous confidential client files as well as files unrelated to Plaintiff's claims. The out-of-state cases cited by Plaintiff involve instances wherein the defendant had already admitted to the downloading (*Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977, *8 (D. Mass. 2009) or there was evidence of spoliation or evidence tampering. *Piccone v. Town of Webster*, 2010 WL 3516581, *7 (W.D.N.Y. 2010) ("imaging may be justified where the party's discovery responses contain 'discrepancies or inconsistencies.'") (citation omitted). *See also, Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."); *Bennett v. Martin*, 186 Ohio App. 3d 412, 424-427 (Ohio App. Ct. Nov. 24, 2009) ("Generally, courts are reluctant to compel forensic imaging, largely due to the risk that the imaging will improperly expose privileged and confidential material contained on the hard drive … When a requesting party demonstrates either discrepancies in a response to a discovery request or the responding party's failure to produce requested information, the scales tip in favor of compelling forensic imaging.").

---

[1] In its objection to Req. Nos.1 & 8, Plaintiff states the period of infringement began "in April 2013." However, it states otherwise in its definitions. See e.g., *Plaintiff's Request for Production of Documents*, Schedule A, Definitions ("Period of Recorded Infringement" means from March 24, 2013 through May 20, 2014.). Please clarify.

3

Nonetheless, as stated in the phone call, Defendant is willing to submit his hard drive pursuant to a suitable protective order.

_____

**REQUEST NO. 2:** All documents referring, relating to or comprising records associated with the purchase of a Computer Device within the last four years.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it seeks documents associated with events prior to the period of alleged infringement (*i.e.,* "the last four years"), which Plaintiff defines as "March 24, 2013 through May 20, 2014" nor to reasonably be in the Defendant's possession, custody or control. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks all documents referring, relating to or comprising records associated with the purchase of a Computer Device within the last four years. Defendant objected claiming that the request was overly burdensome and vague in that it seeks documents prior to the period of recorded infringement. Defendant further objected claiming that such documents are not in Defendant's possession, custody, or control. Plaintiff will agree to limit the time frame to the last two years and will accept a statement that Defendant has made reasonable efforts to obtain responsive documents not in Defendant's possession, custody, or control. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Defendant identified the Computer Devices he owns in Interrogatory No. 4. Of the two devices, Defendant's iPhone was purchased within the two-year time period. Defendant does not have any documents in his immediate possession referring, relating to or comprising records associated with the purchase of the iPhone. Defendant has requested his credit card statements from that period.

_____

**REQUEST NO. 3:** All documents referring, relating to or comprising records associated with the purchase or installation of a modem or wireless router within the last four years.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it seeks documents associated with events prior to the period of alleged infringement (*i.e.,* "the last four years"), which Plaintiff defines as "March 24, 2013 through May 20, 2014" nor to reasonably be in the Defendant's possession, custody or control. Defendant further objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks all documents referring, relating to or comprising records associated with the purchase or installation of a modem or wireless router within the last four years. Defendant objected claiming that the request was overly burdensome and vague in that it seeks documents prior to the period of recorded infringement. Defendant further objected claiming that such documents are not in Defendant's possession, custody, or control. Plaintiff will agree to limit the time frame to the last two years and will accept a statement that Defendant has made reasonable efforts to obtain responsive documents not in his possession. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Defendant's router, which is the property of his ISP, is more than four years old. Thus, the discovery request falls outside the period of alleged infringement. Defendant

does not have any documents in his immediate possession referring, relating to or comprising records associated with the purchase or installation of the router. Nonetheless, Defendant has requested the documents from his ISP.

The make and model of the router is identified in Interrogatory No. 5. Given the volume of litigation Plaintiff has engaged in, it is likely these documents are already within its possession.

