# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No.: 2:14-cv-00821-ALM-TPK |
| v. | ) <br> ) |
| DAVID RICUPERO, | ) <br> ) |
| Defendant. | ) <br> ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Under the auspices of the Streisand Effect,[1] Plaintiff brings forth a motion to strike the following language found in Defendant's proposed sur-reply:

> Plaintiff's proffered forensic expert, Patrick Paige, is a convicted felon, raising serious confidentiality concerns for the Defendant and his clients.

*See* Doc. 30-1 p. 3. Plaintiff, in particular, takes offense to the characterization of Mr. Paige as a convicted felon. *See* Doc. 45 p. 4

## I. ARGUMENT

**A. Plaintiff's Motion to Strike is not Properly before the Court.**

The Southern District of Ohio has held that motions to strike are disfavored. *Rose v. Reed*, No. 12-cv-977-TPK, 2013 U.S. Dist. LEXIS 148969, *6 (S.D. Ohio Oct. 11, 2013) (citations omitted). *See also Edwards v. Warner-Lambert*, No. 05-cv-657, 2011 U.S. Dist. LEXIS 136297, *4 (S.D. Ohio Nov. 28, 2011) (*quoting Mapp v. Bd. of Educ.*, 319 F.2d 571, 576 (6th Cir. 1963) ("an Order to Strike is a 'drastic remedy,' however, that 'should be sparingly used.'").

Even if Plaintiff's motion were properly before the Court, motions to strike are only granted where the material at issue is "scandalous" in that it contains "extreme or offensive" language, or where it is "immaterial" because it "bears no possible relation to the controversy." Fed.R.Civ.P. 12(f);

---

[1] The Streisand effect is the phenomenon whereby an attempt to hide, remove, or censor a piece of information has the unintended consequence of publicizing the information more widely. It is named after Barbra Streisand, whose 2003 attempt to suppress a photograph of her Malibu residence, inadvertently drew further public attention to it. Before Streisand filed her lawsuit, the photo was downloaded from the photographer's website only six times; two of those downloads were by Streisand's attorneys. As a result of the case, public knowledge of the picture increased substantially; more than 420,000 people visited the site over the following month. *See e.g. Guttenberg v. Emery*, 26 F.Supp.3d 88, 95 (D.D.C. 2014).

*Swamiji Sri Sel Vam Siddhar v. Sivanesan*, No. 13-cv-747-TPK, 2013 U.S. Dist. LEXIS 173414, *26 (S.D. Ohio Dec. 11, 2013).

Plaaintiff's motion fails at every turn.

1. **Plaintiff's Use of Rule 12(f) is Procedurally Improper.**

The plain language of Rule 12(f) indicates that motions to strike may only be made in relation to *pleadings*, which are defined by Rule 7(a) as including the following documents: complaints, answers, replies to counter-claims, answers to cross-claims, third-party complaints, and third-party answers. Fed.R.Civ.P. 7(a); Fed.R.Civ.P. 12(f).[2]

Thus, Plaintiff's motion to strike can not properly be used for the advancement of objections to either a proposed sur-reply or the motion for leave to which it was attached. "It is clear that under the Federal Rules of Civil Procedure, motions are *not* pleadings, and therefore are not subject to motions to strike under Rule 12(f)." *Newsom*, at *5. See also *Demmler v. Bank One NA*, No. 05-cv-322-TPK, 2006 U.S. Dist. LEXIS 9409, *4 (S.D. Ohio Mar. 9, 2006) ("Because … sur-replies are not "pleadings," Rule 12(f) is inapplicable."); *Fox v. Mich. State Police Dep't*, 173 Fed. App'x. 372, 375 (6th Cir. 2006) ("Exhibits attached to dispositive motion are not 'pleadings' within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)"); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F.Supp.2d 818 (S.D. Ohio 2010) (*cited by Plaintiff*) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").

2. **Plaintiff's Motion is not Properly Pled.**

Even if Plaintiff's motion were properly before the Court, Rule 12(f) only permits a party to move to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Because the statement at issue relates to non-party Patrick Paige, Plaintiff's forensic expert, it is not "clearly injurious to a *party*." *Swamiji Sri Sel Vam Siddhar*, at *28 (emphasis added). Nor can Plaintiff demonstrate how it has been prejudiced by

