IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Malibu Media, LLC,                    :

       Plaintiff,                   :

   v.                                 :     Case No. 2:14-cv-821

David Ricupero,                       :
                                 Magistrate Judge Kemp
       Defendant.                   :

OPINION AND ORDER

This copyright infringement case is one of well over 200 such cases filed by Malibu Media, LLC in this Court in just over the past twelve months.  The complaint in this case, as in all these cases, alleges that Malibu Media, a limited liability company organized under California law, owns copyrights to several specifically identified adult motion pictures.  According to Malibu Media, a unique Internet Protocol address belonging to defendant David Ricupero downloaded, copied and distributed twenty-six motion pictures owned by Malibu using the file distribution network known as BitTorrent, all without obtaining Malibu Media's authorization to do so.  Malibu Media asserts claims for copyright infringement under 17 U.S.C. §§106 and 501 and seeks statutory damages.

Currently before the Court are sixteen separate motions. Four of these motions can be summarily addressed at the outset. Mr. Ricupero filed a motion to withdraw two motions for a protective order relating to depositions (Docs. 39 and 41) and a motion to show cause (Doc. 49).  The motion to withdraw (Doc. 52) sets forth good cause and the motion is therefore granted. Consequently, Docs. 39, 41, and 49 are withdrawn.

This leaves twelve remaining motions for the Court's

consideration.  These pending motions fall into two primary categories - motions raising what can be characterized as more substantive issues and motions which exemplify a deterioration of civility in the litigation process.  The latter category of motions, as will be discussed more extensively below, stem from each party's dissatisfaction with the other's litigation tactics, Malibu Media's request for Mr. Ricupero's hard drives, and an inability to reach agreement on a protective order.  The Court will address the former category of motions first, and resolves all pending motions as set forth below.

     I.  <u>Motion to Strike Affirmative Defenses (Doc. 10)</u>

Mr. Ricupero's answer and counterclaim to the amended complaint asserts fifteen affirmative defenses.  Through its motion to strike, Malibu Media seeks to have the fourth and fifth affirmative defenses stricken.  The fourth affirmative defense alleges the complaint should be dismissed for failing to join an indispensable party.  The fifth affirmative defense alleges that Malibu Media is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. §504 to the extent that it has already recovered for alleged infringements in prior actions. In his response, Mr. Ricupero addresses only the fifth affirmative defense, arguing that if Malibu Media already has been made whole for copyright violations relating to certain films, it cannot continue to collect damages and that any prior recovery would offset Mr. Ricupero's obligation here.

The standard of review for motions to strike was recently set out by Judge Graham in <u>Malibu Media, LLC v. Niraj Patel</u>, Case No. 2:14-cv-559 (May 12, 2015):

> A court "may strike from a pleading an
> insufficient defense or any redundant, immaterial,
> impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).
> Motions to strike "'serve a useful purpose by
> eliminating insufficient defenses and saving the time
> and expense which would otherwise be spent in

-2-

litigating issues which would not affect the outcome of the case.'" <u>United States v. Pretty Prod., Inc.</u>, 780 F.Supp. 1488, 1498 (S.D. Ohio 1991)(quoting <u>United States v. Marisol, Inc.</u>, 725 F.Supp. 833, 836 (M.D. Pa. 1989)).  Nonetheless, a Rule 12(f) motion is a mechanism that "should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." <u>Brown & Williamson Tobacco Corp. v. United States</u>, 201 F.2d 819, 822 (6th Cir. 1953); <u>see</u> <u>also</u> <u>Pretty Prod.</u>, 780 F.Supp. At 1498 ("[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.").

Turning first to the fourth affirmative defense, this defense will be stricken.  First, Mr. Ricupero has not responded to Malibu Media's motion as it relates to this defense. Moreover, to the extent that Mr. Ricupero suggests in his response that other infringers exist, he also states that "[d]efendant is not arguing that joint tortfeasors are liable for contributory infringement or need to be joined ...."  Nor could he make such an argument.  <u>See</u> <u>PaineWebber, Inc. v. Cohen</u>, 276 F.3d 197, 204 (6th Cir. 2001)("a person's status as a joint tortfeasor does not make that person a necessary party, much less an indispensable party...").  Consequently, nowhere in his response does Mr. Ricupero identify any alleged indispensable party or explain why this party cannot be joined.

The fifth affirmative defense also will be stricken.  The crux of this defense is Mr. Ricupero's theory that "[p]ursuant to the 'one satisfaction' rule, a copyright plaintiff may not be paid twice for the same alleged joint infringement."  A similar defense was rejected by Judge Graham in <u>Patel</u>.  As Judge Graham explained:

> The defenses based on this theory are legally
> insufficient.  Under 17 U.S.C. 504, the maximum amount
> of statutory damages is determined on a per-work, per-

case basis:

> ...the copyright owner may elect, at any time
> before final judgment is rendered, to recover,
> instead of actual damages and profits, an award of
> statutory damages for all infringements involved
> in the action, with respect to any one work, for
> which any infringer is liable individually, or for
> which any two or more infringers are liable
> jointly and severally, in a sum of not less than
> $750 or more than $30,000 as the court considers
> just.

