IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Malibu Media, LLC,                    :

          Plaintiff,                  :

     v.                               :     Case No. 2:14-cv-821

David Ricupero,                       :
                                            Magistrate Judge Kemp
          Defendant.                  :


ORDER

     This copyright infringement case involving the use of
BitTorrent technology, one of more than 200 filed by Malibu
Media, LLC in this Court, is currently before the Court on Malibu
Media's motion to dismiss this case pursuant to Rule 41(a)(2)
without prejudice, or alternatively, with prejudice if each party
bears its own fees and costs.  Defendant David Ricupero has
responded and the motion has been fully briefed.  For the reasons
set forth below, the Court will grant the motion to dismiss
without prejudice.  Also before the Court is a motion to file the
motion to dismiss under seal.  Mr. Ricupero has filed a brief in
support of the motion to file under seal.

I.  Background

     This case began as all of the other cases Malibu Media has
filed in this Court.  Malibu Media filed a complaint on July 12,
2014, against a John Doe defendant identified by an Internet
Protocol address, here 184.57.20.1.  The complaint alleged that
the defendant had used BitTorrent technology to download, copy
and distribute twenty-six motion pictures owned by Malibu Media
without its authorization to do so.  Along with its complaint,
Malibu Media filed a motion for leave to serve a third-party
subpoena on Internet Service Provider Road Runner prior to a Rule

26(f) conference in order to obtain the identity of the subscriber assigned the IP address.

Following service of the subpoena, Malibu Media filed an amended complaint naming Mr. Ricupero as the defendant.  Mr. Ricupero filed an answer and counterclaims for a declaratory judgment that he was not an infringer and for abuse of process. This marked the point where this case began to deviate from the typical.  Malibu Media moved to dismiss the counterclaims and moved to strike certain affirmative defenses.  Mr. Ricupero's counsel, Jason Sweet, was admitted *pro hac vice*.  By order dated February 4, 2015, the Court granted Malibu Media's motion to dismiss the counterclaims, holding that the declaratory judgment claim was redundant and that the abuse of process claim failed to state a claim upon which relief could be granted.

Mr. Ricupero filed a motion for reconsideration of the Court's order.  This was the beginning of a firestorm of motions filed over a three-and-one-half month period.  The tone and volume of the parties' briefing caused the Court, in its order of July 14, 2015, ruling on then sixteen pending motions (Doc. 67). to describe the motions seeking deadline extensions or relating to routine discovery as "fall[ing] into two primary categories - motions raising what can be characterized as more substantive issues and motions which exemplify a deterioration of civility in the litigation process."

This prompted further explanation by the Court:

> Just to provide a flavor of the nature of the conduct of this case, as noted, four of the motions request extensions of various case management deadlines (Docs. 25, 47, 57, and 64).  Motions of this sort, in all but a handful of cases, are of the most routine nature, typically agreed to by the parties and granted by the Court without incident in a three-sentence order.  In this case, however, these motions have resulted in the filing of 255 pages of briefing and exhibits.  In fact, the motion for an extension of the

-2-

expert disclosure deadline (Doc. 25) has resulted in the filing of 166 pages of briefing and exhibits, including three secondary motions - a motion for leave to file a sur-reply (Doc. 30), a motion to strike that motion for leave (Doc. 45), and a motion for leave to file "nunc pro tunc" an opposition to that motion to strike (Doc. 60), not to mention the renewed version of the motion itself.

Several things are apparent to the Court from a reading of the parties' filings, the most notable of which is that each side places the blame for its own conduct squarely on the opposing party. The gist of the information garnered from all of these motions can be summed up as follows. Mr. Ricupero believes Malibu Media has been less than diligent in requesting extensions of case management deadlines to which it has knowingly and willingly consented. Malibu Media, on the other hand, contends that Mr. Ricupero's failure to provide requested discovery and his conduct with respect to the surrounding issues has caused its need for all of the requested extensions. In short, the parties claim patterns of delay and stonewalling.

... both parties are advised that a change in approach with respect to their conduct in this case would be, at a minimum, a welcome change. As the Introductory Statement on Civility set forth in this Court's Local Rules explains, zealous representation of a client is not "a blanket excuse for disrespectful or obstructionist behavior." If the pattern of behavior displayed to date continues, the Court may take a different view of any future request for sanctions.

