```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Malibu Media, LLC,              :

      Plaintiff,             :

  v.                            :      Case No. 2:14-cv-821

David Ricupero,                 :
                                     Magistrate Judge Kemp
      Defendant.             :

ORDER

    This matter is before the Court to consider three motions filed by defendant David Ricupero. These motions include two separate motions to supplement the record pursuant to Fed.R.App.P. 10(c) - one relating to the discovery conference held on October 26, 2015, and one relating to the status conference held on April 16, 2015 - and a motion to modify the record on appeal pursuant to Fed.R.App.P. 10(e). He also has filed a designation of the record on appeal. Plaintiff Malibu Media, LLC has filed a combined response to Mr. Ricupero's motions. Mr. Ricupero has filed a combined reply and the motions are now ripe for decision. For the following reasons, the motions will be granted in part and denied in part.

## I. Background

    The factual background of this case has been detailed in previous orders and the Court will not repeat it here. By order dated May 13, 2016, the Court granted, without prejudice and without condition, Malibu Media's motion to dismiss this case pursuant to Rule 41(a)(2). Mr. Ricupero filed a notice of appeal on June 12, 2016.

    In dismissing the case without prejudice, the Court considered the typical factors relevant to a request for

dismissal under Rule 41(a)(2), including Mr. Ricupero's effort and expense, Malibu Media's excessive delay or lack of diligence, Malibu Media's explanation of the need for dismissal, and whether a summary judgment motion had been filed.  Unable to conclude that Mr. Ricupero would face plain legal prejudice from a dismissal without prejudice, the Court granted Malibu Media's motion.  Noting that the purpose of awarding attorney's fees is to protect a defendant and not to punish a plaintiff, the Court declined to award attorney's fees and costs to Mr. Ricupero.  The Court reached these conclusions despite Mr. Ricupero's briefing, both in response to the motion for voluntary dismissal and subsequently, detailing at significant length Malibu Media's alleged improper or vexatious conduct in pursuing this action.

## II.  The Motions

Through his first two motions (Docs. 94 and 95), Mr. Ricupero seeks, pursuant to Fed.R.App.P. 10(c), to reconstruct the record of two informal conferences held before the Court by telephone on October 26, 2015 and April 16, 2015.  His motions contain statements of the proceedings for each conference based on counsel's "contemporaneously-recorded notes" and on "counsel's recollection of the conference."  He contends that the contents of his statements are necessary for the proper adjudication of his appeal.  Mr. Ricupero's counsel signed the motions under penalty of perjury.

In his third motion (Doc. 96), Mr. Ricupero requests that the Court modify the record on appeal pursuant to Fed.R.App.P. 10(e).  Specifically, he requests that the Court supplement the record with documents he sent to the Court in connection with the discovery conference held on October 26, 2015.  He has attached these documents to his first motion to supplement the record. See Doc. 94-1.  He explains that these documents summarize the discovery disputes between counsel.  He also requests that the

Court supplement the record with its own notes from that conference and with an oral order issued at the conference held on April 16, 2015.

The gist of Mr. Ricupero's filings is that he is attempting to demonstrate two things: (1) that, following the status conference on April 16, 2015, the parties understood the Court would not allow the depositions of Mr. Ricupero's neighbors to be used in this proceeding; and (2) that, during the discovery conference on October 26, 2015, the Court ordered Mr. Ricupero to file a summary judgment motion if Malibu Media failed to produce documents from third-party Excipio on grounds that these documents were not within Malibu's possession, custody or control. He explains that his appeal challenges the Court's later findings made in connection with the motion for voluntary dismissal which he believes are inconsistent with discussions had and orders issued at these conferences.

In its response, with respect to Mr. Ricupero's statement of the proceedings of October 26, 2015 (Doc. 94), Malibu Media disputes the information contained in Paragraphs 2, 5, and 9 through 12. Malibu Media asserts that Mr. Ricupero's statements and recollection contradict the record to the extent that he contends that the Court ordered him to file a motion for summary judgment. As Malibu Media explains, reminding a party that a motion for summary judgment may be filed at any time is different from ordering the filing of such a motion. Further, Malibu Media points out that, if such an order were made, it would have been reflected by a briefing schedule or other written documentation in the record.

With respect to Mr. Ricupero's statement of the proceedings of April 16, 2015 (Doc. 95), Malibu Media objects to the statement in Paragraph 11. It disputes Mr. Ricupero's characterization that the parties understood that the Court would

not allow the use of the neighbors' depositions. Aside from objecting to Mr. Ricupero's statements of the proceedings, Malibu Media has not provided its own statement of the proceedings.

