FILED
RICHARD W. NAGEL
CLERK OF COURT

20 JUL 10 PM 12: 36

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0499n.06

No. 16-3628

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, | ) ) | |
| Defendant-Appellant. | ) ) ) | REDACTED OPINION |

FILED
August 28, 2017
DEBORAH S. HUNT, Clerk

**BEFORE:** SUHRHEINRICH, BATCHELDER, and STRANCH, Circuit Judges

**JANE B. STRANCH, Circuit Judge.** Malibu Media filed suit against ▓▓▓▓▓▓▓ for copyright infringement, alleging that he illegally downloaded various films owned by Malibu Media. ▓▓▓▓▓ brought a counterclaim against Malibu Media, seeking a declaratory judgment that he was not a copyright infringer, which the district court dismissed as redundant to the plaintiff's claims. Malibu Media filed a motion to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2), which the district court granted. ▓▓▓▓▓▓ appeals the district court's dismissal of Malibu Media's claims against him and the dismissal of his counterclaim. For the following reasons, we **AFFIRM**.

### I. BACKGROUND

Malibu Media, LLC, produces pornographic films that it offers on the web via paid subscription. Despite this fee structure, Malibu Media states that on a monthly basis

approximately 80,000 U.S. residents use BitTorrent, a peer-to-peer file transfer protocol used for sharing large amounts of data over the Internet, to download Malibu Media's movies. This has spurred Malibu Media to file hundreds of copyright infringement claims in federal courts across the country, including more than 200 cases in the U.S. District Court for the Southern District of Ohio. ▮ argues that these cases are all similarly pled and follow an inappropriate litigation model.

Here Malibu Media brought suit against a John Doe defendant identified by his Internet Protocol (IP) address, alleging that he had used BitTorrent technology to download, copy, and distribute 26 movies copyrighted by Malibu Media. Malibu Media served a third-party subpoena on the Internet Service Provider connected to the IP address to obtain the identity of the subscriber, and subsequently filed an amended complaint naming ▮ as the defendant. ▮ filed an answer, as well as counterclaims for a declaratory judgment that he was not a copyright infringer and for abuse of process. The parties consented to the jurisdiction of a U.S. Magistrate Judge. The magistrate judge dismissed ▮'s counterclaims, determining that the declaratory judgment claim was redundant to Malibu's claim, and that the abuse of process claim failed to state a claim upon which relief could be granted.

▮ filed a motion for reconsideration of the dismissal of the counterclaims, which kicked off what the district court characterized as a "firestorm of motions filed over a three-and-one-half month period." The "tone and volume of the parties' briefing" caused the district court to describe the motions as "fall[ing] into two primary categories – motions raising

No. 16-3628, *Malibu Media, LLC v.* ▮▮▮▮ **– REDACTED OPINION**

what can be characterized as more substantive issues[1] and motions which exemplify a deterioration of civility in the litigation process."

Many of ▮▮▮▮'s arguments stem from his view of Malibu's litigation model, which he alleges is abusive and coercive to defendants. *Cf. Malibu Media, LLC v. Doe*, No. 1:14-cv-493, 2016 WL 1242687, at *4 (S.D. Ohio Mar. 30, 2016) ("[Malibu Media's] countless voluntary dismissals filed in numerous other suits in this District and others . . . is more concerning. . . . Throughout these cases, Malibu Media has not shown any indication that it intends to prosecute the merits of its copyright infringement claims."). ▮▮▮▮ describes Malibu Media as seeking out defendants based on an IP address, conducting early discovery on the subscriber's finances, and delaying service until the subscriber is notified of the suit and reaches out to Malibu. If Malibu and the subscriber fail to reach a settlement, ▮▮▮▮ states, only then does Malibu name the subscriber, and then further delays discovery. According to ▮▮▮▮, if a settlement is not reached by the close of discovery, Malibu will voluntarily dismiss the complaint, often blaming the defendant's conduct. Malibu takes issue with this characterization of its conduct, and emphasizes its right to protect its copyrighted films from infringement.

