ELECTRONICALLY FILED

6-9-20

Case No. 16-3628

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MALIBU MEDIA LLC,

*Plaintiff-Respondent,*

v.

██████████████

*Defendant-Petitioner.*

From the United States District Court
for the Southern District of Ohio
Case No. 2:14-cv-00821

## MOTION TO SEAL THIS COURT'S OPINION ISSUED ON AUGUST 28, 2017 OR, IN THE ALTERNATIVE, REDACT PETITIONER'S FULL NAME FROM THE COURT'S OPINION

**WALTER A. (SCOTT) LUCAS (0068150)**
*SLucas@westonhurd.com*
**JOSHUA M. MIKLOWSKI (0085690)**
*JMiklowski@westonhurd.com*
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602
(216) 621-8369 (fax)
*Attorneys for Petitioner* ████████

EXHIBIT

Brief

## MEMORANDUM

## I. SUMMARY OF THE ARGUMENT

Appellant ████████████ (hereinafter "Petitioner") respectfully requests that this Court seal the docket of this case and its opinion dated August 28, 2017, pursuant to Fed. R. App. P. 27 and 6 Cir. R. 25(h). The Petitioner alternatively requests that this Court reissue its opinion nunc pro tunc to the original date of filing with the Petitioner's full name redacted from the opinion and from the docket.

There are compelling reasons to grant the requested relief, which outweigh the public interest in open access to court records. This Court's opinion details false allegations that the Petitioner ████████████████████████████





The ongoing and pervasive negative impact of the Court's opinion on the Petitioner is a compelling interest which outweighs the public right to open access to this case. An order sealing the case is an adequately tailored means of serving Petitioner's compelling interest. Therefore, and as set forth in detail below, this Court should grant the requested relief.

## II. BACKGROUND

Petitioner was named as a defendant ▮▮▮▮▮▮▮▮ alleging that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ *See Malibu Media, LLC v. John Doe*, et al, Case No. 2:14-cv-00821-TPK (S.D. Ohio filed July 12, 2014). The allegations were untrue. (*See* Exhibit A (hereinafter ▮▮▮▮▮▮▮▮▮▮▮▮ "), at ¶4).

Petitioner vigorously defended against Malibu Media's claims, and he asserted counterclaims for abuse of process and for declaratory judgment. (Declaration of ▮▮▮▮▮▮▮▮. On May 13, 2016, after nearly two years of litigation,

3

Malibu Media voluntarily dismissed its claims against the Petitioner, and the district court dismissed Petitioner's counterclaims. ██████████████████████.

The Petitioner appealed the district court's dismissal of his counterclaims. ████████████████████). In its August 28, 2017 opinion, this Court affirmed the district court's decision.

Despite the Petitioner obtaining a voluntary dismissal of Malibu Media's claims, the case continues to affect all aspects of Petitioner's life in profoundly negative ways to this day. ████████████████████ This Court's decision affirming the district court, which is widely available on the internet, describes Malibu Media's complaint ████████████████████████████████████████████████████████████████████████

The Petitioner steadfastly denied and continues to deny this allegation. ████████████████████████

---

[1]Exhibit B, submitted in support of the instant motion, consists of true and accurate date- and Bates-stamped screenshots of relevant internet web pages and internet searches. ██████████████████ For the convenience of the Court, undersigned counsel applied black rectangular marks to portions of the documents to highlight relevant search results.

"hits" linking the decision.



The highly scandalous nature of Malibu Media's false allegation and the wide availability of the Court's opinion have damaged and continue to damage Petitioner's otherwise unblemished reputation, his standing in the community, his

## III. LAW AND ARGUMENT

### A. The Applicable Legal Framework

This Court may, in its discretion, enter an order sealing court records, where the party seeking such relief can provide compelling reasons sufficient to overcome the public's right of access. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). There is a "strong presumption in favor of openness" as to court records. *Id.* The party seeking to seal such records has the burden of

overcoming the presumption. *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd Cir. 2001). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

Generally, the risk of reputational harm by itself is not a sufficient reason justifying the sealing of court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, where, as here, a case goes beyond mere reputational harm such relief may be warranted. As stated by the U.S. Supreme Court:

> the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case." * * * Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, * * * or as sources of business information that might harm a litigant's competitive standing,

*Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (internal citations omitted). "The presumption of [judicial] openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501 (1984).

## B. There are Compelling Reasons to Seal the Court's Opinion

The reasons for sealing the Court's opinion in this case are compelling. ▮



The problem here is not simply that this Court's opinion is available to the public—it is that modern technology has made it so easily available *to anyone with even a passing interest in the Petitioner and his background.* This is an increasingly interconnected world, and it is common for a person to "Google" another's name, whether an acquaintance, prospective employee or employer, co-worker, or family member.

The easy access to the Court's written decision has had a profoundly negative effect on Petitioner in his professional and financial life. ▮



7

dismissed the complaint, the mere allegation that he ███████████

███████████ has been enormously damaging to him. ███████████

███████████. For example, on several occasions the allegations were brought up



The case has affected Petitioner in more personal ways as well.



