UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MALIBU MEDIA, LLC,**

      **Plaintiff,**

  v.                                            Civil Action 2:14-cv-821
                                                  Chief Judge Algenon L. Marbley
                                                  Magistrate Judge Chelsey M. Vascura

**DAVID RICUPERO,**

      **Defendant.**

## ORDER

This matter is before the Court on Defendant's Motion for Order Redacting Defendant's Full Name from the Docket and All Briefing and Court Orders (ECF Nos. 114–15).  By way of background, Plaintiff Malibu Media, LLC commenced this action alleging that Defendant illegally downloaded Plaintiff's copyrighted pornographic films.  (ECF No. 1.)  Defendant filed a counterclaim seeking a declaratory judgment that he had not infringed Plaintiff's copyright.  (ECF No. 7.)  The Court granted Plaintiff's motion to dismiss the counterclaim as redundant to Malibu's claim.  (ECF No. 22.)  Plaintiff subsequently moved to voluntarily dismiss its claims, which the Court granted over Defendant's objection.  (ECF No. 91.)  Defendant appealed the dismissal of both Plaintiff's claims and Defendant's counterclaim.  The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision on August 28, 2017.  (*Malibu Media, LLC v. Ricupero*, 6th Cir. Case No. 16-3628, ECF No. 51, the "Appellate Decision.")

Nearly three years after the Appellate Decision, Defendant moved in the Sixth Circuit to seal the Appellate Decision, or, in the alternative, to redact Defendant's full name from the Appellate Decision.  (Case No. 16-3268, ECF No. 55, the "Appellate Motion.")  The Sixth Circuit granted that motion on July 10, 2020, with its full Order reading: "UPON

CONSIDERATION of Defendant's motion to redact the court's opinion of August 28, 2017, IT IS ORDERED that the motion be, and it hereby is, GRANTED. The redacted opinion will reissue nunc pro tunc." (Case No. 16-3268, ECF No. 59-2.)

Defendant now moves in this Court to "redact[ ] Defendant's full name from the docket and all briefing and court orders." (Mot., ECF No. 114–15.) Defendant's motion in this court comprises a single paragraph that merely directs this Court to the Appellate Motion, indicating that the Sixth Circuit has already granted "identical relief" in the Sixth Circuit case. (*Id.*)

In the Appellate Motion, Defendant argued that redaction of his name in the Appellate Decision was necessary because the circumstances of the case, together with the ready availability of the Appellate Decision in search engine results for Defendant's name, created "a profoundly negative effect on every aspect of [Defendant's] life—personally, romantically, professionally, financially, and psychologically." (Appelate Mot. 2–3, ECF No. 114-1.) In support, Defendant attached to the Appellate Motion several pages of search engine results returning hits for the Appellate Decision when Defendant's name was searched online. (ECF No. 114-3.) He also submitted an affidavit asserting that Plaintiff's allegations were false; that he vigorously defended those allegations, including an appeal to the Sixth Circuit; that he has lost consulting clients, potential alternative employment, membership in a men's bible study group, and romantic prospects; and that his mental health has suffered, all due to the online availability of the Appellate Decision. (ECF No. 114-2.)

Although the Appellate Motion persuaded the Sixth Circuit to redact Defendant's name from the Appellate Decision, the Appellate Motion is insufficient to obtain the relief Defendant seeks in this Court. First, far from seeking "identical relief" to what was granted by the Sixth Circuit, Defendant asks this Court to redact his name from every piece of the district court

2

docket—that is, Defendant seeks redaction here of more than 100 documents, as compared to the single document that was redacted in the Sixth Circuit.  Moreover, although the Appellate Motion documented the ready online availability of the Appellate Decision, Defendant has made no showing whatsoever that documents from this Court's docket appear as search results for his name.

Moreover, even if district court documents were consistently returned from a search of Defendant's name, he has not satisfied his burden to overcome the presumption of public access to court records.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  Specifically, "[h]arm to reputation is insufficient to overcome the strong presumption in favor of public access."  *Kiwewa v. Postmaster Gen. of United States*, No. 18-3807, 2019 WL 4122013 (6th Cir. Mar. 26, 2019) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016)).  In *Kiwewa*, the plaintiff sought to seal the record of a lawsuit he initiated, arguing that online access to the court records were preventing him from being hired.  *Id.*  The Sixth Circuit found that this was insufficient to overcome the strong presumption in favor of public access and refused to seal the records.  *Id.*  The Sixth Circuit emphasized this is true "especially where . . . the party who filed the suit alleges harm from the public availability."  *Id.*

The undersigned finds *Kiwewa* instructive.  Although Defendant did not initiate this case, he did assert a counterclaim and an appeal which produced the only court document shown to have caused him hardship.  And, like the *Kiwewa* plaintiff, Defendant asserts harm only to his reputation.  Because Defendant has therefore failed to overcome the strong presumption in favor of public access to court records, his Motion (ECF Nos. 114–15) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE