IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| | : | Civil Action. 2:14-cv-821 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Vascura |
| DAVID RICUPERO, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant's Objection to the Magistrate Judge's Order on his motion to redact. (ECF No. 117). For the reasons that follow, Defendant's jurisdictional objection is **OVERRULED** and this Court has no authority to consider the remaining objections.

I.  BACKGROUND

Plaintiff Malibu Media, LLC commenced this action alleging that Defendant David Ricupero illegally downloaded some of its copyrighted materials. (ECF No. 1). Mr. Ricupero filed a counterclaim seeking a declaratory judgment that he had not infringed Plaintiff's copyright. (ECF No. 7). This Court granted Plaintiff's motion to dismiss the counterclaim as redundant to Malibu's claim. (ECF No. 22). Plaintiff subsequently moved to dismiss its claims voluntarily, which this Court granted over Defendant's objection. (ECF No. 91). Defendant appealed the dismissal of Plaintiff's claims, as well as his counterclaim. The Sixth Circuit affirmed this Court's decision on August 28, 2017. (*Malibu Media, LLC v. Ricupero*, 6th Cir. Case No. 16-3628, ECF No. 51).

Nearly three years later, Defendant moved the Sixth Circuit to seal its opinion, or, in the alternative, to redact his full name from the decision. (Case No. 16-3628, ECF No. 55) ("Appellate

1

Motion"). The Sixth Circuit granted that motion on July 10, 2020 and issued a sealed order. This order reads in its entirety: "UPON CONSIDERATION of Defendant's motion to redact the court's opinion of August 28, 2017, IT IS ORDERED that the motion be, and it hereby is, GRANTED. The redacted opinion will reissue nunc pro tunc." (Case No. 16-3628, ECF No. 59-2.).

Defendant then moved this Court to redact his full name "from the docket and all briefing and court orders." (ECF Nos. 114–15). Mr. Ricupero's motion was one paragraph long, seeking "[i]dentical relief" as was granted by the Sixth Circuit. (ECF No. 114). He then attached the Appellate Motion he had filed as an exhibit. (ECF No. 114-1). Although the Appellate Motion persuaded the Sixth Circuit to redact Defendant's name from the Appellate Decision, the Magistrate Judge denied Mr. Ricupero's Motion to Redact, finding that Appellate Motion was insufficient to obtain the relief Defendant seeks in this Court. (ECF No. 116). In particular, the Magistrate found that Mr. Ricupero was not seeking identical relief because he was seeking to redact every mention of his name from more than 100 documents. (*Id.* at 2–3). By contrast, his Appellate Motion sought redaction of a single document. Additionally, the Magistrate found that his motion did not make any showing that any documents from *this* case appear in search results for his name. (*Id.* at 3). Finally, the Magistrate found that, even if Mr. Ricupero had made such a showing, he could not overcome the presumption of public access to court records. (*Id.*). Accordingly, the Magistrate denied his motion. Defendant's objection then followed.

## II. LAW & ANALYSIS

Magistrate judges play a vital role in the federal court system, including by making recommendations to district judges as to the resolution of pretrial matters or by presiding over cases in their entirety when parties have consented properly. Rule 72 of the Federal Rules of Civil Procedure sets forth when a district court may review objections to orders by a magistrate judge.

For pretrial motions "not dispositive of a party's claim or defense" referred to and determined by a magistrate, the district court may review that decision for clear error after receiving a timely objection. Fed. R. Civ. P. 72(a). A magistrate judge may also hear pretrial matters dispositive to a claim or defense and issue a report and recommendation; a district judge must conduct a *de novo* review of "any part of the magistrate judge's disposition" to which a proper objection was raised. Fed. R. Civ. P. 72(b).