_____

**REQUEST NO. 4:** All documents referring, relating to or comprising records associated with your use of a modem or wireless router, including any accompanying user guides, hand books, access codes, passwords, account information, guest account information, warning statements, or other information pertaining to the set up, use, and control of the wireless router or modem.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, vague, and not reasonably specific insofar as it does not identify a time period for which the documents are sought. Defendant further objects to this Request to the extent that it seeks documents not in Defendant's possession, custody, or control. Defendant also objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Request No. 4. seeks "[a]ll documents referring, relating to or comprising records associated with your use of a modem or wireless router, including any accompanying user guides, hand books, access codes, passwords, account information, guest account information, warning statements, or other information pertaining to the set up, use, and control of the wireless router or modem." Defendant objected claiming that the request was overly broad, unduly burdensome, vague, and not reasonably specific in that it does not specify a time period. Defendant further objected claiming that the requests are irrelevant, and that such documents are not in Defendant's possession, custody, or control. Plaintiff will agree to limit the time frame to the last two years and will accept a statement that Defendant has made reasonable efforts to obtain responsive documents which are not in his possession. However, Defendant's argument that the request is irrelevant is without merit. Indeed, hand books and user guides for Defendant's devices reveal the inner workings and password settings of the modems and routers. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Defendant's router, which is the property of his ISP, is more than four years old. Thus, the discovery request falls outside the period of alleged infringement. Defendant does not have any documents in his immediate possession referring, relating to or comprising records associated with the use of the router. Nonetheless, Defendant has requested the documents from his ISP. The make and model of the router is identified in Interrogatory No. 5. Given the volume of litigation Plaintiff has engaged in, it is likely these documents are already within its possession.

_____

**REQUEST NO. 5:** All documents referring, relating to or comprising records of any computer programs downloaded, uploaded, or placed on any Computer Device in your house, apartment or dwelling.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, vague, and not reasonably specific insofar as it requests "*all documents*" for "*any computer programs*" on "*any* Computer Device in your house, apartment or dwelling." over an unidentified period of time. Defendant further objects to this Request to the extent that it seeks documents not in Defendant's possession, custody, or control. Defendant also objects on the grounds it seeks information (*i.e.,* "any computer programs") that is not relevant to the subject matter of this

5

action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff requested all documents referring, relating to or comprising records of any computer programs downloaded, uploaded, or placed on any Computer Device in your house, apartment or dwelling. Defendant objected claiming that the request was overly broad, unduly burdensome, vague, and not reasonably specific in that it does not specify a time period. Defendant further objected claiming that the requests are irrelevant, and that such documents are not in Defendant's possession, custody, or control. Plaintiff will agree to limit the time frame to the last two years and will accept a statement that Defendant has made reasonable efforts to obtain responsive documents which are not in his possession. However, Defendant's argument that the request is irrelevant is without merit. Indeed, a list of computer programs would show whether Defendant had a BitTorrent protocol installed on his computer device. This list may also show whether Defendant has any sophisticated wiping software which could remove evidence from the hard drives. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Contrary to established property law, as noted above, Plaintiff seeks to include devices owned by others which, by definition, are outside Defendant's possession, custody or control. Defendant has already admitted to using BitTorrent in Interrogatory No. 11. During the phone call, Defendant identified uTorrent as the specific client used. These two responses render the necessity of this request moot. Additionally, Defendant has already expressly denied downloading the Works and/or using any wiping software.