---

[2] Even if the Court were to consider Defendant's motion a pleading, a party using Rule 12(f) must file a motion to strike before responding to the pleading. Fed.R.Civ.P. 12(f); *Fannon v. Patterson,* No. 13-cv-14, 2014 U.S. Dist. LEXIS 2589, *1 (S.D. Ohio Jan. 8, 2014); *Reddy v. JP Morgan Chase Bank, N.A.,* No. 09-cv-1152, 2012 U.S. Dist. LEXIS 121026, *7 (S.D. Ohio Aug. 27, 2012); *Newsom v. Xenia City Sch. Dist. Bd. of Educ.*, No. C-3-95-173, 1996 U.S. Dist. LEXIS 20267, *5 (S.D. Ohio Mar. 25, 1996). Here, Plaintiff filed its opposition to the leave (to which the sur-reply was attached) on April 3, 2015 [Doc. 37], seven days prior to filing its motion to strike on April 10, 2015 [Doc. 45].

the allegation. "Thus, it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f)." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381. *See also Hughes v. Lavender*, No. 10-cv-674-TPK, 2011 U.S. Dist. LEXIS 79710, *6 (S.D. Ohio July 20, 2011) Accordingly, Plaintiff lacks standing to strike.

Second, the statement in question is neither redundant, immaterial, impertinent, nor scandalous. Rather, Plaintiff contends that the Defendant's proposed sur-reply contains a *false* statement which the Defendant knew to be false when he made it.

> Here Defendant's blatantly false accusation casts Mr. Paige in a cruelly derogatory light and is entirely devoid of factual basis.[3]

*See* Doc. 45 p. 4. *See also id.* pp. 1-3.

> There is some doubt as to whether Rule 12(f) can be used to strike allegations that are merely untrue. The falsity of a matter alleged is not specifically included among the grounds for a motion to strike. … But even if an allegation is deemed to be untrue, that does not mean it must be stricken. Motions to strike should be granted only where the pleading contains allegations which are obviously false and clearly injurious to a party.

*Hughes*, at *6 (internal citations omitted). *See also Swamiji Sri Sel Vam Siddhar,* at *26-28 ("[P]laintiff's characterization of … its members and/or its officers as "seasoned frauds," is not so extreme or offensive as to warrant the drastic remedy of striking it.").

Indeed, Mr. Paige does not deny that 1) he was charged with counts of felony drug possession and misuse of police resources; 2) admitted his guilt; and 3) was later terminated from the Palm Beach County Sheriff's Office due to these charges. Rather Plaintiff's contention is one of nuances—that Mr. Paige's adjudication of guilt was administrative in nature, rather than judicial.[4]

---

[3] It is odd that Plaintiff would argue that Defendant's statement is "entirely devoid of factual basis" considering Plaintiff filed suit against the Defendant for downloading barely legal porn, and then deposed his neighbors—when the only factual basis Plaintiff has for the alleged infringement is an IP address. As Plaintiff is aware, an IP address alone may yield subscriber information, but that may only lead to the person paying for the Internet service and not the actual infringer. *See e.g. Malibu Media LLC v. John Does 1-10,* No. 12-cv-01642, *slip op*. at 4 (C.D. Cal. Oct. 10, 2012); *Malibu Media v. John Does 1-18,* No. 12-cv-7643, ECF No. 14 (Apr. 11, 2013); *Malibu Media v. Doe*, No. 14-cv-493, ECF No. 8-1 p. 7 (S.D. Ohio. Aug. 22, 2014).

[4] Plaintiff further contends Mr. Paige's 2011 arrest was expunged. *See* Doc. 45 pp. 3 & 7; Doc. 45-1. However, there is nothing in Mr. Paige's Internal Affairs file, which is in Defendant's possession, to indicate that this averment is accurate. Nor does Mr. Paige provide any supporting documentation in conjunction with his declaration [Doc. 45-1] regarding the alleged expungement (*i.e.* an application to expunge, certificate of eligibility for sealing, etc). Likewise, an inquiry to Plaintiff's counsel asking for such documentation has gone unanswered.

In light of the facts, the single use of the phrase "convicted felon" cannot be said to be either grossly exaggerated, extreme or offensive. Accordingly, the statement can not be stricken.

**3. The Allegation at Issue is Relevant to Defendant's Defenses.**

Again, assuming Plaintiff's motion were properly before the Court, the allegation which Plaintiff wishes the Court to strike is relevant to the parties' dispute. An allegation may be stricken for being immaterial only when it bears no possible relationship to the controversy. *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

Plaintiff's objection to calling into question the veracity of its forensic expert is misplaced because that allegation is relevant to Defendant's argument regarding Plaintiff's examination of his hard drive.

Regardless of Mr. Paige's past accomplishments, it is undisputed he was terminated from the police department for felony drug possession and that he abused police resources in doing so. Yet Plaintiff is demanding, premised upon an IP address alone, that Defendant hand over his hard drive, absent a protective order, containing: his client's data; social security numbers and driver's license data; income and financial transactions; medical records; passwords; and the like, to an individual who has demonstrated questionable integrity in the past.