17 U.S.C. §504(c)(1)(emphasis added).  In other words,
plaintiff's other recoveries do not preclude or limit
an award here.  See also Malibu Media, LLC v. Batz, No.
12-cv-1953, 2013 WL 2120412, at *2 (D.Colo. Apr. 5,
2013)("Mr. Batz's argument that Plaintiff's alleged
settlements with other defendants precludes recovery of
statutory damages severely misreads the statute.").

To the extent defendant contends that plaintiff's
other recoveries, short of being an automatic bar,
should factor into any future calculation of damages in
this case, defendant's argument is not an affirmative
defense.  An affirmative defense "is any matter that
serves to excuse the defendant's conduct or otherwise
avoid the plaintiff's claim, but which is proven by
facts extrinsic to the plaintiff's claim."  61 A
Am.Jur.2 Pleading §300; see also Wright & Miller, 5
Fed. Prac. and Proc. §1270 (3d ed.)(referring to
affirmative defense as one which "will defeat the
plaintiff's claim").  Defendant's argument is one for
reducing damages, not one for defeating plaintiff's
infringement claim.

The Court finds this reasoning persuasive and applies it
here.  Consequently, the motion to strike affirmative defenses
four and five will be granted.

II. <u>Motion for Reconsideration (Doc. 23)</u>

Mr. Ricupero has filed a motion seeking reconsideration of
the Court's order issued February 4, 2015 dismissing his
counterclaims for a declaratory judgment and for abuse of
process.  The motion for reconsideration appears to be directed

-4-

solely to the dismissal of the declaratory judgment of non-infringement claim.  According to Mr. Ricupero, the Court "acknowledged the counter-complaint's numerous theories for declaratory judgment" but dismissed the claim "without explanation."  He contends that a dismissal for technical defects and a dismissal without leave to amend will result in a manifest injustice.

Malibu Media has filed a response to this motion which Mr. Ricupero has moved to strike on grounds of untimeliness. According to Mr. Ricupero, Malibu Media's response was due March 13, 2015 but was not filed until March 16, 2015.  Under Rule 6(e), the Court considers the response timely and will deny the motion to strike.  Turning to the substance of Malibu Media's response, Malibu Media contends that the counterclaim for a declaratory judgment of non-infringement is nothing more than a denial and simply fails to state a claim.  Further, Malibu Media argues that Mr. Ricupero should not be granted leave to amend because he has no facts to support a claim invalidating Malibu Media's copyrights.

As the United States Supreme Court observed in <u>Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 12 (1983), "every order short of a final decree is subject to reopening at the discretion of the district judge." The Court of Appeals for the Sixth Circuit has made similar observations.  "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. <u>Marconi Wireless Telegraph Co. v. United States</u>, 320 U.S. 1 (1943).  A district court may modify, or even rescind, such interlocutory orders.  <u>Simmons Co. v. Grier Brothers Co.</u>, 258 U.S. 82, 88 (1922)."  <u>Mallory v. Eyrich</u>, 922 F.2d 1273, 1282 (1991).

The Court of Appeals for the Sixth Circuit has recognized

-5-

that "[d]istrict courts have authority both under common law and
Rule 54(b) to reconsider interlocutory orders and to reopen any
part of a case before entry of final judgment." <u>Rodriquez v.</u>
<u>Tennessee Laborers Health & Welfare Fund</u>, 89 Fed.Appx. 949, 959
(6th Cir. 2004). "Traditionally, courts will find justification
for reconsidering interlocutory orders when there is (1) an
intervening change in controlling law; (2) new evidence
available; or, (3) a need to correct a clear error or prevent
manifest injustice." <u>Brown v. Mohr</u>, 2015 WL 799787, *1 (S.D.
Ohio Feb. 25, 2015), citing <u>Rodriquez</u> at 959.

     Here, Mr. Ricupero has not demonstrated any justification
and the motion for reconsideration will be denied. The Court's
previous order is clear. Mr. Ricupero may be arguing that his
request for declaratory relief encompassed various theories, but
the plain reading of his claim as pled is inconsistent with his
argument. "A request for declaratory relief is properly before
the court when it is pleaded in a complaint for declaratory
judgment. Requests for declaratory judgment are not properly
before the court if raised only in passing, or by motion."
<u>Arizona v. City of Tucson</u>, 761 F.3d 1005, 1010 (9th Cir.
2014)(citation omitted).