To clarify, the motions addressed in the above order included, among others, four motions by Malibu Media seeking extensions of various case management deadlines as a result of Mr. Ricupero's failure to produce his hard drives in response to Malibu Media's discovery requests (Docs. 25, 47, 57 and 64). Malibu Media also filed a motion to compel seeking discovery responses including the production of Mr. Ricupero's hard drives (Doc. 36). In addition to his motion for reconsideration, Mr. Ricupero's motions, on the other hand, included a motion to file

a sur-reply opposing a motion for extension of time (Doc. 30); a motion to strike the response to the motion for reconsideration (Doc.31); a motion for leave to file nunc pro tunc an opposition to the motion to strike (Doc. 60); and two motions for a protective order and a motion to exclude deposition testimony (Docs. 39, 41, and 49) which he later moved to voluntarily withdraw (Doc. 52).  In the order, the Court granted Malibu Media's motion to compel, directing Mr. Ricupero to produce his hard drives as well as to provide certain other discovery responses.  The Court also granted Malibu Media's requested case management deadline extensions.

Following that order, the parties refrained from frenzied motions practice relating to routine matters and even filed a joint motion seeking further extension of various case management deadlines.  During this time period, the Court held a discovery conference, at counsel's request, on October 26, 2015.

On February 23, 2016, Malibu Media filed its current motion to dismiss.  At the time of the filing, the expert and discovery deadlines had passed and the dispositive motion deadline was February 29, 2016.  Six days following Malibu Media's filing of its motion, and prior to responding to the motion, Mr. Ricupero filed both a procedurally questionable motion for default judgment as a discovery sanction and a summary judgment motion. Malibu Media was granted an extension of time to respond to these motions until after a ruling on the motion to dismiss.

It is with this background in mind that the Court will consider the motion to dismiss.

## II. <u>Legal Standard</u>

Rule 41, Dismissal of Actions, provides, in part:

(a) Voluntary Dismissal.

(2) By Court Order; Effect.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court

-4-

considers proper. ... Unless the order states
otherwise, a dismissal under this paragraph (2) is
without prejudice.

"[T]he purpose of Rule 41(a)(2) is to protect the nonmovant,
... from unfair treatment." Bridgeport Music, Inc. v. Universal-
MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009).  Whether
dismissal should be granted under Rule 41(a)(2) is within the
Court's discretion.  Grover by Grover v. Eli Lilly and Co., 33
F.3d 716 (6th Cir. 1994).  "Generally, an abuse of discretion is
found only where the defendant would suffer 'plain legal
prejudice' as a result of a dismissal without prejudice, as
opposed to facing the mere prospect of a second lawsuit." Id. at
718.  "In determining whether such prejudice would result, courts
typically consider 'the defendant's effort and expense of
preparation for trial, excessive delay and lack of diligence on
the part of the plaintiff in prosecuting the action, insufficient
explanation of the need to take a dismissal, and whether a motion
for summary judgment has been filed by the defendant."
Bridgeport, 583 F.3d at 953, quoting Grover, 33 F.3d at 718.  The
Court is not required to resolve every factor in a plaintiff's
favor to conclude that dismissal without prejudice is warranted.
Nuovo v. Whitacre, 2010 WL 3825376 *2(S. D. Ohio Sept. 28, 2010),
citing Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir.
1980).  Courts use these factors as a guide but, as noted,
discretion rests with the court.  Rosenthal v.
Bridgestone/Firestone, Inc., 217 Fed.Appx. 498, 502 (6th Cir.
2007).  "[P]lain legal prejudice results when the district court
permits voluntary dismissal '[a]t the point the law clearly
dictates a result for the defendant....'" Smith v. Holston
Medical Group, P.C., 595 Fed.Appx. 474, 477 (6th Cir. 2014),
quoting Grover, 33 F.3d at 719.  "[T]he standard is whether 'the
law clearly dictates a result for the defendant.'" PGT Trucking,
Inc. v. Jones, 2015 WL 4094265, *1 (W.D. Tenn. July 7, 2015),

-5-

quoting <u>Grover</u>, 33 F.3d at 719.

### III.  <u>Analysis</u>

The parties' positions are no surprise here.  Malibu Media contends that all of the factors for a dismissal without prejudice are met.  Mr. Ricupero wholeheartedly disagrees. Malibu Media also asserts that any dismissal without prejudice should not be conditioned on an award of costs and fees to Mr. Ricupero.  Alternatively, it contends that this case should be dismissed with prejudice without the payment of Mr. Ricupero's costs or fees.  Mr. Ricupero's response is summed up by this statement on its first page: "This case should be dismissed with prejudice.  Only [with] such a dismissal will Ricupero be able to seek fees as a 'prevailing party' under 17 U.S.C. §505, as is particularly appropriate here."  The Court will examine each party's position in more detail in considering the relevant factors set forth above.