With respect to the motion to modify the record under Fed.R.Civ.P. 10(e) (Doc. 96), Malibu Media argues that the Rule is designed only to correct omissions or misstatements. It explains that the Rule's purpose is not permit a party to introduce new evidence into the record. Malibu Media also contends that this document does not reflect the parties' positions because Malibu did not join in the preparation of the document and did not have access to it until Mr. Ricupero filed his current motions.

Mr. Ricupero has filed a brief reply contending that Malibu Media's response to his motions to supplement was untimely and, therefore, its objections cannot be considered. Mr. Ricupero also notes that Malibu Media's counsel did not submit an affidavit of his recollection of the proceedings.

### III. Fed.R.App.P. 10 (c) and (e)

Fed.R.App.P. 10(c) provides:

> **(c) Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript is Unavailable.** If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

In reviewing the submissions of the parties, the Court is permitted to rely on its own recollection of events. United States v. Caramadre, 807 F.3d 359, 376 (1st Cir. 2015). Further, the Court is not required to give more weight to a

contemporaneously recorded lawyer's notes over its own recollection. Id. at 377. Rather, "the phrase 'settlement and approval' is generous in its scope," and does not require the Court to ignore case-related matters within its own knowledge. Id. at 376-377. A challenge to a trial court's account can only succeed if the account is "'patently unreasonable or deliberately false'" resulting in prejudice to presentation of the claims on appeal. Id. at 376. (citations omitted).

Fed.R.App.P. 10(e) provides:

**(e) Correction or Modification of the Record.**
(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

    (A) on stipulation of the parties;
    (B) by the district court before or after the record has been forwarded; or
    (C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

This Rule been explained as follows:

"Normally the record on appeal consists of 'the original papers and exhibits filed in the district court,''the transcript of proceedings, if any' and 'a certified copy of the docket entries prepared by the district clerk.'"Fed.R.App.P. 10(a). "However, 'if anything material to either party is omitted from or misstated in the record by error or accident,' the rule allows 'the omission or misstatement [to] be corrected and a supplemental record [to] be certified and forwarded.'" Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003)(quoting Fed.R.App.P. 10(e)(2)). Rule 10(e) allows correction

>of the record either by agreement of the parties, by order of the district court, or by order of the court of appeals." Id. (citing Fed.R.App.P. 10(e)(2)). It "is clear from the rule's wording, '[t]he purpose of the rule is to allow [] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" Id. (quoting S & E Shipping Corp. v. Chesapeake & O. Ry. Co., 678 F.2d 636, 641 (6th Cir. 1982)). "'In general, the appellate court should have before it the record and facts considered by the District Court.'" Id. (quoting United States v. Barrow, 118 F.3d 482, 487 (6th Cir. 1997)).

Zwerin v. 533 Short North, LLC, 15 F.Supp.3d 769, 772 (S.D. Ohio 2014).

## IV. Analysis

A. The Motions to Supplement the Record Under Rule 10(c)

Initially, the Court notes that Rule 10(c) states that an appellant's statement of the proceedings is to be served on the appellee, after which the appellee may object or propose amendments. The statement and any objections or proposed amendments are then to be submitted to the Court for settlement and approval. This procedure was not followed by the parties here. Rather, Mr. Ricupero filed his statements in the form of motions to supplement the record and a briefing cycle ensued. Despite both parties' failure to comply with the procedures of Rule 10(c), the Court now has before it Mr. Ricupero's statement of the proceedings relating to informal conferences held on October 26, and April 16, 2015, and Malibu Media's response, so any technical failure to comply with Rule 10(c) may be overlooked.

Next, the Court notes that Mr. Ricupero's Rule 10(c) statements both relate to informal pretrial conferences. Typically, absent a request from counsel, the Court does not hold such conferences on the record. The provisions of Rule 10(c), however, have been held to apply to such conferences. See, e.g.,

-6-

In re Cambridge Literary Properties, Ltd., 271 F.3d 348, 349 (1st Cir. 2001), citing Athridge v. Rivas, 141 F.3d 357 (D.C. Cir. 1998); see also U.S. v. Caramadre, 807 F.3d at 375 (applying Rule 10(c) in context of unrecorded and untranscribed chambers conference).

The Court will proceed to settle and approve a statement of the proceedings in light of Mr. Ricupero's submissions, Malibu Media's objections, and its own recollection. In doing so, the Court will keep in mind that the underlying purpose of a transcript is to provide a complete, true and accurate record of what occurred at a proceeding. A transcript would not be framed by the submission of background information nor would it explain actions taken following the proceeding, and the Court's statement intentionally excludes such matters.