In its order denying ▮▮▮▮'s motion for reconsideration, the district court remarked on the increasing friction between the parties and concluded that "both parties claim patterns of delay and stonewalling." Some improvement followed and the court set a discovery deadline of January 28, 2016, with dispositive motions due by February 29. On February 23,

---

[1] One such substantive dispute concerned ▮▮▮▮'s hard drive. ▮▮▮▮ states that his hard drive was "forensically imaged, preserved, and examined" by an expert who determined that the computer was not used to infringe any of Malibu Media's films. ▮▮▮▮ claims that he repeatedly offered the imaged drive but Malibu refused to take it. Malibu claims that ▮▮▮▮ continually failed to produce his hard drives for imaging, requiring it to move for extensions of discovery. Malibu charges that its expert ultimately received an image of the hard drive, and later a declaration from ▮▮▮▮'s expert, which revealed that the two experts examined different images of the hard drive. Malibu demanded a copy of the image that ▮▮▮▮'s expert examined and obtained that hard drive image about a month later.

-3-

No. 16-3628, *Malibu Media, LLC v.* ▇▇▇▇ – **REDACATED OPINION**

Malibu filed a motion to voluntarily dismiss the case against ▇▇▇▇. On February 29, ▇▇▇▇ filed a motion for default judgment and a summary judgment motion on his counterclaims. He later filed a response in opposition to Malibu's motion to dismiss.

The court granted Malibu Media's motion, determining that ▇▇▇▇ would not suffer plain legal prejudice due to the dismissal without prejudice and declined to condition the dismissal on Malibu's payment of ▇▇▇▇'s attorney's fees and costs. ▇▇▇▇ now appeals both the district court's dismissal of his counterclaim for a declaratory judgment that he did not infringe Malibu Media's copyright and the voluntary dismissal granted Malibu pursuant to Rule 41(a)(2).

## II. ANALYSIS

### A. Dismissal of ▇▇▇▇'s Counterclaim

The district court dismissed ▇▇▇▇'s counterclaim, finding that it was redundant to Malibu Media's copyright infringement suit and thus failed to state a claim upon which relief could be granted under Rule 12(b)(6). *See also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant . . . matter.") We review dismissal under Rule 12(b)(6) de novo. *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016).

▇▇▇▇ argues that the district court's dismissal was a decision whether or not to exercise jurisdiction over a declaratory judgment action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and is subject to a different standard of review. "We review a district court's decision to exercise jurisdiction over a declaratory judgment for abuse of discretion." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citations omitted). "Federal courts, and federal district courts in particular, have 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 758 (6th Cir. 2014) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Courts evaluating jurisdiction

-4-

No. 16-3628, *Malibu Media, LLC v.* ▇▇▇▇ – **REDACATED OPINION**

over a declaratory judgment do so using the five factors articulated in *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The *Grand Trunk* factors examine whether the declaratory judgment (1) would settle the controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for "procedural fencing" or to "provide an arena for a race for res judicata"; (4) would increase friction between state and federal courts and improperly encroach on state jurisdiction; and (5) whether there is a more effective, alternative remedy. *Id.* The district court did not discuss the *Grand Trunk* factors in dismissing the counterclaim for a declaratory judgment, which ▇▇▇▇ argues constitutes reversible error.

*Grand Trunk* directs courts to evaluate "efficiency, fairness, and federalism," as they depend on the facts of a particular case, in determining whether to exercise jurisdiction over a declaratory judgment claim. *W. World*, 773 F.3d at 759. Our "essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id.* A district court will typically examine the general principles—whether a declaratory judgment will "serve a useful purpose" and if it will "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Grand Trunk*, 746 F.2d at 326. Courts have evaluated whether such a "useful purpose" exists by looking specifically at the issue of redundancy and may appropriately do so without relying on the *Grand Trunk* factors. *See, e.g., Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289 (6th Cir. May 27, 1987) (unpublished table decision) (finding that a magistrate judge appropriately denied a motion to add a counterclaim because "when a counterclaim merely restates the issue as a 'mirror image' to the complaint, the counterclaim serves no purpose"); *Orleans Int'l, Inc. v. Mistica Foods, L.L.C.*, No. 15-13525, 2016 WL