The court case has also negatively affected the Petitioner's





people rarely read the whole court decision to find out that the case was ultimately dismissed.



Petitioner has testified that since the court case has appeared in internet search results,

Petitioner has provided compelling reasons for sealing this Court's opinion and the case docket.

10

## C. The Reasons for Sealing the Court's Opinion Outweigh the Public Interest in this Matter

The presumption of transparency in this case is overridden by the compelling reasons described above, and a sealing of the court's opinion is "essential to preserve higher values." *Press-Enter. Co.*, 464 U.S. at 501. First, this Court's opinion is designated as "Not Recommended for Publication." As such, it has no precedential value except for law of the case. *See Tanner v. Yukins*, 776 F.3d 434, 441 (6th Cir. 2015) (unpublished opinions lack any precedential value outside of the cases in which they were issued).

Further, the typical grounds supporting a strong public interest in transparency are largely not present here. As stated by this Court:

> Sometimes, the public's interest is focused primarily upon the litigation's result—*whether a right does or does not exist, or a statute is or is not constitutional.* In other cases—including "antitrust" cases—the public's interest is focused not only on the result, *but also on the conduct giving rise to the case.* In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."

*Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305-306 (6th Cir. 2016) (internal citations omitted). In this case, the Court's opinion does not involve "whether a right does or does not exist" or whether "a statute is or is not

11

constitutional." Further, the opinion does not address the propriety of the alleged conduct giving rise to the case.

Instead, the Court's opinion addresses relatively narrow issues of procedure—whether the district court abused its discretion when it granted Malibu Media's motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) and when it dismissed the ███████████████████████████████████████████████ ████████████████████████████ While this is an issue that may be of interest to many attorneys and some small segment of the general public, it is not an issue the secrecy of which would "insulate[] the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id.* The compelling interest in protecting the Petitioner from further negative impact as a result of the easy availability of the Court's opinion far outweighs the public interest in this case.



Petitioner has asserted compelling reasons to seal the case record and, on balance, those compelling reasons far outweigh the public interest in open records. Given the highly compelling nature of Petitioner's interest, a complete sealing of the record is an adequately tailored means of serving that interest. Accordingly, this Court should grant the Petitioner's requested relief and seal the Court's opinion and the docket in this case.

### D. In the Alternative, Petitioner Requests that this Court Reissue its Opinion Nunc Pro Tunc with the Petitioner's Full Name Redacted and Seal the Prior Decision

In the alternative, Petitioner requests that this Court reissue its opinion nunc pro tunc with the Petitioner's full name redacted. As outlined above, there are compelling reasons for granting such relief, and doing so will not interfere with the strong public interest in obtaining the information contained in the court record. Redacting the Petitioner's full name, and replacing it with his initials, will not prevent the public from assessing for itself the merits of the court's decision.

This Court has granted such relief in at least one other case. *M.A.R. v. Sessions*, 6th Cir. No. 14-3801, 2018 U.S. App. LEXIS 16430, at *1 (June 18, 2018). In *M.A.R.*, the petitioner M.A.R. moved the Court to remove its opinion from its website so that it was not immediately accessible by the public through internet searches. The opinion that M.A.R. wanted removed adjudicated M.A.R.'s challenge to the board of immigration appeals' order dismissing M.A.R.'s appeal of an

13

immigration judge's decision which denied M.A.R.'s application for asylum on the grounds that M.A.R. was not credible, *inter alia. M.A.R. v. Holder*, 596 Fed. Appx. 484 (6th Cir. 2015).

In a summary order, this Court denied M.A.R.'s motion to remove the subject opinion from the Court's website, but it concluded that "in view of the assertions made, however, we direct the clerk to reissue the opinion effective nunc pro tunc to the original filing date *with redaction of the Petitioner's full name*." Because M.A.R.'s motion to remove the opinion from the website is sealed, the stated reasons for the motion are unknown. Nonetheless, it is evident that M.A.R., like the Petitioner here, did not want the opinion to be immediately accessible to the public at large.

Should this Court conclude that sealing the case is not warranted, Petitioner respectfully requests that he be granted at least the same relief afforded in *M.A.R. v. Holder*.

## IV.   CONCLUSION

For all of these reasons, Petitioner respectfully requests that the Court grant Petitioner's motion and enter an order sealing the docket and the Court's opinion.

In the alternative, this Court should enter an order directing the clerk to reissue the Court's opinion nunc pro tunc to the original filing date with redaction of Petitioner's full name in both the Opinion and the docket sheet.

Respectfully submitted,

*s/ Walter A. (Scott) Lucas*
**WALTER A. (SCOTT) LUCAS (0068150)**
*SLucas@westonhurd.com*
**JOSHUA M. MIKLOWSKI (0085690)**
*JMiklowski@westonhurd.com*
**Weston Hurd LLP**
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH 44114-1862
(216) 241-6602
(216) 621-8369 (fax)
***Attorneys for*** █████████████

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>8th</u> day of <u>June</u>, 2020, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and as required by the Court.  Parties may access this filing through the Court's system.

*s/ Walter A. (Scott) Lucas*

**WALTER A. (SCOTT) LUCAS (0068150)**

Attorney for █████████████████

16