When all parties consent, the district judge to whom the case is assigned may refer a civil case to a full-time magistrate judge. 28 U.S.C. § 636(c)(1). A magistrate presiding over a case pursuant to 28 U.S.C. § 636 "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" when designated to exercise such jurisdiction. *Id.* Unlike nonconsensual referrals of pretrial matters to magistrate judges, over which the district court retains the ability to accept or reject the magistrate's recommendations, a consensual referral under 28 U.S.C. § 636 gives the magistrate judge "full authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003). In these instances, judgments entered by the designated magistrate judge are to be treated as a final judgment of the district court, appealable "in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3).

The parties submitted a Rule 26(f) report on December 2, 2014, in which the parties indicated their unanimous consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 11). Counsel for Plaintiff and Defendant signed off on the filing. (*Id.*). This Court subsequently referred this case to U.S. Magistrate Judge Terence P. Kemp, who had been assigned as the Magistrate in the case. (ECF No. 14). Litigation proceeded before Judge Kemp, including the eventual dismissal orders which were the subject of Defendant's

appeal in 2017. Judge Kemp then retired. After the Sixth Circuit issued its sealed order allowing redaction of the opinion on its docket in August 2020, Mr. Ricupero turned his sights to this Court's docket. On August 6, 2020, he filed a motion to file the motion at issue under seal. (ECF No. 112). Magistrate Judge Vascura, who had been assigned to the case during its nearly three-year dormancy, issued an order granting Defendant's request. (ECF No. 113).

On notice that Magistrate Judge Vascura, rather than Magistrate Judge Kemp, was now overseeing the case, Mr. Ricupero then filed the motion to redact his name from the docket and all briefing on September 4, 2020. (ECF No. 114). She subsequently denied his request on October 26, 2020. (ECF No. 116). Mr. Ricupero then filed the pending objection, asserting that she had no jurisdiction to rule on his motion to redact. (ECF No. 117). He argues that "where parties consent to the jurisdiction of a specifically[] named magistrate judge, any subsequent disposition by another magistrate judge without the consent of the parties is improper and must be vacated." (*Id.* at 5). In support of this proposition, he relies on precedents from the Fifth and Seventh Circuits. He also argues that the parties consented "to the jurisdiction of *the* United States Magistrate Judge," such that this language constituted consent only to the jurisdiction of the Magistrate then presiding over the case. (*Id.*).

In addition to the fact that these precedents are out of circuit, they are also clearly distinguishable from the case *sub judice*. In *Kalan v. City of St. Francis*, the parties completed a consent form that specified a particular magistrate judge by name, rather than simply including a more general reference to a magistrate judge. 274 F.3d 1150, 1151–52 (7th Cir. 2001). The Seventh Circuit held, under these facts, that consent to a particular magistrate judge by name did not constitute consent to a different magistrate judge. *Id.* at 1153–54. The *Kalan* court relied on the Fifth Circuit's earlier ruling in *Mendes Junior Int'l Co. v. M/V Sokai Maru*, 978 F.2d 920 (5th Cir.

4

1992), in reaching its decision. In *Mendes Junior*, the parties had also consented in a form specifically identifying a magistrate judge by her name. 978 F.2d at 921. In such cases, the parties' initial consent to the specific, named magistrate judges could not necessarily be inferred to provide consent to a magistrate judge in general. Here, as mentioned, the parties did not cabin their consent to "Magistrate Judge Kemp," they consented to a magistrate judge in general. Mr. Ricupero similarly grasps at straws in his argument about the distinction between the articles "the" and "a" or "an" in a consent order, in which he again cites to no authorities on point.

Accordingly, this Court has no jurisdiction to review the objections to the Magistrate Judge's orders, as this case has been referred to her for all proceedings pursuant to 28 U.S.C. § 636. Defendant should have addressed his grievances to the Sixth Circuit, rather than filing an objection. For these reasons, his objection on jurisdictional grounds is **OVERRULED** as Magistrate Judge Vascura had jurisdiction to enter the order at issue.

### III. CONCLUSION

For the foregoing reasons, Defendant's jurisdictional objection (ECF No. 117) is **OVERRULED** and this Court has no authority to consider the remaining objections.

**IT IS SO ORDERED.**

                                                        **ALGENON L. MARBLEY**
                                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 3, 2021**