_____

**REQUEST NO. 6:** All documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, notices of alleged copyright infringement, and Digital Millennium Copyright Act notices.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it does not identify a time period for which the documents are sought nor to reasonably be in the Defendant's possession, custody or control. Defendant further objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, notices of alleged copyright infringement, and Digital Millennium Copyright Act notices. Defendant objected claiming that the request was overly burdensome, vague, and not reasonably specific in that it does not specify a time period. Defendant further objected claiming that the requests are irrelevant, and that such documents are not in Defendant's possession, custody, or control. Plaintiff will agree to limit the time frame to the last two years and will accept a statement that Defendant has made reasonable efforts to obtain documents which are not in his possession. However, please take note that Defendant's internet bills and proof of payments are in Defendant's possession, custody, or control because Defendant has access and can demand such records from his internet service provider. Defendant's argument that the request is irrelevant is without merit. Such documents may contain monthly internet usage capacity or other information that would make BitTorrent use probable and may otherwise yield admissible evidence relating to Plaintiff's claim. And, notices of infringement demonstrate Defendant's knowledge that his internet was being used to infringe copyrights. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Plaintiff fails to explain how "contracts or agreements" Defendant has with his ISP or notices of infringement of third-party content is relevant to claims its Works were directly infringed by the Defendant. Defendant does not recall receiving any DMCA notices for Plaintiff's works. In addition to using BitTorrent, high data usage can result from Skype, streaming, online gaming, software updates, purchasing digital media or having an unsecured wireless router, to name a few. It is not indicative of "serial infringements" or that Defendant knew his connection was being used to infringe the Defendant's Works. Nonetheless, Defendant has requested the documents from his ISP.

_____

**REQUEST NO. 7:** All documents, including credit card statements, receipts, or other statements referring to or relating to the purchase and installation of anti-virus software for use on a Computer Device in your house, apartment or dwelling.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it does not identify a time period for which the documents are sought nor to reasonably be in the Defendant's possession, custody or control. Defendant further states he has neither purchased nor installed anti-virus software on a Computer Device in his possession, custody or control; nor directed anyone to do so on his behalf. Defendant further objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff asked for all documents, including credit card statements, receipts, or other statements referring to or relating to the purchase and installation of antivirus software for use on a Computer Device in the Defendant's house, apartment or dwelling. Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Defendant has already stated he has neither purchased nor installed anti-virus software on a Computer Device in his possession, custody or control; nor directed anyone to do so on his behalf. Thus, he has no responsive documents and stands by his initial response.

_____

**REQUEST NO. 8:** A complete copy of all of the files contained within any file hosting service account which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such file hosting service, including the contract, and all statements of account and usage. For purposes of your answer, "file hosting service" should be interpreted to mean any cloud storage service, online file storage provider, or cyber locker which allows users to upload files which could then be accessed over the internet from a different computer device. Examples of these types of services include by are not limited to Google Drive, DropBox, MediaFire, RapidShare, ShareFile, SkyDrive, and Box.

**DEFENDANT'S RESPONSE:** Defendant objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. *See e.g., Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007) (citing *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."). Defendant further objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks a complete copy of all of the files contained within any file hosting service account which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such file hosting service, including the contract, and all statements of account and usage. Defendant objected claiming that the request is overly burdensome, vague, not in Defendant's possession, irrelevant, subject to attorney-client privilege and protected from disclosure by the work product doctrine. Plaintiff will agree to limit the time frame to the last two years. The period of recorded infringement began in April 2013. Therefore, media storage folders/file hosting service accounts used within the last two years is reasonable. Please advise if this moots the issue regarding your objection that the computer devices are not in Defendant's possession. In addition, the contents of Defendant's file hosting service accounts are absolutely relevant. "[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive under a protective order). Indeed, "inspection of a computer's contents is frequently permitted in cases involving copyright infringement." *Dassault Systemes, S.A. v. Childress*, 2012 WL 993959 at *2 (E.D. Mich., 2012). Further, as distinguishable from other civil matters,Plaintiff is not just seeking the production of documents merely contained within a file hosting service account. Instead, Plaintiff seeks production of Defendant's file hosting service accounts as a whole and in its entirety, because the storage folders themselves are the actual evidence. Plaintiff's infringement claim is based on Defendant's use of the BitTorrent network to copy and distribute its copyrighted works. Because BitTorrent clients and torrent files may be located on media storage folders a complete copy of each is relevant and discoverable. Lastly, regarding Defendant's attorney-client privilege and work product objections, Plaintiff believes that a suitable protective order can extinguish this concern. Please provide undersigned with a suitable protective order so that we can agree to its entry.