> As Defendant previously noted,
>
> [T]he mere imaging of the media, in and of itself, raises privacy and confidentiality concerns. Duplication, by its very nature, increases the risk of improper exposure, whether purposeful or inadvertent. … This duplication implicates significant privacy and confidentiality interests-regardless of whether the imaged media are initially held under seal-and these interests cannot be fully protected *ex post*. *John B. v. Goetz*, 531 F.3d 448, 457-58 (6th Cir. 2008).
>
> Indeed, the principal issue in this case centers instead on concerns for Defendant's privacy, especially where "the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature." *Balboa Threadworks, Inc. v. Stucky*, No. 05-cv-1157, 2006 U.S. Dist. LEXIS 29265, *3 (D. Kan. Mar. 24, 2006).

*See* Doc. 30-1 p. 3.

Nonetheless, to accommodate the Plaintiff's concerns, Defendant did consent to a clarification of the issue.

> To the extent I don't [sic] refer to Mr. Paige as a convicted felon, I did so for brevity (without going into every detail of the arrest). To the extent the phrase is misleading, I will consent to a clarification, but for him to claim total innocence would be disingenuous.

4

*See* Doc. 45-2 p. 3.

Plaintiff made no further attempts to confer before filing its motion. And once Plaintiff filed, it became apparent that the Plaintiff does not want to clarify Mr. Paige's conviction, rather it wants to remove that entire prong of the Defendant's argument regarding the privacy and confidentiality of his hard drive [Doc. 45 p. 9; Doc. 30-1 p. 3]. Motions to strike were not meant for such purpose.

**B. Plaintiff's Sanctions Argument is not Properly before the Court.**

Plaintiff's motion also includes a Rule 11 sanctions argument. *See* Doc. 45 pp. 5-9. Indeed, given the amount of ink dedicated to why sanctions are appropriate, it would appear the motion to strike is but pretext for its sanctions argument.

To the extent this argument too warrants discussion: First, the plain language of Rule 11 provides that "[a] motion for sanctions must be filed *separately* from any other motion." Fed.R.Civ.P. 11(c)(2) (emphasis added). Here, Plaintiff's pending motion seeks relief on grounds which do not involve sanctions. *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764 (6th Cir. 2014); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997); *Proctor v. Educ. Credit Mgmt. Corp.*, No. 07-cv-839, 2010 U.S. Dist. LEXIS 80549, *18 (S.D. Ohio Aug. 9, 2010) ("Plaintiff failed to comply with the procedural requirements for filing a motion for sanctions by failing to file his motion in a separate pleading and by failing to comply with the safe harbor requirement of Fed.R.Civ.P. 11. Accordingly, plaintiff's cross motion for sanctions is dismissed.").

Second, Fed.R.Civ.P. 11(c)(2) requires that a motion for sanctions "must be served pursuant to Rule 5, but it must not be filed with the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." The Sixth Circuit has held that compliance with the safe harbor provision is mandatory and that sanctions under Rule 11 are unavailable, unless the party seeking same has complied with that provision. *Ridder,* at 296-97. *See also Tillman v. Apostolopoulos*, 2010 U.S. Dist. LEXIS 129459, *4 (E.D. Mich. Dec. 8, 2010) (collecting cases) ("nothing less than service of *the Rule 11 motion itself* can satisfy the safe harbor provision"); *Uszak v. Yellow Transp., Inc.*, No. 08-4026, 343 Fed. App'x. 102, 108 (6th Cir. Aug. 21, 2009). Plaintiff's motion contains no indication of compliance with the aforementioned "safe harbor" provision of Rule 11. Fed.R.Civ.P. 11(c)(2)

In fact, as Plaintiff itself notes:

5

> Plaintiff has not served Defendant with a Rule 11 motion and therefore cannot formally request Rule 11 sanctions against Defendant.

*See* Doc. 45 p. 5.

Accordingly, the matter of sanctions is not properly before the Court.

## II. CONCLUSION

Plaintiff has provided no legal or factual basis for striking the statement. Even if the sur-reply were a pleading governed by Rule 12(f), the single use of the phrase "convicted felon" is neither extreme or offensive language, and is thus not scandalous. Further, Plaintiff's awareness of the law governing it's arguments did not encumber the Plaintiff from presenting its motion(s). Accordingly, Defendant respectfully requests the Court deny Plaintiff's motion to strike, and award Defendant his attorney fees and costs for responding to such a frivolity.

Dated: May 11, 2015

>  Respectfully,
> 
> *s/ Jason E. Sweet*
> Jason E. Sweet (BBO# 668596)
> BOOTH SWEET LLP
> 32R Essex Street
> Cambridge, MA 02139
> Tel.: (617) 250-8619
> Fax: (617) 250-8883
> Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

> *s/ Jason E. Sweet*