Moreover, Mr. Ricupero appears to acknowledge his pleading
deficiency, but argues that his counterclaims should not be
dismissed for technical defects and that to do so will result in
manifest injustice. He does not, however, explain how this is
so. Finally, to the extent that Mr. Ricupero intends his motion
for reconsideration to be construed as seeking leave to amend,
this request will be denied. Mr. Ricupero's request is not
accompanied by a proposed amendment for the Court's
consideration.

 III.  <u>The Motions Relating to Production of Mr. Ricupero's Hard</u>
                              <u>Drives</u>
     This brings the Court to the essence of the parties' dispute

-6-

in this case as evidenced in a number of filings - the requested production of Mr. Ricupero's hard drive.  This issue first appears in Malibu Media's motion for extension of time within which to serve expert witness reports (Doc. 25) and continues through Malibu Media's motion to compel (Doc. 36) and renewed motion for extension of time within which to serve expert witness reports (Doc. 57).  It also provides the basis for Malibu Media's request for extensions of the discovery and dispositive motion deadlines (Docs. 47 and 64).

Just to provide a flavor of the nature of the conduct of this case, as noted, four of the motions request extensions of various case management deadlines (Docs. 25, 47, 57, and 64). Motions of this sort, in all but a handful of cases, are of the most routine nature, typically agreed to by the parties and granted by the Court without incident in a three-sentence order. In this case, however, these motions have resulted in the filing of 255 pages of briefing and exhibits.  In fact, the motion for an extension of the expert disclosure deadline (Doc. 25) has resulted in the filing of 166 pages of briefing and exhibits, including three secondary motions - a motion for leave to file a sur-reply (Doc. 30), a motion to strike that motion for leave (Doc. 45), and a motion for leave to file "nunc pro tunc" an opposition to that motion to strike (Doc. 60), not to mention the renewed version of the motion itself.

Several things are apparent to the Court from a reading of the parties' filings, the most notable of which is that each side places the blame for its own conduct squarely on the opposing party.  The gist of the information garnered from all of these motions can be summed up as follows.  Mr. Ricupero believes Malibu Media has been less than diligent in requesting extensions of case management deadlines to which it has knowingly and willingly consented.  Malibu Media, on the other hand, contends

that Mr. Ricupero's failure to provide requested discovery and his conduct with respect to the surrounding issues has caused its need for all of the requested extensions.  In short, the parties claim patterns of delay and stonewalling.

Mr. Ricupero claims Malibu Media has been less than diligent because Malibu Media's counsel of record in this case is being directed by out-of-state counsel responsible for orchestrating the large volume of these Malibu Media cases nationwide.  The offshoot of all of these circumstances, in Mr. Ricupero's view, is that Malibu Media is not entitled to copies of his hard drive at all, or that it is not entitled to the hard drive because an appropriate protective order cannot be agreed upon.  Malibu Media contends that Mr. Ricupero has refused to agree to a reasonable protective order so that he does not have to produce his hard drives.  These themes provide the backdrop for the Court's consideration of this entire category of motions.

A.  The Motion for an Extension of the Expert Disclosure Deadline (Doc. 25)

According to Malibu Media's original motion for an extension of time to serve expert witness reports, its expert, Patrick Paige, cannot conduct his forensic investigation and complete his report because Mr. Ricupero has not produced his hard drives for examination in response to Malibu Media's request for production which was served on January 2, 2015.  In that motion, Malibu Media asserts that Mr. Ricupero agreed to produce his hard drives after entry of a protective order, which was then in the process of being negotiated and drafted, and that until the protective order was entered it could not provide its expert with the information he needs to make a report.  Malibu Media explains that Mr. Paige's examination will determine whether there is evidence of (1) Malibu Media's copyrighted works; (2) BitTorrent use; (3) spoliation; and (4) suppression of evidence.

Mr. Ricupero opposed this original motion on grounds that Malibu Media failed to demonstrate diligence in its discovery efforts and therefore did not set forth good cause for the requested extension.  According to Mr. Ricupero, Malibu Media knew as early as February 5, 2015, of its inability to meet the disclosure date, but waited until the last minute to request an extension.  He contends that, in an effort to aid Malibu Media with meeting its deadline, he offered to make his hard drive available for imaging but Malibu Media's counsel represented that he was unaware of the imaging protocol and needed to ask.  As an additional extension of help with meeting the deadline, Mr. Ricupero asserts that he offered Malibu Media "an image in his possession properly done and documented by a third party."  See Response (Doc. 27), p. 6.

Mr. Ricupero's response also explains that Malibu Media's discovery request seeks not only a single hard drive, but all hard drives located at his address.  Further, he notes that Malibu Media initially sought devices from two years prior to the period of alleged infringement, which, according to Malibu Media, is March 24, 2013 through May 20, 2014.  He also suggests that Malibu Media could have expedited the process by imaging the hard drive while a protective order was being "hashed out" and that the difficulty in agreeing to a protective order has arisen from Malibu Media's "insistence on carte blanche access to Defendant's drive."