Turning first to the issue of Mr. Ricupero's effort and expense, the Court concludes that this factor weighs heavily in favor of Malibu Media.  Malibu Media argues that discovery has been very limited in this case and that defense counsel attended only one deposition, engaged in limited written discovery, never deposed it, its expert or any of its witnesses, and never filed a motion to compel.  With respect to written discovery, Malibu Media asserts that Mr. Ricupero only issued two sets and the second of these was untimely.  To the extent that motions practice was undertaken in this case, Malibu Media argues that it was a direct result of Mr. Ricupero's aggressive litigation tactics.

In his response, Mr. Ricupero does not directly dispute Malibu Media's characterization of either his discovery efforts or the reason for the motions practice beyond simply asserting that he has undertaken substantial effort and expense in

-6-

defending a clearly baseless lawsuit. Rather, Mr. Ricupero's argument on this issue is devoted exclusively to asserting his well-documented disdain for Malibu Media's entire litigation model as he views it. He asserts, more or less, that he will suffer plain legal prejudice as a result of being denied his vindication through summary judgment and that a dismissal without prejudice would "strip him of any hope for relief." He insists that this case must be dismissed with prejudice so that he may be permitted to recover his fees and costs either as a prevailing party under the Copyright Act or as a result of Malibu Media's vexatious conduct.

To the extent that he addresses the issue of his effort and expense in any meaningful way, his entire argument is set forth in his motion for default judgment, parts of which he has incorporated by reference into his response. The gist of this motion, complete with 271 pages of exhibits, does not challenge Malibu Media's description of his discovery efforts or his motions practice. Not surprisingly, its sole focus is that Malibu Media did not comply with its discovery obligations. Mr. Ricupero states that he served his first sets of interrogatories, document requests and requests for admissions on January 20, 2015, and his motion then describes several instances over the course of approximately the next year where he attempted, through emails or phone calls, to elicit a response from Malibu Media about alleged deficiencies in its responses. Despite Mr. Ricupero's apparent prolonged dissatisfaction with Malibu Media's discovery responses, the Court held one discovery conference and Mr. Ricupero never filed a motion to compel.

A superficial review of the docket sheet for this case would suggest that Mr. Ricupero has invested significant time and effort in defending this action. However, a closer look reveals that the bulk of this time and effort was wholly unnecessary and

-7-

misdirected. For example, while he vehemently opposed the most routine of extension requests, he approached Malibu Media's alleged discovery deficiencies with an utter lack of zeal. This suggests that he was less interested in the information he sought to obtain and more interested in building a case for dismissal against Malibu Media. This view of Mr. Ricupero's intentions is further borne out by the nature and extent of his other filings. Moreover, even assuming that dismissal on Malibu Media's terms would be prejudicial based on Mr. Ricupero's efforts, this would not be dispositive of the issue. Courts have held that such expenditures may be insufficient to defeat a plaintiff's motion. Nuovo, 2010 WL 3825376, at *2. As noted, the overall focus of the Court's necessary inquiry is whether potential legal harm exists. Id.

The second factor, Malibu Media's excessive delay or lack of diligence, weighs mostly in Malibu Media's favor. Malibu Media argues that it acted diligently throughout this litigation and did not cause any significant delays. According to Malibu Media, Mr. Ricupero substantially delayed the litigation by refusing to comply with discovery and by providing false information after he was compelled to respond to discovery requests. Specifically, Malibu Media cites Mr. Ricupero's failure to provide it with electronic devices and storage systems until the Court ordered him to do so. Further, Malibu Media contends that it did not learn the identities of Mr. Ricupero's roommates until taking his deposition on January 25, 2016 and did not receive the deposition transcripts until February 4, 2016, making it impossible for Mr. Ricupero to claim prejudice based on the timing of the motion to dismiss.

Again, Mr. Ricupero does not address this factor head on. To the extent that he could be said to have addressed it at all, he has done so in the form of offering his speculation as to the

-8-

real reason for Malibu Media's decision to seek voluntary dismissal - its desire to avoid both its discovery obligations and a decision on the merits. In making this argument, Mr. Ricupero attaches great significance to Malibu Media's moving to voluntarily dismiss only six days before dispositive motions were due.

Malibu Media's need to request multiple extensions of time because Mr. Ricupero refused to produce his hard drives is well-documented. Not only did Mr. Ricupero's actions necessitate these requested extensions, he chose to oppose the requests in a manner not typically seen in this Court. Beyond these documented extension requests, Malibu Media cannot be said to have unnecessarily delayed this litigation. While Mr. Ricupero suggests that Malibu Media contributed to delay by withholding discovery, his response to the alleged delay indicates his absolute complicity. This conclusion, however, should not be viewed as a blanket endorsement of Malibu Media's conduct in this case. As noted in the Court's previous order, Malibu Media made its own contribution to the decline of professionalism exhibited by the parties' filings.