1. The Informal Discovery Conference held on October 26, 2015

Turning first to the statement of proceedings relating to the informal discovery conference held on October 26, 2015, the Court concludes that some of what Mr. Ricupero has submitted can be characterized as background information that does not indicate what occurred at the conference. Consequently, the Court will not include Paragraphs 1 through 5 of Mr. Ricupero's submission in its statement of proceedings.

Paragraphs 6 and 7 appear to address statements made by counsel during the conference. Malibu Media has not objected to Mr. Ricupero's account of the parties' positions set forth in these paragraphs. The Court's recollection confirms that these were the issues discussed at the conference as explained by the parties.

Paragraph 8 contains quotations of statements purportedly made by the Court at the conference. Beyond this, it characterizes the Court as having "expressed disbelief at Malibu's position." Malibu Media has not objected to any of the

-7-

information in Paragraph 8.  While Mr. Ricupero may have accurately recounted the Court's statements, Mr. Ricupero's assessment of the Court's reaction and his attempt to include this interpretation in his statement of the proceedings is not the type of information which should be included in a Rule 10(c) statement.  Consequently, in approving and settling the statement of proceedings, the Court will modify the language of Paragraph 8 to exclude this information.

 Malibu Media's primary objection to Mr. Ricupero's statement of the proceedings is directed to Paragraphs 9 through 12.  One objection appears to be that the Court did not issue an order compelling Malibu Media to provide the requested discovery.  This objection appears to relate to the language of Paragraph 10. Malibu Media's other objection is that the Court did not order Mr. Ricupero to file a motion for summary judgment.  This appears directed to the language of Paragraphs 11 and 12.  Malibu Media does not specifically direct any objection to Paragraph 9 but notes that this paragraph provides support for its view that the Court did not order Mr. Ricupero to move for summary judgment.

 The Court's recollection is consistent with Malibu Media's objections as they relate to Paragraphs 10, 11 and 12.  It is not the Court's typical practice to issue oral orders during a discovery conference without committing those orders to writing after the completion of the conference.  The Court has no recollection of having departed from its typical procedure here. Additionally, it is not the Court's practice to compel the production of documents absent a pending motion to compel. Again, the Court has no recollection of having departed from its typical procedure here.  Informal discovery conferences are a tool which permit the Court to assist parties in resolving discovery disputes without the need for formal motions practice; the Court typically acts as a mediator and not an adjudicator.

Adjudications should appear on the record, and there are no such adjudications which arose from this conference.

Further, as Malibu Media points out, there is a difference between a Court's reminding a party of its ability to move for summary judgment prior to the discovery cutoff as reflected in Paragraph 9 and ordering that party to file such a motion. No such order was issued here. Finally, with respect to Paragraph 12, this information does not pertain to the proceeding itself and would not be reflected in a transcript. Consequently, in settling and approving the statement of the proceedings, the Court will modify the language of paragraph 10 to reflect accurately the Court's action and will decline to approve Paragraphs 11 and 12 in their entirety.

    2.   <u>The Status Conference held on April 16, 2015</u>

Almost none of the information contained in the statement of proceedings relating to the status conference held on April 16, 2015, appears to be information explaining what occurred at the conference. Rather, the information contained in Paragraphs 1 through 8 is nothing more than background information that would not typically be reflected in a transcript of a proceeding. In settling and approving the statement of proceedings, the Court will not approve these paragraphs.

Paragraph 11, on the other hand, is Mr. Ricupero's view of counsels' understanding of a statement made by the Court during the status conference. Malibu Media has objected to the inclusion of this information. To say the least, this information in no way reflects any discussion undertaken at the status conference. In settling and approving the statement of the proceedings, the Court will not approve this paragraph.

The only information that arguably would be reflected in a transcript is contained in Paragraphs 9 and 10. Malibu Media has not objected to these paragraphs. Turning to Paragraph 9, the

Court's recollection, consistent with the record in this case, is that it did not hold Malibu Media in contempt. It is further consistent with the record that Mr. Ricupero agreed to withdraw his motion for contempt (see Docs. 49, 52, and 67), which, contrary to Mr. Ricupero's characterization in Paragraph 9, is not a pleading. Similarly, it is consistent with the record that Mr. Ricupero agreed to withdraw his motion (again, not a pleading) for a protective order as reflected in Paragraph 10 (see Docs. 41, 52, and 67). The Court does not find inaccurate the quotation attributed to it in Paragraph 10. Consequently, in settling and approving the statement of proceedings, the Court will modify the language of Paragraphs 9 and 10 to more accurately reflect the discussion at the status conference.