No. 16-3628, *Malibu Media, LLC v.* ▇ – REDACTED OPINION

3878256, at *2-3 (E.D. Mich. Jul. 18, 2016) (dismissing declaratory judgment counterclaim under Rule 12(b)(6) because it was redundant to the plaintiff's claims and therefore did not serve a useful purpose); *Pettrey v. Enter. Title Agency, Inc.*, No. 1:05-cv-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006) (determining that there was "no useful purpose" for retaining the defendants' declaratory judgment counterclaims when the factual and legal issues were identical and the counterclaims would be rendered moot by adjudication of the plaintiff's claims).

The district court dismissed ▇'s counterclaim under Rule 12(b)(6) because it was redundant to Malibu Media's copyright infringement suit. Since ▇ failed to state a claim upon which relief could be granted, the district court had no need to assess its discretion to exercise jurisdiction over the declaratory judgment action under the *Grand Trunk* factors. Thus, we review de novo the dismissal of ▇'s counterclaim.

▇ sought a declaratory judgment that he did not infringe on Malibu Media's copyright. The court found this counterclaim to be a "mirror image" of Malibu's complaint, and determined that the issues in the counterclaim would necessarily be resolved with the adjudication of the infringement claim. ▇ argues that redundancy is not the appropriate issue at the pleading stage as it is distinct from the question of whether the counterclaim "serves any useful purpose." He posits that the court should have first determined whether Malibu Media's claims would have negated the need for declaratory relief and then avers that such a determination is impossible at the pleading stage. ▇ argues that any suit he files against Malibu on the facts in the counterclaim would be duplicative and the district court should have resolved the entire matter instead of forcing him to sue again.[2] Malibu takes particular issue with this argument, countering that ▇ has not cited any authority for

---

[2] ▇ also argues that the court improperly dismissed his counterclaim because it was compulsory. *See* Fed. R. Civ. P. 13(a). But the compulsory nature of a counterclaim is irrelevant if it fails to survive Rule 12(b)(6), and thus ▇'s argument has no bearing on the court's dismissal.

-6-

No. 16-3628, *Malibu Media, LLC v.* ▮▮▮▮ – REDACTED OPINION

the notion that his counterclaim could stand without Malibu's complaint, and that dismissal of Malibu's complaint would moot his claim.

▮▮▮▮'s counterclaim allegations track those made in Malibu Media's complaint and seek only a declaratory judgment that he did not infringe its copyrighted works. The heart of ▮▮▮▮'s counterclaim is whether he infringed the copyrighted works; resolution of Malibu Media's copyright infringement claim would dispose of all factual or legal issues necessary for deciding that counterclaim.

Indeed, ▮▮▮▮ is not clear what "useful purpose" his counterclaim would serve, arguing only that it would cause no prejudice to Malibu Media and may "deter against future filing of copyright claims to obtain nuisance-value settlements." A counterclaim would also provide ▮▮▮▮ an additional avenue for securing an award of attorney's fees, especially where Malibu Media later moved to voluntarily dismiss its complaint without prejudice under Rule 41(a)(2). *See Malibu Media, LLC v. Doe*, No. C 15-04441 WHA, 2016 WL 3383758, at *2-3 (N.D. Cal. June 20, 2016). But the fee-shifting provision of the Copyright Act, 17 U.S.C. § 505, awards reasonable attorney's fees to the prevailing party in a copyright infringement action without regard to whether the defendant has asserted a counterclaim. *See Mawdsley v. Kirkland's, Inc.*, No. 3-13-0462, 2013 WL 5754947, at *2 (M.D. Tenn. Oct. 23, 2013) ("If Plaintiff's claim for infringement is denied, Defendant could be the prevailing party without having asserted a counterclaim."). Thus we affirm the district court's dismissal of the counterclaim as redundant.