**DEFENDANT'S REPLY:** Plaintiff fails to state a basis for access to Defendant's storage folders as a whole. Defendant is an application developer and these folders contain numerous confidential client files as well as files unrelated to Plaintiff's claims. Nor is the request necessary to prove infringement as Defendant's laptop would be the instrument of the infringement. If Plaintiff finds evidence of infringement on Defendant's laptop but no files, then it logical to request access to these folders. Even then, it is unclear why a screenshot of the files and their size would not be sufficient to indicate which, if any, was a movie file.

_____

**REQUEST NO. 11:** Any documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents dating two months before and until and including two months after the time of the alleged infringement that would indicate that you were not at your residence or within the control of your IP address at or around the time of infringement.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request as overly broad, and unduly burdensome. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff requested any documents pertaining to receipts of purchases, credit card statements, checks cashed, bank account statements, or travel documents dating two months before and until and including two months after the time of the alleged infringement that would indicate that the Defendant was not at the residence or within the control of the IP address at or around the time of infringement. Defendant objected claiming that the request is overly broad and unduly burden but fails to provide any explanation for these objections. Accordingly, these boilerplate objects have been waived. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** If Defendant had asserted traveling at the times of infringement as a defense, the relevancy of these documents would be understandable. He has not. Nonetheless, Defendant has requested his credit card statements from that period, and will review them for responsiveness.

_____

**REQUEST NO. 12:** Any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement.

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it does not identify a time period for which the documents are sought nor to reasonably be in the Defendant's possession, custody or control. Defendant also notes some of the requested documents are publicly available from the Registry of Deeds. Defendant further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Seeks any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement. Defendant objected, claiming that the request is overly burdensome, vague, responsive documents are not in Defendant's possession, and the request is irrelevant. Defendant's objections are disingenuous. The request cannot possibly be vague and overly burdensome because Defendant was able to refer Plaintiff to the Registry of Deeds and therefore Defendant knows what documents Plaintiff is seeking. Further, the purpose of this request is to determine individuals at the residence during the period of recorded infringement. If your client intends to later state that a tenant resided at the property, he must produce that lease agreement. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Herein, Plaintiff attempts to force the Defendant to conduct the investigation the Plaintiff should have done prior to filing suit. Plaintiff sued the Defendant knowing that the Defendant may not be the infringer, and is now using discovery as a fishing expedition to identify other potential defendants. Defendant will provide a copy of his lease agreement for the property.

_____

**REQUEST NO. 13:** All documents pertaining to any electronic correspondence issued from the computer devices to any other device able to connect to the internet including all emails, instant messages, social network postings, chat room comments, and any and all other forms of electronic communication in the last six months that mentions or relates to the "Work".

**DEFENDANT'S RESPONSE:** Defendant objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks documents pertaining to any electronic correspondence issued from the computer devices to any other device able to connect to the internet including all emails, instant messages, social network postings, chat room comments, and any and all other forms of electronic communication in the last six months that mentions or relates to the

"Work". Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Defendant stands by his initial response.

_____

**REQUEST NO. 14:** All documents pertaining to any forensic software that was used to preserve or delete files, programs, software, or any other type of electronic data in the last year.

**DEFENDANT'S RESPONSE:** Defendant has neither himself used, nor instructed anyone else to use, any forensic software "to preserve or delete files, programs, software, or any other type of electronic data in the last year." Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**PLAINTIFF'S OBJECTION:** Plaintiff seeks all documents pertaining to any forensic software that was used to preserve or delete files, programs, software, or any other type of electronic data in the last year. Subject to the objections, Defendant agreed to provide these documents. Please advise as to when I can expect production.

**DEFENDANT'S REPLY:** Defendant stands by his initial response.

_____

IV.     **Defendant's Reply to Plaintiff's Objections over Interrogatories.**

**INTERROGATORY NO. 7:** Identify each person who you provided with access to your wireless router(s) or modem(s) during the last two years, and state the duration during which each such person had access to your wireless router(s) or modem(s).