In reply, Malibu Media argues that it has been diligent in it discovery efforts and has made repeated efforts to obtain Mr. Ricupero's hard drives under a "suitable protective order" and has "agreed to significant compromises in order to remedy Defendant's concerns regarding hard drive examination."  As further support for its diligence, Malibu Media notes that it timely served a partial expert report on Mr. Ricupero and seeks

-9-

to extend the deadline only to include results from the examination of his hard drives. In its view, the delay in production of the hard drives results from Mr. Ricupero's improper and unreasonable demands. Malibu Media explains the back and forth on the protective order as follows.

According to Malibu Media, Mr. Ricupero submitted a proposed protective order which contained improper and impossible demands. Specifically, it explains, Mr. Ricupero's draft protective order requested that its expert "delete 'privileged' files from the forensically sound hard drive image prior to examination." In response, Malibu Media proposed a protective order similar to those entered by district courts within the Sixth Circuit in other Malibu Media cases. In response to this Malibu Media explains, Mr. Ricupero proposed a second protective order which "demand[ed] that Plaintiff's (sic) pay its Expert, ... to produce a Draft Expert Report for Defendant (rather than for Plaintiff), along with the production of privileged communication between Plaintiff and its Expert."

Malibu Media asserts that Mr. Ricupero is hiding behind the protective order issue to avoid producing his hard drive. It contends that it has been diligent in its pursuit of the hard drives to the point where it has "(1) explained the forensic imaging process; (2) agreed to pay the cost of imaging; (3) advised that it has retained a local expert to create the images; (3) (sic) and agreed to accept a privilege log of files which its expert will agree to not examine." See Reply (Doc. 28), p. 5.

Before turning to the merits of this motion, the Court will quickly address the motions it has spawned - (1) a motion for leave to file a sur-reply (Doc. 30); (2) a motion to strike a portion of the sur-reply (Doc. 45); and (3) a motion "to excuse the time to file nunc pro tunc defendant's opposition to plaintiff's motion to strike" (Doc. 60). These three motions are

easily resolved and the Court will do so here.

This Court's Local Civil Rules do not define "good cause" for filing a sur-reply but "this Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." Comtide Holdings, LLC v. Booth Creek Mgmt. Corp., 2010 WL 4117552, *4 (S.D. Ohio Oct. 19, 2010). Because the motion for leave does not set forth good cause for filing a sur-reply, that motion will be denied and the other two motions will be denied as moot.

The issues raised by the original motion for an extension of time are closely related to issues raised in Malibu Media's motion to compel. Through its motion to compel, Malibu Media seeks, inter alia, production of Mr. Ricupero's hard drives. Consequently, resolution of the motion for an extension of time is dependent upon the resolution of the motion to compel. It is to that motion that the Court will now turn.

B. Malibu Media's Motion to Compel (Doc. 36)

Malibu Media's motion to compel seeks an order directing Mr. Ricupero to (1) provide complete responses to Interrogatories Nos. 7, 8, and 9, (2) produce all documents responsive to Requests for Production Nos. 2, 6, 8, and 12; and (3) produce forensically sound images of his computer devices, tablets and external storage devices (collectively, hard drives) in response to Request for Production No. 1. These discovery requests and Mr. Ricupero's responses are as follows:

**Plaintiff's Interrogatory No. 7:** Identify each person who you provided with access to your wireless router(s) or modem(s) during the last two years, and state the duration during which each such person had access to your wireless router(s) or modem(s).

**Plaintiff's Interrogatory No. 8:** For each person identified above, state his or her age or approximate age, describe his or her relationship to you, and state

-11-

whether or not he or she used a password to connect to your wireless router or modem.

**Plaintiff's Interrogatory No. 9:** Identify each person who was residing in or routinely visiting your home from March 24, 2013 through May 20, 2014 (the "Period of Recorded Infringement"), and state whether each such person had access to your Computer Device(s), wireless router(s) or modem(s).

**Response:** Defendant objects to this interrogatory on the grounds it is overly broad and burdensome and seeks information that is not relevant to the subject matter of this action and not reasonable calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows: As noted in Response No. 5, during the period of alleged infringement the router was not password protected. Therefore, an unknown number of people during that period would have had access to the router.

**Request for Production No. 2:** All documents referring, relating to or comprising records associated with the purchase of a Computer Device within the last four years.

**Response:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it seeks documents associated with events prior to the period of alleged infringement (i.e., "the last four years"), which Plaintiff defines as "March 24, 2013 through May 20, 2014" not to reasonably be in the Defendant's possession, custody or control. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**Request for Production No. 6:** All documents referring, relating to or comprising written communications between you and your ISP, including all contracts, agreements, usage statements, bills, payments, notices of alleged copyright infringement, and Digital Millennium Copyright Act notices.