The third factor considers whether Malibu Media has offered a sufficient explanation of the need for dismissal. Malibu Media's explanation, plain and simple, is that further pursuit of this case is not financially justified. Mr. Ricupero disputes that Malibu Media seeks dismissal for this reason. He asserts that this is so because his financial situation should have been obvious from the outset. He also cites to one statement in his response to the motion to compel ("... the protective order proposed by Plaintiff would require an onerous process given Defendant's limited financial means....") as support for the position that Malibu Media was on notice of his limited financial means as early as March 4, 2015 (the actual filing date of that

-9-

response was May 4, 2015).

There is no dispute that, for whatever reason, and despite previous attempts, Malibu Media did not depose Mr. Ricupero until January 25, 2016. At that time, he testified that he just started his own business development company, had previously worked for another company he started, and did not have cable service because he could not afford it. Malibu Media moved to dismiss this action within a month of Mr. Ricupero's deposition. It seems reasonable that his financial situation was a topic Malibu Media would have chosen to explore at Mr. Ricupero's deposition. When Malibu Media was satisfied it had an accurate picture, it quickly moved to voluntarily dismiss. The Court does not find persuasive Mr. Ricupero's suggestion that Malibu Media could have made the same decision months earlier based on an unverified comment contained in a response to a motion. The desire to avoid expensive litigation is a justifiable reason to dismiss this action and other courts faced with this reason have so found. See, e.g., Malibu Media v. Shekoski, 2015 WL 2353117 (E.D. Mich. May 15, 2015).

The final factor also weighs in Malibu Media's favor. At the time it filed its motion, a motion for summary judgment had not been filed. As noted, Mr. Ricupero filed two apparent dispositive motions after Malibu Media moved to dismiss. His motivation in doing so seems obvious. Mr. Ricupero, however, makes much of the fact that Malibu Media filed its motion to dismiss shortly before the dispositive motion deadline. As discussed above, this time frame also was shortly after Malibu Media deposed Mr. Ricupero. For this reason, the Court cannot conclude that Mr. Ricupero's after-the-fact filing of dispositive motions should be held against Malibu Media. Moreover, "the existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a

-10-

finding of plain legal prejudice." Rosenthal, 217 Fed.Appx. at
502. In arguing to the contrary, Mr. Ricupero confuses his
filing of a summary judgment motion based on his version of the
facts with his entitlement to summary judgment.

For all of these reasons, the Court concludes that Malibu
Media's motion to dismiss without prejudice should be granted.
Based on the record before it, the Court cannot conclude that Mr.
Ricupero will suffer plain legal prejudice from this result. At
most, Mr. Ricupero faces the threat of a second lawsuit, but that
has been uniformly held not to constitute plain legal prejudice.
The question then becomes whether this dismissal without
prejudice warrants the payment of attorney's fees and costs, as
Mr. Ricupero contends and Malibu Media disputes.

The parties' briefing on this issue could be more helpful.
They both tend to focus on the impact of a dismissal with
prejudice and the potential for Mr. Ricupero to be found to be a
prevailing party. Mr. Ricupero also focuses on Malibu Media's
alleged vexatious conduct. The point of the parties' various
arguments is simply this - Malibu Media objects to any dismissal
that would result in fees and costs being awarded to Mr.
Ricupero, and Mr. Ricupero believes that he is entitled to fees
and costs under any form of dismissal or as a result of Malibu
Media's vexatious conduct.

Certainly, as the parties seem to recognize, "Rule 41(a)(2)
is not a fee-shifting statute like §505 of the Copyright Act" and
the factors set forth in Fogerty v. Fantasy, Inc., 510 U.S. 517
(1994) do not apply here. Bridgeport Music, Inc. v. Universal-
MCA Music Pub. Inc., 481 F.3d 926, 931 (6th Cir. 2007). However,
"a discretionary procedural rule ... explicitly allows a district
court to impose terms and conditions upon a voluntary dismissal
'as the court deems proper.'" Id., citing Fed.R.Civ.P. 41(a)(2).
Consequently, a Rule 41(a)(2) dismissal may be conditioned on

-11-

whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice. Massey v. City of Ferndale, 117 F.3d 1420, 1997 WL 330652, *3 (6th Cir. 1997)(unpublished table decision). The Court of Appeals has rejected the idea that the payment of defense costs is universally required for dismissal under Rule 41(a)(2). DWG Corp. v. Granada Invs., Inc., 962 F.2d 1201, 1202 (6th Cir. 1992).