B. <u>Mr. Ricupero's Motion to Modify the Record on Appeal Pursuant to Rule 10(e)</u>

Turning to Mr. Ricupero's motion to modify the record on appeal, Rule 10(e) does not support the supplementation of the record requested by Mr. Ricupero. In part, his request to modify the record seeks the inclusion of a list of "Topics at Issue for Informal Discovery Conference."

This request is not designed to correct an "omission" or a "misstatement" of what actually happened in the proceedings before this Court. There is no dispute that such a conference was held on that day. Further, there is no dispute that Mr. Ricupero had issues he sought to raise at that conference. In fact, Mr. Ricupero's stated purpose in seeking to include this information is to support his position that the Court issued oral orders at the discovery hearing. As discussed above, no such orders were issued. Moreover, Mr. Ricupero's proposed discussion topics would have had no bearing on that issue. Nor is his list of proposed topics information that would have been admitted into the record even had the discovery conference been held on the

record. Most significant, however, is that a list of topics that may or may not have been discussed at an informal discovery conference was not considered by the Court in concluding that Malibu Media had sufficiently established its entitlement to a voluntary dismissal without prejudice and without an award of costs and fees.

In his motion, Mr. Ricupero also requests that the Court supplement the record with its own notes from the conference on October 26, 2016. No such notes exist. Finally, Mr. Ricupero requests that "the record be supplemented with regards to an oral order issued at the April 16, 2015 status conference" relating to the use of depositions. As explained above, the Court did not issue such an order. Consequently, the Court of Appeals has "'before it the record and facts considered by'" this Court. See Zwerin, 15 F.Supp.3d at 774, citing Inland Bulk Transfer Co., 332 F.3d at 1012. For these reasons, the motion to modify the record will be denied.

## V. Order

The motion to supplement the record (Doc. 94) is granted in part and denied in part to the extent that, pursuant to Fed.R.App.P. 10(c), the Court settles and approves the following statement of the proceedings relating to the informal discovery conference held on October 26, 2015:

> 1. Magistrate Judge Kemp asked counsel for Mr. Ricupero to explain the issues. Counsel stated that he had requested the conference because Malibu had refused to produce relevant documents on the basis that they were not in its possession, custody, or control. Rather, Malibu insisted, any relevant evidence of Mr. Ricupero's alleged infringements was in the custody of the foreign investigator it had hired to track the infringements.

> 2. Malibu Media's counsel, Mr. Faroniya, then explained that Malibu's investigator, Excipio, was an "independent third-party entity" over whom Malibu Media

> "had no control." Mr. Faroniya further stated that Mr. Ricupero would need to subpoena the documents from Excipio pursuant to the procedures set forth in the Hague Convention.
>
> 3.  Magistrate Judge Kemp stated that he had "specifically ruled" in unrelated matters on this "exact issue.'  Magistrate Judge Kemp explained that "regardless of actual possession, Excipio had acted at the behest of Malibu Media" when it gathered the evidence upon which this action is founded.  "They had no other incentive for observing and collecting the data."
>
> 4.  Magistrate Judge Kemp then asked Mr. Ricupero's counsel why he had not moved for summary judgment on the issue.  Counsel replied that he had not because discovery was still open.  Magistrate Judge Kemp explained that "you can move for summary judgment anytime."
>
> 5.  Magistrate Judge Kemp explained that, to the extent Excipio had documents gathered at Malibu Media's direction, Malibu would be deemed in possession of the relevant documents.

The motion to supplement the record (Doc. 95) is granted in part and denied in part to the extent that, pursuant to Fed.R.App.P. 10(c), the Court settles and approves the following statement of the proceeding relating to the status conference held on April 16, 2015:

> 1.  The Court declined to sanction Malibu Media for contempt.  Mr. Ricupero agreed to withdraw his motion requesting that relief.
>
> 2.  Mr. Ricupero agreed to withdraw his motion for a protective order.  The Court stated, "whether I allow the depositions to be used is another story."

The motion to modify the record on appeal (Doc. 96) is denied.

The document captioned as "Designation of Record on Appeal" (Doc. 97) is not a motion and shall be removed from the Court's pending motions list.

The Clerk is directed to include this order in the record on appeal.

/s/ Terence P. Kemp
United States Magistrate Judge