### B. Voluntary Dismissal of Malibu Media's Complaint

Federal Rule of Civil Procedure 41(a)(2), for voluntary dismissal by court order, provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2)

No. 16-3628, *Malibu Media, LLC v.* ▆▆▆▆▆▆▆ – REDACATED OPINION

is without prejudice." We review dismissal under Rule 41(a)(2) for an abuse of discretion. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). To examine prejudice, we consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*; *see also Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) ("*Bridgeport II*"). These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007).

The district court evaluated the four *Grover* factors and determined that they weighed in favor of dismissal. ▆▆▆▆▆▆▆ argues that the court abused its discretion in granting a voluntary dismissal because Malibu's litigation model—filing a motion for voluntary dismissal where settlement is not reached by the close of discovery—results in unfair treatment to the defendant. We begin our analysis with the *Grover* factors.

First assessing ▆▆▆▆▆▆▆'s effort and the expense of preparation, the court found that discovery was relatively limited in the case, and any excessive energy spent on motions practice was the result of ▆▆▆▆▆▆▆'s own litigation tactics. ▆▆▆▆▆▆▆ argues that Malibu's several requests for extensions, which he frequently opposed, were intended to hang him with the cost of extended litigation, and that he was often compelled to correct Malibu's misrepresentations of law and fact. Malibu counters that its extensions were necessary based on ▆▆▆▆▆▆▆'s own

-8-

No. 16-3628, *Malibu Media, LLC v.* ▮▮▮▮ – **REDACATED OPINION**

failure to produce discovery. The record shows some support for both positions. Though ▮▮▮▮ has clearly expended great energy and effort in defending himself against what he views as Malibu Media's suspect litigation tactics, the record reveals that much of this effort was directed at matters that did not advance either discovery or the litigation as a whole. As the court noted, ▮▮▮▮ repeatedly expressed dissatisfaction with Malibu Media's discovery responses, but did not seek to compel or obtain the information he purportedly sought. Instead, many of ▮▮▮▮'s actions—such as failing to produce his imaged hard drive until compelled by the court—can fairly be seen as holding up the progression of discovery. The effort and expense ▮▮▮▮ has expended in litigation is thus not dispositive of the issue of legal harm.

Similarly, in evaluating excessive delay or lack of diligence on the part of the plaintiff, the court found that any delay by Malibu Media was the result of ▮▮▮▮'s failure to provide it with his electronic devices and storage systems until ordered to do so. ▮▮▮▮ counters that Malibu's inability to keep to its own discovery schedule, evidenced through five discovery-related extensions, weighs against dismissal. He emphasizes that Malibu Media brought its motion to dismiss only six days before the deadline for dispositive motions, when it could or should have known the facts underlying its claimed rationale for dismissal at the start of the case, and when it was on notice that ▮▮▮▮ intended to file a summary judgment motion. But the timing of the motion here carries little weight in determining the legal harm to ▮▮▮▮, especially where Malibu attributes this timing to information it learned in ▮▮▮▮'s deposition. *See Rosenthal*, 217 F. App'x at 502 (finding that the district court did not abuse its discretion in granting the plaintiff's motion to dismiss, which was filed after the court had expressed its inclination to rule favorably on the defendant's pending summary

No. 16-3628, *Malibu Media, LLC v.* ███████ – **REDACTED OPINION**

judgment motion, and that "plaintiffs' delay in filing the motion to dismiss did not sufficiently prejudice defendant to preclude dismissal"). The issue is the extent to which Malibu's delay caused legal harm to ███████. In this case, when much of that delay was premised on ███████'s own litigation tactics, we find that the district court did not err in weighing this factor in favor of Malibu Media.