**DEFENDANT'S RESPONSE:** Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router.

**PLAINTIFF'S OBJECTION:** Plaintiff requested that Defendant identify each person who Defendant provided with access to Defendant's wireless router(s) or modem(s) during the last two years, and state the duration during which each such person had access. Defendant objected claiming that the request is overly broad and burdensome and seeks irrelevant information. Subject to the objections, Defendant state that the router was not password protected and that unknown individuals would have had access to the router. Defendant's response fails to provide the identities of any individuals who he explicitly granted authority to use his internet account. Specifically, Defendant neglected to identify the individuals who reside in his home who had access. Please identify these individuals.

**DEFENDANT'S REPLY:** As Defendant previously stated, the router was not password protected at the time of the alleged infringements. Because the router was not password protected, no authorization was necessary—explicitly or otherwise—to use the router to connect to the Internet.

_____

**INTERROGATORY NO. 8:** For each person identified above, state his or her age or approximate age, describe his or her relationship to you, and state whether or not he or she used a password to connect to your wireless router or modem.

**DEFENDANT'S RESPONSE:** Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router.

**PLAINTIFF'S OBJECTION:** Plaintiff requested that for each person identified in interrogatory No. 8, state his or her age or approximate age, describe his or her relationship to you, and state whether or not he or she used a password to connect to your wireless router or modem. Similarly to Interrogatory No. 7, this response fails to address the individuals within Defendant's home who Defendant explicitly granted authority to use his internet account. Please provide a complete answer.

**DEFENDANT'S REPLY:** As Defendant previously stated, the router was not password protected at the time of the alleged infringements. Because the router was not password protected, no authorization was necessary—explicitly or otherwise—to use the router to connect to the Internet.

_____

**INTERROGATORY NO. 9:** Identify each person who was residing in or routinely visiting your home from March 24, 2013 through May 20, 2014 (the "Period of Recorded Infringement"), and state whether each such person had access to your Computer Device(s), wireless router(s) or modem(s).

**DEFENDANT'S RESPONSE:** Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router**.**

**PLAINTIFF'S OBJECTION:** Plaintiff requested that Defendant identify each person who resided in or routinely visiting Defendant's home from March 24, 2013 through May 20, 2014 (the "Period of Recorded Infringement"), and state whether each such person had access to Defendant's Computer Device(s), wireless router(s) or modem(s). Similarly to Interrogatory No. 7, this response fails to address the individuals *within* Defendant's home who Defendant granted authority to use his internet account (not the unknown users). Please provide a complete answer

**DEFENDANT'S REPLY:** As Defendant previously stated, the router was not password protected at the time of the alleged infringements. Because the router was not password protected, no authorization was necessary—explicitly or otherwise—to use the router to connect to the Internet.

_____

**INTERROGATORY NO. 10:** Identify any communication you have received from your ISP in the last two years including any changes regarding the terms of your contract or agreement, and any notices you have received, including but not limited to notices of alleged copyright infringement emanating from you internet service.

**DEFENDANT'S RESPONSE:** Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action; not reasonably calculated to lead to the discovery of admissible evidence; and not reasonably to be in the Defendant's possession, custody or control. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant has had the same Internet provider at all

relevant times during the period of alleged infringement. Defendant further states the only documents he recalls receiving regarding the alleged infringement came from the Plaintiff.

**PLAINTIFF'S OBJECTION:** Plaintiff requested that Defendant identify any communication he has received from his ISP in the last two years including any changes regarding the terms of Defendant's contract or agreement, and any notices Defendant received, including but not limited to notices of alleged copyright infringement emanating from his internet service. Defendant objects claiming that the interrogatory is overly broad, burdensome, irrelevant, and not in Defendant's possession, custody or control. Subject to the objections, Defendant's response states that the only documents he recalls receiving regarding the alleged infringements came from Plaintiff. This response fails to address any and all notices of infringement (including third-party content) that Defendant may have received. This request is relevant because the receipt of various notices of infringement demonstrates that Defendant knew his internet was being used to commit infringements. Please provide a more complete response.