**Response:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that

it does not identify a time period for which the documents are sought not to reasonably be in the Defendant's possession, custody or control. Defendant further objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**Request for Production No. 12:** Any documents or contracts pertaining to ownership of the property, title of the home or apartment, or any existing lease, rental agreements, sublet agreements, or documents relating to any legal notice of tenants or residents authorized to live in the property at the time of the infringement.

**Response:** Defendant objects to this Request to the extent that it is overly burdensome and vague in that it does not identify a time period for which the documents are sought not to reasonably be in the Defendant's possession, custody or control. Defendant also notes some of the requested documents are publicly available from the Registry of Deeds. Defendant further objects to the extent the request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will provide responsive, non-privileged documents in his possession, custody or control.

**Request for Production No. 8:** A complete copy of all of the files contained within any file hosting service account which you or anyone in your house, apartment or dwelling subscribe or use, and all records and documents that refer or relate to any such file hosting service, including the contract, and all statements of account and usage. For purposes of your answer, "file hosting service" should be interpreted to mean any cloud storage service, online file storage provider, or cyber locker which allows users to upload files which could then be accessed over the internet from a different computer device. Examples of these types of services include but are not limited to Google Drive, DropBox, MediaFire, RapidShare, ShareFile, SkyDrive and Box.

-13-

**Response:** Defendant objects on the grounds that it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. <u>See e.g.,</u> <u>Scotts Co. LLC v. Liberty Mut. Ins. Co.</u>, 2007 U.S. Dist. LEXIS 43005, *10 (S.D. Ohio June 12, 2007) (citing <u>In re Ford Motor Co.</u>, 345 F.3d 1315, 1317 (11th Cir. 2003), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."). Defendant further objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine or any other applicable privilege.

**Request for Production No. 1**: A forensically sound copy (a clone) of the hard drive for each Computer Device in your house, apartment or dwelling in the past four years.

**Response:** Defendant objects to this Request to the extent that it is overly broad, unduly burdensome, and vague insofar as it requests a copy of the hard drive for "each Computer Device in your house, apartment or dwelling in the past four years." Defendant further objects to this Request to the extent that it seeks documents 1) not in Defendant's possession, custody, or control (i.e. "each Computer Device in your house, apartment or dwelling"); and 2) prior to the period of alleged infringement, which Plaintiff defines as "March 24, 2013 through May 20, 2014." Defendant also objects on the grounds it seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. <u>See</u>, <u>e.g.</u>, <u>Scotts Co. LLC v. Liberty Mut. Ins. Co.</u>, 2007 U.S. DIST. LEXIS 43005, *10 (S.D. Ohio June 12, 2007)(citing <u>In re Ford Motor Co.</u>, 345 F.3d 1315, 1317 (11th Cir. 2003), which says that, "to gain direct access to the respondent's databases [hard drives], the court must make a factual finding of some non-compliance with discovery rules and protect respondent with respect to preservation of his records."). Lastly, Defendant objects to this Request to the extent that it seeks documents that may be subject to the attorney-client privilege, work-product doctrine of any other applicable privilege.

-14-

In response to the motion to compel as it relates to Requests for Production Nos. 2 and 6, Mr. Ricupero asserts that he has requested the information from his credit card company or Time Warner. With respect to Request for Production No. 8, Mr. Ricupero contends that the requested information is irrelevant unless relevant files are discovered on his hard drive. As for Request for Production No. 12, Mr. Ricupero contends that Malibu Media has already received the requested information through a subpoena duces tecum directed to his landlord. Turning to Interrogatory Nos. 7, 8, and 9, Mr. Ricupero appears to be arguing that Malibu Media seeks the requested information in order "to implicate third parties." Mr. Ricupero contends that this is an improper use of the discovery process and discovery in this case should be limited to Malibu Media's burden of demonstrating that he is the infringer.

In response to Request No. 1 directed to Mr. Ricupero's hard drive - the heart of the dispute here - Mr. Ricupero makes two primary arguments. First, he contends that because Malibu Media has not met the deadline for expert reports, the need for access to the hard drive has become irrelevant. Further, he argues that, even if the Court were to grant the requested extension, because the hard drive contains confidential information and he does not have the resources to insure compliance with a protective order, he should not be expected to turn over the hard drive and simply "trust" Malibu Media. Instead, Mr. Ricupero proposes that Malibu Media's examination of the hard drive be limited to:

    i.    The digital movie files identified in Exhibit A found on the hard drive and any evidence of file-sharing related to said files; and

    ii.    As appropriate, any evidence that the computer's hard drive has been "wiped" or erased since the initiation

of this litigation.