Factors in support of denying an award of attorneys' fees include whether a plaintiff acted in good faith in bringing the action and whether costs were wasted. University Estates, Inc. v. City of Athens, Ohio, 2011 WL 1897444, *4 (S.D. Ohio May 18, 2011), citing Blackburn v. City of Columbus, Ohio, 60 F.R.D. 197, 198 (S.D. Ohio 1973); Bentz v. Reed Elsevier, Inc., 2000 WL 33244507, *3 (S.D. Ohio Dec. 5, 2000). Courts also look to other factors including whether extensive discovery costs were involved, whether the procedural history of the case required substantial time and expense, and whether extraordinary expenses were incurred in defending the action. Id. citing August Storck KG v. Nabisco, Inc., 1996 WL 634116, *5 (N.D. Ill. Oct. 30, 1996).

Turning first to the issue of Malibu Media's good faith, despite Mr. Ricupero's numerous protestations to the contrary, the Court cannot conclude that Malibu Media brought this action to harass, embarrass or abuse either Mr. Ricupero or the civil process. Rather, as other courts have noted, "'Malibu certainly has the right to protect its copyright, assuming it owns a protectable copyrighted work, by bringing infringement actions against those it believes engaged in infringing conduct.'" Malibu Media, LLC v. John Doe, 2016 WL 1242687, *3 (S.D. Ohio March 30, 2016), quoting Malibu Media, LLC v. Does 1-28, 295 F.R.D. 527, 535 (M.D. Fla. 2012). Further, there is no evidence

-12-

in the record demonstrating that Malibu Media deliberately sought
to increase Mr. Ricupero's costs by extending the litigation.
Moreover, as explained above, much of the increase in the length
of this litigation was a result of Mr. Ricupero's own conduct -
both passive and aggressive - and the time and expense associated
with the procedural history of this case were almost exclusively
a result of his actions.

The purpose of awarding attorney's fees and costs is to
protect a defendant and not to punish a plaintiff.  <u>Nuovo</u>, 2010
WL 3825376, at *5.  Consequently, any condition imposed should
simply alleviate the harm that a defendant would suffer as a
result of a dismissal without prejudice.  <u>Id</u>.  As discussed
above, that harm in this instance is limited to the mere prospect
of a second lawsuit.  Under this circumstance, and taking into
account the entire record in this case, the Court declines to
condition the dismissal without prejudice on Malibu Media's
payment of Mr. Ricupero's attorney's fees and costs. For these
same reasons, to the extent that Mr. Ricupero is suggesting that
the Court should grant an award of attorneys' fees and costs as a
result of Malibu Media's alleged vexatious conduct, any such
request is denied.

IV. <u>The Motion for Leave to File Under Seal</u>

As noted above, Malibu Media filed a motion to file the
motion to dismiss and its exhibits under seal.  In support of
this motion, Malibu Media states its understanding that Mr.
Ricupero has designated both its expert report and his deposition
transcript as confidential.  It explains that it relied on
information in both documents in support of its motion to dismiss
and, in an effort to honor Mr. Ricupero's request, it seeks to
file the motion and all exhibits under seal.  It asserts that
these documents do not contain any information deemed
confidential from its perspective.

-13-

In support of Malibu Media's motion, Mr. Ricupero contends that its expert report should be filed under seal for two reasons.  First, he contends that it includes "Additional Evidence" relating to his alleged infringements of works other than those belonging to Malibu Media.  This, according to Mr. Ricupero, was in direct violation of a Court order.  He also contends that this expert report must be filed under seal because it relies on deposition testimony from his neighbors which the Court has already found to be inadmissable.

Based on the parties' briefing, it appears that the only information to be considered for filing under seal is Malibu Media's expert report and any citations to that report in its motion to dismiss.  The Court will grant the parties fourteen days to file affidavits identifying any information they seek to have remain sealed and explaining why this treatment is necessary.  Based upon any affidavits, the Court will determine whether to leave any documents sealed and order redacted versions to be filed.  If no affidavits are filed, the Court will unseal the motion to dismiss with attached exhibits on the fifteenth day.

### IV.  Order

For the reasons stated above, the motion to dismiss this case without prejudice (Doc. 76) is granted without condition. All other pending motions are denied.  This case is dismissed without prejudice.  The parties shall file any affidavits addressed to the issue of sealed documents within fourteen days.


/s/ Terence P. Kemp
United States Magistrate Judge