Third, the court also accepted Malibu's explanation for its dismissal: that it had learned, shortly before filing its motion to dismiss, that pursuing the case would not be financially justified based on the state of ███████'s personal finances. Malibu states that it first learned of ███████'s finances at his January 26, 2016, deposition, where he stated that he had recently started his own business and that he and his roommates could not afford cable. ███████ argues that his financial situation should have been obvious from the outset, but fails to point to any place in the record from which Malibu could have gleaned this information. ███████ also argues that his finances provide insufficient justification to warrant a dismissal without prejudice. But a plaintiff's cost-benefit analysis of pursuing further litigation may serve as sufficient explanation of its dismissal. *See Bridgeport II*, 583 F.3d at 955 (determining that the district court did not abuse its discretion in granting the motion to dismiss where it concluded that the "plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal in [the] cases"); *see also Malibu Media, LLC v. Shekoski*, No. 13-12217, 2015 WL 2353117, at *2 (E.D. Mich. May 15, 2015) (finding that "whether Plaintiff seeks dismissal to avoid expensive litigation, or because it no longer has a good faith belief that Defendant is the direct infringer, Plaintiff has a justifiable reason to dismiss th[e] lawsuit"). While this explanation may be fairly scant, Xxxxxxxxxx does not actually dispute his limited financial means or show how it was

-10-

No. 16-3628, *Malibu Media, LLC v.* ▮▮▮▮▮ – **REDACATED OPINION**

known earlier. The court did not err in finding this cost-benefit analysis to be a sufficient explanation for purposes of this factor.

Finally, in evaluating the fourth *Grover* factor, the court noted that at the time Malibu Media filed its motion to dismiss, no summary judgment motion was pending. ▮▮▮▮▮ filed his motion for summary judgment six days later, on the deadline, and argues that the order of filing makes no difference because Malibu knew that he intended to file for summary judgment, and the relevant inquiry is whether such a dispositive motion was pending. *See Grover*, 33 F.3d at 718. The court concluded that ▮▮▮▮▮'s after-the-fact filing should not be held against Malibu, and that dismissal was justified despite the pending summary judgment motion.

The existence of a pending motion for summary judgment is not dispositive. In *Rosenthal*, the defendants' summary judgment motion was pending at the time the district court granted the plaintiffs' motion to dismiss. *See* 217 F. App'x at 499. Though that court had indicated its inclination to grant summary judgment in defendants' favor on all claims, the plaintiffs subsequently filed a motion to dismiss, which was granted. *Id.* Defendants argued "that the pending summary judgment motion precluded the court from granting the motion to dismiss" but we rejected that argument because "[t]here is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate," and that "the existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice." *Id.* at 502. Here, particularly when ▮▮▮▮▮'s motion for summary judgment was filed after the motion to dismiss, we find that the court did not abuse its discretion by granting Malibu Media's motion to dismiss.

No. 16-3628, *Malibu Media, LLC v.* ▇▇▇▇ – **REDACTED OPINION**

▇▇▇▇ makes one final argument that he will suffer legal harm from dismissal of the complaint: he will lose defenses and "[c]ourts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense." *Id.* at 500. ▇▇▇▇ claims that he retains two absolute defenses: innocence/non-infringement and a statute of limitations defense for some of the films copyrighted by Malibu Media that he allegedly downloaded. But ▇▇▇▇ has not shown how he will lose either of these defenses in a subsequent action. Should Malibu Media assert a second copyright infringement lawsuit against ▇▇▇▇, dismissal in this action will not affect ▇▇▇▇'s ability to raise either a non-infringement or statute of limitations defense. "Where a defense is still available in the second action, courts are less likely to find plain legal prejudice." *Rosenthal*, 217 F. App'x at 501. And as the district court noted, simply the threat of a second lawsuit is not enough to show that ▇▇▇▇ will suffer legal prejudice from dismissal. *See Grover*, 33 F.3d at 718.

▇▇▇▇ has not shown that the law "clearly dictates a result" in his favor, such that it would be "unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719. Accordingly, we find that the district court did not abuse its discretion in granting Malibu Media's motion to dismiss without prejudice.

C. **Payment of Attorney's Fees and Costs**

Finally, ▇▇▇▇ argues that the dismissal without prejudice should have been with payment of attorney's fees and costs. The district court determined that such an award was not necessary because there was no indication that Malibu Media had brought the action against ▇▇▇▇ in bad faith, or that it deliberately sought to increase ▇▇▇▇'s costs through extended litigation.