**DEFENDANT'S REPLY:** Plaintiff fails to explain how "changes regarding the terms of Defendant's contract or agreement" with his ISP or notices of infringement of third-party content is relevant to claims its Works were directly infringed by the Defendant. Defendant does not recall receiving any DMCA notices for Plaintiff's works. Nonetheless, Defendant has requested the documents from his ISP.

―――――――――――――――――――――――――――――――――――――――――――――――――

**INTERROGATORY NO. 11:** State when you first learn about BitTorrent and Peer-to-peer file sharing and if you have ever used or installed any peer-to-peer file sharing software or BitTorrent client on any of the computer devices in your home to knowingly downloaded a song, movie, game, software program or computer file.

**DEFENDANT'S RESPONSE:** Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action; nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant first learned how to use peer-to-peer file sharing in 2004 and has used it to download books and films. However, Defendant denies downloading any of Plaintiff's works.

**PLAINTIFF'S OBJECTION:** Plaintiff requested that Defendant identify when he first learn about BitTorrent and Peer-to-peer file sharing and if he ever used or installed any peer-to-peer file sharing software or BitTorrent client on any of the computer devices in his home to knowingly downloaded a song, movie, game, software program or computer file. Defendant objects on the basis that the interrogatory is overly broad, burdensome, and seeks irrelevant information. Subject to the objections, Defendant's response states that he first learned how to use peer-to-peer file sharing in 2004 and has used it to download books and films. Please clarify if Defendant's answer also includes the use of a BitTorrent client.

**DEFENDANT'S REPLY:** Because BitTorrent is a protocol for the practice of peer-to-peer filing sharing, the phrase "peer-to-peer," by default, includes BitTorrent. So yes, Defendant's answer also includes the use of a BitTorrent client. Defendant identified uTorrent as the specific client in the phone call.

―――――――――――――――――――――――――――――――――――――――――――――――――

**INTERROGATORY NO. 12:** Identify each BitTorrent file that you have downloaded, and each BitTorrent website that you have visited.

**DEFENDANT'S RESPONSE:** Defendant objects to this interrogatory to the extent that it is overly burdensome and vague in that it does not identify a time period and to the extent it seeks information

that is not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFF'S OBJECTION:** Plaintiff requested that Defendant identify each BitTorrent file that Defendant downloaded, and each BitTorrent website that he visited. Defendant objected claiming that this interrogatory is overly burdensome, vague, fails to identify a time period, and is irrelevant. Plaintiff agrees to limit the time period to the last two years. Further, the forgoing interrogatory is relevant because it would make BitTorrent use probable and may otherwise yield admissible evidence relating to Plaintiff's claim. In addition, please take note that an objection claiming the interrogatory is overly burdensome only bolsters Plaintiff argument that Defendant is a serial infringer. Indeed, if the response is so "overly burdensome," then Defendant must have engaged in extensive BitTorrent activity for quite some time. Lastly, the interrogatory is not vague. Defendant's extensive BitTorrent use along with defense counsel's reading of Plaintiff's Complaint in the instant action sufficiently makes clear that both Defendant and Defense counsel know what a BitTorrent file and BitTorrent website is.

**DEFENDANT'S REPLY:** The request is overly burdensome in that it is asking Defendant to recall websites visited over a two year period. Again, Defendant denies downloading Plaintiff's Works. To the extent the request seeks information on Works not owned by the Plaintiff, it is irrelevant.
_____

V.      **Conclusion.**

If you have any additional questions, or wish to discuss further, please feel free to contact me at any time. You have my work and cell numbers.

                                                      Regards,
                                                      s/Jason Sweet

                                                      Jason Sweet