In reply, Malibu Media asserts that it is still waiting on responses to from Mr. Ricupero to Requests for Production No. 2 and 6.  Further, it argues that any files within Mr. Ricupero's cloud hosting service are relevant regardless of the contents of his hard drive.  To the extent Mr. Ricupero contends that Malibu Media has received a copy of his lease and subleasing agreements, it argues that he should amend his response to state that he is not in possession of any additional responsive documents or to state affirmatively that he did not sublease any portion of his home during the infringement period.  With respect to the interrogatory responses, Malibu Media argues that all discovery related to individuals with access to Mr. Ricupero's internet account goes directly to the issue of Mr. Ricupero's defense, thereby making it discoverable.

Turning to the issue of the hard drives, Malibu Media argues that the relevance of Mr. Ricupero's hard drives is clear and is not made less so by any delay in their examination as a result of Mr. Ricupero's litigation tactics.  Malibu Media contends that, contrary to Mr. Ricupero's characterizations, it is not seeking unfettered access to his hard drive.  Rather, Malibu Media argues that it intends to limit the search of Mr. Ricupero's hard drive to three specific categories: (1) Malibu Media's works; (2) BitTorrent use; and (3) spoliation or suppression of evidence.

A.  Legal Standard

The general principles involving the proper scope of discovery are well known.  The Federal Rules of Civil Procedure authorize extremely broad discovery.  United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977).  Therefore, Fed.R.Civ.P. 26 is to be liberally construed in favor of allowing discovery.  Dunn v. Midwestern Indemnity, 88 F.R.D. 191 (S.D. Ohio 1980).  Any

-16-

matter that is relevant, in the sense that it reasonably may lead to the discovery of admissible evidence, and is not privileged, can be discovered.  The concept of relevance during discovery is necessarily broader than at trial, Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499 (6th Cir. 1970), and "[a] court is not permitted to preclude the discovery of arguably relevant information solely because if the information were introduced at trial, it would be 'speculative' at best." Coleman v. American Red Cross, 23 F.3d 1091, 1097 (6th Cir. 1994).

   Information subject to disclosure during discovery need not relate directly to the merits of the claims or defenses of the parties.  Rather, it may also relate to any of the myriad of fact-oriented issues that arise in connection with the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978).  On the other hand, the Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request.  See Herbert v. Lando, 441 U.S. 153 (1979).  Additionally, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably duplicative, or the burden of providing discovery outweighs the benefits, taking into account factors such as the importance of the requested discovery to the central issues in the case, the amount in controversy, and the parties' resources.  See Fed.R.Civ.P. 26(b)(2).  Finally, the Court notes that the scope of permissible discovery which can be conducted without leave of court has been narrowed somewhat by the December 1, 2000 amendments to the Federal Rules.  Rule 26(b) now permits

-17-

discovery to be had without leave of court if that discovery "is relevant to the claim or defense of any party ...."  Upon a showing of good cause, however, the Court may permit broader discovery of matters "relevant to the subject matter involved in the action."  Id.

## B.  Analysis

Turning briefly to the interrogatories, Mr. Ricupero will be directed to provide complete responses to Interrogatory Nos. 7, 8, and 9.  The identities of others to whom he provided internet access through his account relate directly to the merits of his defense that he has not infringed Malibu Media's copyrights at issue here.  Significantly, he does not seriously dispute this.

Further, with respect to Requests for Production Nos. 2 and 6, to the extent that he has not produced information he has agreed to produce, he will be directed to do so.  With respect to Request for Production No. 8, Mr. Ricupero also will be directed to produce the requested information regarding files within his cloud hosting service.  His argument that access to these folders is only relevant if infringement is detected on his computer but no related files are found is not persuasive.  As Malibu Media points out, cloud storage is "basic common technology" which allows users to store and access data much like a computer hard drive.  The Court does not read Mr. Ricupero's response as seriously disputing the relevance of this information.

This brings the Court to the issue of Mr. Ricupero's hard drive(s).  The production request as drafted seeks a copy of the hard drive for each computer device in Mr. Ricupero's home within the past four years.  By agreement of the parties, the four-year time period was reduced to a two-year time period.  The other issue - whether only Mr. Ricupero's hard drive or the hard drives of other individuals in his home are subject to production remains unresolved by the parties.  Mr. Ricupero has taken the

position that only his hard drive can be the target of Malibu Media's discovery efforts and frames his response as relating to only his hard drive, referring repeatedly to the term hard drive in the singular. Malibu Media asserts that Mr. Ricupero's position on this issue is taken in bad faith and that, at a minimum, he must provide an inventory of all devices in his home along with the identification of their respective owners. The Court will first address the issue of production of Mr. Ricupero's hard drive generally.

The essence of Malibu Media's claim is that Mr. Ricupero copied its copyrighted works using the BitTorrent protocol. There is no question that the information stored on his hard drive is necessary to confirm any copyright infringement or to demonstrate that he has not infringed. Evidence of BitTorrent use is demonstrated through the use of computer hardware capable of connecting to the Internet and storing potentially infringing copies of the films.