▇▇▇▇ appears to argue that the dismissal of Malibu's complaint under Rule 41(a)(2) makes him a "prevailing party" within the meaning of 17 U.S.C. § 505, which would

-12-

No. 16-3628, *Malibu Media, LLC v.* ▮ – REDACTED OPINION

entitle him to fees under the Copyright Act. (*See* **Appellant's Br. at 68-69**) He offers no support for this contention. Rule 41(a)(2) "is not a fee-shifting statute like § 505 of the Copyright Act," which requires the evaluation of specific factors to award attorney's fees. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) ("*Bridgeport I*"). Rule 41(a)(2) is a "discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal as the court deems proper." *Id.* (internal quotations and citation omitted). We review the district court's determination for abuse of discretion. *Id.* at 929.

The magistrate judge assessed the general factors used to evaluate whether to award attorney's fees, including whether the plaintiff acted in good faith in bringing the action, extensive discovery costs were involved, and extraordinary expenses were incurred in defending the action. The court determined that it could not conclude that Malibu brought the action solely for the purpose of harassing, embarrassing, or abusing ▮, but rather that it was acting to protect its copyright by bringing an infringement action against a person who it believed was infringing on that right. Similarly, the court determined that there was no evidence that Malibu attempted to increase ▮'s costs in defending the action by delaying or extending the litigation—to the contrary, the court found that the length of the litigation was due in large part to ▮'s own conduct.

On appeal, ▮ once more argues that Malibu Media abused the discovery process and conducted the litigation in a manner that intended to increase the cost of his defense. There is some litigation history suggesting that Malibu Media has sued multiple individuals and employed a litigation model of pushing for and obtaining nuisance value settlements or dismissing the claim. ▮ suggests that the possibility of incurring fees could reduce

No. 16-3628, *Malibu Media, LLC v.* ▮▮▮▮▮ – **REDACTED OPINION**

Malibu's incentives to bring "meritless" suits and better balance the litigants' positions. While this last sentiment may be true, it does not mean that the district court abused its discretion in declining an award of attorney's fees. Examining the dynamics exhibited throughout the litigation as a whole, and particularly ▮▮▮▮▮'s conduct, the court determined that a fee award was not appropriate to alleviate any harm to ▮▮▮▮▮ as a result of dismissal without prejudice. We cannot say that this was an abuse of discretion.

▮▮▮▮▮'s final argument is that "[a]ny dismissal should be conditioned on Malibu providing proper responses to [his] discovery demands." This argument appears to be another request for fees as a prevailing party in the litigation, but insofar as ▮▮▮▮▮ seeks specific documents or interrogatories, he is not clear as to what those documents or interrogatories might be. Without any indication of what "discovery" ▮▮▮▮▮ seeks for Malibu to "produce," we do not make any such condition on the dismissal. We also find that the district court did not abuse its discretion in denying this request.

### III. CONCLUSION

For the reasons discussed, we AFFIRM the district court's dismissal of ▮▮▮▮▮'s counterclaim and of Malibu Media's suit pursuant to Rule 41(a)(2).

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: July 10, 2020

Mr. Joseph A. Bahgat
338 S. High Street
Columbus, OH 43215

Mr. Matthew A. Dooley
O'Toole, McLaughlin, Dooley & Pecora
5455 Detroit Road
Sheffield Village, OH 44054

Mr. Walter A. Lucas
Mr. Joshua Michael Miklowski
Weston Hurd, 1301 E. Ninth Street, Suite 1900
Cleveland, OH 44114

Mr. Jason E. Sweet
Booth Sweet, 32R Essex Street
Cambridge, MA 02139

Re: Case No. 16-3628, *Malibu Media, LLC v. David Ricupero*
Originating Case No. : 2:14-cv-00821

Dear Counsel,

The court issued the enclosed order today in this case.

Attached is a copy of the redacated opinion that will replace nunc pro tunc the original, unredacted order on the court's docket and website.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. Richard W. Nagel

Enclosure