Mr. Ricupero's argument that Malibu Media only is entitled to access to his hard drive if it can demonstrate discrepancies in his discovery responses relies on cases not applicable to the scenario presented here. Beyond this argument, Mr. Ricupero does not seriously contend that Malibu Media is not entitled to discovery of his hard drive. Rather, the focus of his opposition is that if his hard drive is so essential to Malibu Media's case, it would have pursued production more diligently. In his view, Malibu Media did not and, therefore, as a penalty, Malibu Media should not be allowed access to his hard drive.

Notably, a review of the response and reply indicates an agreement between the parties as to the parameters of the examination of Mr. Ricupero's hard drive. Specifically, the parties agree that the examination should be limited to Malibu Media's works, i.e., the digital movie files identified in

-19-

Exhibit A; evidence of file-sharing, i.e., BitTorrent use related to these files; and evidence of the hard drive's having been wiped or erased since the initiation of this litigation, i.e., spoliation or suppression of evidence. Consequently, the motion to compel will be granted within these parameters. However, the question now becomes whether these parameters apply only to a single hard drive or multiple hard drives.

The parties do not meaningfully address this issue, both sides choosing to relegate the bulk of their discussion to footnotes. Moreover, Malibu Media interchangeably refers to defendant's hard drive or defendant's hard drives. However, Malibu Media specifically states in its reply that it is not seeking a third party's hard drives. See Reply (Doc. 62), p. 5. This is consistent with Mr. Ricupero's position that he will not produce hard drives that are not within his possession, custody or control as contemplated by Fed.R.Civ.P. 34. Consequently, Mr. Ricupero will be directed to produce any hard drive or hard drives within his possession, custody or control for examination within the parameters set forth above.

To summarize the issues with respect to the motion to compel, the motion to compel will be granted. Consistent with this ruling, the motion for extension of time and the renewed motion for extension of time also will be granted. Mr. Ricupero will be directed to produce the requested information within 14 days of the date of this order. Malibu Media will be directed to submit its expert report within 60 days of the receipt of Mr. Ricupero's hard drives.

The other issue raised by both the motion to compel and the motions for extension of the expert disclosure deadline is that of a protective order governing the inspection of Mr. Ricupero's computer hard drives by Malibu Media's expert, Patrick Paige, for preparation of his report. No protective order has been entered

-20-

in this case to date despite Mr. Ricupero's statement in his response to the motion to compel that "[i]ndeed, the principal issue in this case centers on concerns for Defendant's privacy...." Attached to the motion to compel are two draft orders - one proposed by Malibu Media and one proposed by Mr. Ricupero. No formal motion for a protective order is currently pending, however.

The parties' disagreement with respect to a protective order arises from the language found in the fourth section of Mr. Ricupero's proposed order under the heading "Disclosure." Mr. Ricupero's position is that Malibu Media's expert report be produced initially only to defense counsel for a privilege review. If there is no privilege issue, Mr. Ricupero proposes to then provide the report to Malibu Media. If there is a privilege dispute, however, Mr. Ricupero proposes that Malibu Media's recourse will be to move to compel production of its own expert report. Malibu Media opposes the inclusion of such requirements in any protective order for obvious reasons. The Court adds, parenthetically, that Mr. Ricupero's proposal constitutes a procedure which this Court has never seen used in any other case and which a reasonable person in Malibu Media's position could not be expected to consent to.

In light of the parties' lack of a stipulated protective order, the Court will enter one as follows. Mr. Ricupero shall produce any hard drives within his custody and control to Malibu Media for imaging by its expert, Patrick Paige. Prior to production, Mr. Ricupero will create a privilege log of files which Mr. Paige will not examine. Mr. Paige's examination will be limited to evidence of Malibu Media's copyrighted works, Mr. Ricupero's BitTorrent use, and the spoliation or suppression of evidence. Malibu Media has the right to challenge any privilege designation. Mr. Paige's review of privileged information or any

-21-

inadvertent disclosure will not constitute a waiver of any privilege by Mr. Ricupero.

Finally, Malibu Media contends that is entitled to an award of fees and costs incurred in connection with its motion to compel. Predictably, Mr. Ricupero's response is that, not only is such an award not merited, costs should be awarded against Malibu Media.

Rule 37(a)(5) initially directs the Court to award sanctions when granting a motion to compel discovery. However, subsequent subparts to the Rule relax this mandatory obligation when "(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." The question then becomes whether sanctions should be awarded. The Court possesses substantial discretion about this issue.

Viewing the motion to compel within the totality of the circumstances of this case as described above, the Court finds that an award of expenses would be unjust here. In reaching this conclusion, however, the Court notes that viewing the motion to compel in isolation would make for a closer call on this issue. Nonetheless, both parties are advised that a change in approach with respect to their conduct in this case would be, at a minimum, a welcome change. As the Introductory Statement on Civility set forth in this Court's Local Rules explains, zealous representation of a client is not "a blanket excuse for disrespectful or obstructionist behavior." If the pattern of behavior displayed to date continues, the Court may take a different view of any future request for sanctions.

D.  Motions for Extensions of the Discovery and Dispositive Motion Deadlines (Docs. 47 and 64)

Malibu Media has moved for an extension of the discovery and dispositive motion deadlines. Mr. Ricupero has opposed both

motions.  With respect to the extension of the discovery
deadline, his opposition centers around the timing of the
extension request (on the date of the discovery deadline) and his
belief that none of the discovery requests to date warrant an
extension of time.  Mr. Ricupero does not appear to oppose the
request for an extension of the dispositive motion deadline,
instead taking the opportunity of his response to address what he
characterizes as Malibu Media's misrepresentations.

In light of the rulings in this order as set forth above,
the Court finds good cause for the requested extensions and will
therefore grant the motions.  The new discovery deadline will be
30 days after Malibu Media's submission of its expert report.
The new dispositive motion deadline will be 30 days after the
close of discovery.

IV. <u>Motion for Leave to Serve a Third-Party Subpoena (Doc.42)</u>

Malibu Media has moved for leave to serve a third-party
subpoena duces tecum on Time Warner Cable, Mr. Ricupero's
internet service provider.  According to Malibu Media, Time
Warner is a cable operator within the meaning of 47 U.S.C.
§551(c) and, therefore, a court order is required before Time
Warner can disclose certain personally identifiable information
relating to  Mr. Ricupero.  Malibu Media explains that the scope
of the subpoena is limited to documents and deposition topics
relating to the reliability of Time Warner's correlating
techniques, prior notices of infringement sent to Mr. Ricupero,
and data about his bandwidth usage.

Malibu Media contends that all of this information is
relevant.  For example, Malibu Media asserts that information
regarding the reliability of Time Warner's correlating techniques
addresses the issue of the potential for misidentification of the
assignment of the IP address.  Further, Malibu Media argues that
any copyright alert notices sent by Time Warner to Mr. Ricupero

would demonstrate his awareness that his internet service was
being used to infringe.  Finally, Malibu Media contends that
evidence of high bandwidth usage is consistent with a subscriber
being a heavy BitTorrent user.

Mr. Ricupero has not opposed this motion.  Rather, the
motion itself states that he has no opposition to the subpoena as
described, provided the notices of infringement sought relate
only to Malibu Media's works.

Under 47 U.S.C. §551(a)(2)(A), personally identifiable
information is defined as excluding "any record of aggregate data
which does not identify particular persons."  47 U.S.C.
§551(c)(2)(B) allows a cable operator to disclose a subscriber's
personally identifiable information if the disclosure is "made
pursuant to a court order authorizing such disclosure, if the
subscriber is notified of such order by the person to whom the
order is directed."

The information sought by Malibu Media appears to be
personally identifiable information within the meaning of 47
U.S.C. §551(a)(2)(A) because it relates specifically to Mr.
Ricupero.  As indicated, he has no opposition to the disclosure
of this information as long as the second category of information
sought relates only to Malibu Media's works.  Under these
circumstances, the Court will grant Malibu Media's motion for
leave to serve a third-party subpoena on Time Warner Cable.  The
scope of the subpoena will be limited to Time Warner's
correlating techniques, prior notices of infringement concerning
Malibu Media's works, and data regarding Mr. Ricupero's bandwidth
usage.

V.  Order

For the reasons set forth above, the motion to withdraw
(Doc. 52) is granted and Docs. 39, 41, and 49 are withdrawn.  The
motion to strike affirmative defenses (Doc. 10) is granted.  The

-24-

motion for reconsideration and the motion to strike the response (Docs. 23 and 31) are denied. The motions for extensions of time to submit expert witness reports (Docs. 25 and 57), the motion to compel (Doc. 36) and the motions for extensions of the discovery and dispositive motion deadlines (Docs. 47 and 64) are granted. Defendant shall respond to the interrogatories and produce the requested information within fourteen days of the date of this order. Plaintiff shall submit his expert report within 60 days of the receipt of any hard drives within defendant's possession, custody or control. The discovery deadline is extended to thirty days after submission of the expert report and dispositive motions shall be filed thirty days thereafter. The Court enters a protective order as set forth above. The motions for leave to file a sur-reply, to strike that motion and for leave to file "nunc pro tunc" (Docs. 30, 45, and 60) are denied. The motion for leave to file a third-party subpoena duces tecum on Time Warner Cable (Doc. 42) is granted. The request for attorneys' fees and costs in connection with the motion to compel is denied.

/s/ Terence P. Kemp
United States Magistrate Judge